IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HIGHWAY MATERIALS, INC.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **NO. 02-CV-3212** |
| | : | |
| **WHITEMARSH TOWNSHIP, et al.** | : | |
| | : | |
| **Defendants.** | : | |

### REPLY BRIEF OF PROPOSED INTERVENORS

Proposed Intervenors Donald and Trina Cohan and Paul and Barbara Henkels ("Proposed Intervenors") submit this reply brief to respond to the arguments by Plaintiff Highway Materials, Inc. ("HMI") in opposition to their motion to intervene[1].

HMI first argues that the Proposed Intervenors do not have a sufficient interest which might be impaired by this litigation to qualify them for intervention under F.R.C.P. 24(a), claiming that their interest as adjacent landowners in protecting their property values is insufficient. However, the Pennsylvania Supreme Court has long held that owners of property in the immediate vicinity of the property involved in litigation concerning land use "have the requisite interest and status to become intervenors within Pa. R.C.P. 2327(4)", which allows intervention where determination of an action may affect "any legally protected

---

[1] The Court will note that the defendants have not raised any objection to and apparently approve of the intervention requested.

interest" of the putative intervenor. *Esso Standard Oil Company v. Taylor*, 399 Pa. 324, 330, 159 A.2d 629, 696 (1960); *see also, Grant v. Zoning Hearing Board of the Township of Penn*, 776 A.2d 356 (Pa.Cmnwlth.2001). Contrary to the suggestion of HMI, under Pennsylvania law, a property owner has the right to protect against possible decrease in value of its property through intervention in land use litigation. As explained by the Pennsylvania Commonwealth Court:

> Every person has the right to the natural, proper, and profitable use of his or her land. Implicit is the right to protect one's property from harm, whether it be in the form of decreased valuation, insufficient water supply, excessive dust, noise, pollution, or some other cause.

*Larock v. Sugar Loaf Township Zoning Hearing Board,* 740 A.2d 308, 312 (Pa.Cmnwlth. 1999) (citations omitted). This legally protected and enforceable interest under Pennsylvania law unquestionably satisfies the standard of Rule 24(a) of "an interest relating to the property or transaction which is the subject of the action".

Contrary to the suggestion of HMI, the disposition of this action, may as a practical matter, impair or impede the Proposed Intervenors' ability to protect their property interests. The Proposed Intervenors have already expended time, effort and counsel fees to prevent the development proposed by HMI and a ruling by this Court that the zoning ordinance adopted by Whitemarsh Township is invalid will require them to again oppose the development requested by HMI. Similarly, a settlement by the present defendants that has the effect of reconsidering the proposed development or rescinding the zoning ordinance would require further expenditure of time and effort by the Proposed Intervenors.

HMI also argues that the Proposed Intervenors have not made a sufficient showing that their interests will not adequately represented by the present defendants. Without citing any contrary cases, HMI inexplicably misconstrues the cases cited by Proposed Intervenors in their initial brief and argues that

the Proposed Intervenors and the defendants have "consistently acted in lock-set with the interests of Punitive Intervenors" and there is "no evidence that this unity of interest will change". HMI Memorandum of Law at p. 11. HMI, however, misses the essential point that intervention will allow the Proposed Intervenors to protect their divergent interests if the defendants decide to take another approach.

Other cases beyond those initially cited have recognized the divergent interests of local government officials and landowners in allowing intervention as well as the right of adjacent landowners to intervene. In, *Town of North Atmpstead v. Village of North Hills,* 80 F.R.D. 714 (E.D.N.Y. 1978), the court rejected an argument similar to that of HMI that the municipal defendant was committed to defending its actions, noting that the adjacent landowners who intervened would pursue their economic interests and, the participation by adjacent landowners in shaping relief if the plaintiffs succeeded could be "indispensable". *Id.* at 717. In litigation by an Indian band over treaty rights for hunting and fishing which might affect adjacent landowners, the Eighth Circuit has expressly recognized both the right of landowners to protect their property values and the broader interests of the government:

> Similarly, the landowners have interests in land that may be effected by this litigation. Although the band has represented during the litigation that it does not seek to gain rights to hunt, fish, and gather on privately owned lands, the landowners expressed doubt as to whether this representation is binding. Even if the band's rights ultimately are found to apply only on public lands, the landowners' property value may be effected by the depletion of fish and game stocks. Again, these interests are narrower and more parochial interest than the sovereign interest the state asserts in protecting fish and game.

*Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 989 F.2d 994, 1001 (8th Cir. 1993).

The Eighth Circuit recognized that the narrower interests of private landowners overcame the

presumption that a governmental entity would adequately represent its citizens and this Court should as well. With respect to the HMI contention that the defendants and Proposed Intervenors have acted in tandem thus far, HMI ignores one of the essential purposes of intervention. The Proposed Intervenors' desire to participate in this litigation to ensure that the defendants continue to defend the zoning ordinance in question and prevent the proposed development by HMI. Should the defendants decide to change course, then the Proposed Intervenors will be able to protect their interests accordingly. If not permitted to participate at this stage, Proposed Intervenors might have to resort to a collateral attack on a settlement in which the defendants do change course. *See, Society Hill Civil Association v. Harris*, 632 F.2d 1045 (3d Cir. 1980).

HMI also engages in twisted and unsupportable logic to conclude that because the Proposed Intervenors' actions may be protected from liability for damages under the *Noerr-Pennington* doctrine, that they have no standing. The Proposed Intervenors have standing as adjacent landowners whose properties could be adversely affected by the outcome and need not be liable for damages under 28 U.S.C. § 1983 to intervene. *Society Hill Civil Association, supra* at 105. ("The allegation that the construction for the proposed housing will cause a substantial diminution in property values ... is sufficient to satisfy the injury in fact component of standing"). *Noerr-Pennington* immunity has nothing to do with the legal concept of standing for intervention purposes. Furthermore, intervention in legal proceedings is a protected activity under the *Noerr-Pennington* doctrine and obtaining permission to intervene in no way sheds that protection. *See, e.g., Bass Petroleum Storage, Inc. v. Market Hub Partners, L.P.*, 129 F.Supp.2d 578 (W.D.N.Y. 2000) (*Noerr-Pennington* doctrine protected defendants from liability for intervention in Federal Energy Regulatory Commission proceeding, intervention in New York Department of Environmental Conservation proceeding, and intervention in Environmental Protection Agency proceeding).

Finally, the suggestion by HMI that lawyers from the firm serving as counsel for the Proposed Intervenors should be witnesses may militate against intervention is specious. Pennsylvania Rule of Professional Conduct 3.7(b) expressly provides that: "[a] lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9 [relating to conflicts of interest]". Mr. Hirsch has entered his appearance as counsel for the Proposed Intervenors because, *inter alia*, he has had no involvement with regard to this matter in the past and he will act as trial counsel should there be any need for one of his partners to be called as a witness.

Accordingly, Proposed Intervenors respectfully request that the Court grant their motion and permit them to intervene for the purposes of rebutting the factual allegations in the complaint and opposing the equitable relief requested by HMI.

_____
Marc B. Kaplin
I.D. No. 04465
Kevan F. Hirsch
I.D. No. 37383
Kaplin Stewart Meloff Reiter & Stein, P.C.
350 Sentry Parkway, Building 640
Blue Bell, PA 19422
610-941-2535
610-260-1240 (fax)

Attorneys for Proposed Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2002, I caused a true and correct copy of the foregoing Reply Brief of Intervenors Donald and Trina Cohan and Paul and Barbara Henkels to be sent, via First Class U.S. Mail, postage prepaid, to:

Michael Sklaroff, Esquire
Walter M. Einhorn, Jr., Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Attorneys for Highway Materials, Inc.

Ross Weiss, Esquire
Cozen & O'Connor
200 Four Falls Corporate Center, Suite 400
P.O. Box 800
West Conshohocken, PA 19428-0800
Whitemarsh Township Solicitor

Harry G. Mahoney, Esquire
Deasey Mahoney & Bender, Limited
1800 JFK Boulevard, Suite 1300
Philadelphia, PA 19103
Attorneys for Whitemarsh Township

Bruce D. Lombardo, Esquire
Jonathan K. Hollin, Esquire
Powell Trachtman Logan Carrle Bowman
 and Lombardo, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Attorneys for Thomas F. Zarko

_____
Kevan F. Hirsch