**POWELL, TRACHTMAN, LOGAN, CARRLE
BOWMAN & LOMBARDO, P.C.**
By:  Jonathan K. Hollin
Attorney I.D. No. 36660
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(6l0) 354-9700

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HIGHWAY MATERIALS, INC.** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **WHITEMARSH TOWNSHIP, MONTGOMERY COUNTY, PA; THE BOARD OF SUPERVISORS OF WHITEMARSH TOWNSHIP, MONTGOMERY COUNTY, PA; ANN D. YOUNGLOVE, INDIVIDUALLY AND IN HER CAPACITY AS CHAIRMAN OF THE BOARD OF SUPERVISORS; RONALD J. DEROSA, INDIVIDUALLY AND IN HIS CAPACITY AS VICE CHAIRMAN; WILLIAM P. RIMEL, III, INDIVIDUALLY AND IN HIS CAPACITY AS SUPERVISOR; PETER B. CORNOG, INDIVIDUALLY AND IN HIS CAPACITY AS SUPERVISOR; MICHAEL A. ZEOCK, INDIVIDUALLY AND IN HIS CAPACITY AS SUPER-VISOR and THOMAS F. ZARKO, INDIVIDUALLY AND IN HIS CAPACITY AS TOWNSHIP ENGINEER** | : | NO. 02-3212 |

### *REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS*
### *OF DEFENDANT THOMAS F. ZARKO, P.E.*

**I.     INTRODUCTION**

On May 24, 2002, Plaintiff Highway Materials, Inc., ("HMI") instituted this civil rights action

pursuant to 42 U.S.C. § 1983 against Thomas Zarko, P.E. ("Zarko"), Whitemarsh Township (the

"Township"), and the individual members of its Board of Supervisors, both individually and in their respective capacities as Supervisors. Zarko was sued both "individually and in his capacity as Township Engineer" (Complaint paragraph 14). HMI alleges both substantive and procedural due process violations, as well as an equal protection violation (Complaint paragraphs 65-86).

On July 17, 2002, Zarko moved to dismiss all counts on the grounds (a) that he cannot be sued in his official capacity, which is tantamount to a suit against the Township, because the Township is a named defendant itself, (b) qualified immunity, as well as (c) plaintiff's failure to state claim for which relief can be granted.

On September 4, 2002, HMI filed a Memorandum of Law in Opposition to Zarko's Motion to Dismiss. The purpose of this Memorandum of Law is to respond to certain inaccuracies and omissions in HMI's opposition memorandum.

## II. REPLY

### A. Failure to Allege Either the Utilization of Appellate Procedure or the Inadequacy of Appellate Procedure Is Fatal to a Procedural Due Process Claim, and Procedural Irregularities are not Tantamount to a Deprivation of Procedural Due Process.

HMI misunderstands Zarko's argument in support of his motion to dismiss HMI's procedural due process claim. HMI is apparently under the impression that Zarko is arguing that it is constitutionally sufficient to provide only post-deprivation appellate procedures where pre-deprivation procedures are lacking (Plaintiff's Memorandum, page 14). HMI goes on to claim that it received no pre-deprivation procedures, that only post-deprivation procedures were available, and that, all told, this resulted in a due process violation. HMI is mistaken, and clearly does not understand the grounds for dismissal as laid out by Zarko.

Zarko does *not* take the position that the availability of only post-deprivation appellate procedure is constitutionally adequate. Zarko asserts that there were not only pre-deprivation procedures conducted for HMI's benefit, Zarko also stresses that these procedures are fully present on the face of HMI's complaint (Complaint, Paragraphs 39-69), and does not understand how HMI can state that it had no pre-deprivation due process.

More importantly, Zarko reiterates that HMI failed to take full advantage of all post-deprivation procedures available to it under the laws of Pennsylvania. The law clearly states that in order to state a valid claim for failure to provide due process, a plaintiff must first have taken advantage of the processes available to him or her, unless those processes are unavailable, or inadequate. See Alvin v. Suzuki, 227 F.3d, 107 (3d Cir. 2000). In its Memorandum, HMI never addresses Alvin v. Suzuki, which was cited by Zarko in connection with the fact that HMI failed to allege that it took advantage of all procedures which were in place (Defendant Zarko's Memorandum, page 7). As per Alvin, the failure to allege that fact should be fatal to a procedural due process claim.

Instead, HMI does a peculiar "end-run" around the issue by asserting that the portion of the procedure it utilized, which culminated in a hearing that took place before the alleged deprivation, was "no better than no hearing at all," relying on de Botton v. Marple Twp., 689 F.Supp. 477 (E.D. Pa. 1988) (Plaintiff's Memorandum, page 15). Clearly de Botton provides no support. In de Botton, the plaintiff was literally *denied any hearing* during the period of time in which a hearing was statutorily required. Altogether dissimilar than de Botton, a case to which HMI asserts the case sub judice is similar, there was a (transcribed) hearing regarding HMI's preliminary plans within the statutorily mandated time frame (Complaint, paragraphs 35-54).

As stated above, Zarko not only asserts that HMI has failed to allege that it took full advantage of the post-deprivation procedures available under Pennsylvania law, which HMI must allege in order to state a valid claim, Zarko also argues that the procedures conducted prior to the alleged deprivation were fully adequate.  HMI attempts to infer a procedural due process violation by alleging that the procedure afforded to its revised preliminary plans were contrary to the custom of the township, and "highly unusual" (Plaintiff's Memorandum, pg. 16).  HMI states that the "formal hearing" with a court reporter, at which its plan was "put on trial," was "no better than no hearing at all" (Plaintiff's Memorandum, pg. 15).  While this may be HMI's opinion as to the nature of the hearing, it misstates the law of procedural due process.  The fact is that a systematic procedure, of which HMI had notice, was fully employed at all stages.  This is certainly not the equivalent of no hearing at all.

"The standard of procedural due process is not whether the municipality deviates from established procedure, but whether it deviates from constitutionally mandated procedure."  C & M Group, Inc. v. New Britain Township, No. Civ. A. 90-4375, 1991 WL 25684 at *3 (E.D.Pa. Feb. 14, 1991), citing Eguia v. Tompkins, 756 F.2d 1130, 1139 (5th Cir. 1985).  It follows that a plaintiff must, at a minimum, allege that the process employed violates not the custom in the particular township, but the constitutional mandate itself.  HMI's complaint fails to do so.  HMI's complaint extensively outlines the procedures that were afforded to its revised (and second revised) preliminary plans (Complaint Paragraphs 39-69).  Throughout this lengthy discussion of the procedures employed, the only facts alleged to support a claim of procedural due process deprivation is that the procedures were irregular in light of the "normal and customary process in the township" (Complaint Paragraph 42).  However, as stated by C & M Group, this is insufficient to state a claim of

constitutional infirmity.  Id.  Nowhere does HMI actually allege that the procedures employed were constitutionally infirm.

Instead, HMI relies on the irregularity as grounds to infer some sort of "pretext" or "scheme" to deny approval of his plans (Complaint paragraph 60).  However, C & M Group specifically states that if a defendant is alleged to have conducted himself arbitrarily during pre-deprivation procedures, the claim might be made for substantive due process violations, but *not the failure to provide adequate procedure*.  Id.  The alleged inadequacies of procedure in this case, namely the failure of the township to "cooperate" during planning and the decision not to grant the request for a 90 day extension, are potentially framed in a substantive due process inquiry but not in a claim of procedural due process.  A procedure was extensively employed on HMI's behalf, and no allegations as to its constitutional infirmity have been made.  As such, HMI's fails to state a claim that it suffered a procedural due process deprivation, and it must be dismissed.

B.	**_There is no Constitutional Right to, nor a Property Interest in, "Cooperation" by the Township and Time Extensions to Correct Technical Deficiencies in Plans, and in His Capacity as Township Engineer, Zarko Was Never in a Position to Deprive HMI of Either._**

HMI's contention that it suffered a substantive due process violation rests upon allegations that the Township failed to conduct itself cooperatively with HMI during the planning stages of development, specifically to "meet and discuss" the plans and provide "information and guidance" (Complaint paragraph 43), as well as its failure to accord a 90-day extension to HMI so that is could correct plans that admittedly "failed to satisfy certain technical preliminary plan requirements (Complaint paragraphs 40, 46).  Zarko's Motion to Dismiss notes that HMI's complaint is deficient because HMI had no constitutional right to, or a property interest in, either the Township's

cooperation or the 90-day extension.  HMI had alleged that the defendants were improperly motivated when they did not cooperate in the planning stages and decided to refuse the request for a 90-day extension to correct HMI's plans.  HMI's Memorandum remains as deficient as its complaint, because it continues to argue that the defendants were improperly motivated to deprive HMI of things to which HMI was never constitutionally entitled in the first place.  Trying to avoid the clear implications of the complaint's failings, in its Memorandum HMI contends that it does *not* assert that cooperation and a 90-day extension are the basis for a substantive due process violation (Plaintiff's Memorandum, footnote 3, page 12-13).  If not those two things, what then is the right of which HMI has been deprived?  The alleged "spot zoning?"

If that is the case, as it pertains to changing the zoning ordinance, by the very nature of his office, Zarko is in no position to make decisions with respect to same, and HMI never alleges as much.  Therefore, HMI has failed to state a substantive due process claim as it pertains to Zarko.

C. **HMI Offers No Argument to Contradict Zarko's Assertion That the "Official Capacity" Claim Against Zarko Must be Dismissed.**

HMI has asserted no response to Zarko's Motion to Dismiss the claims against him in his "official capacity" as Township Engineer, which, as characterized, are tantamount to a claim asserted against the Township itself.  Since the Township is already a named defendant, the suit against Zarko in his official capacity is a redundancy.  HMI has provided no argument to the contrary, and the claim against Zarko in his official capacity should be dismissed.

## III. CONCLUSION

For the reasons set forth above, HMI has failed to refute the grounds for Zarko's Motion to Dismiss. Thus, with respect to Zarko, HMI has failed to state a claim pursuant to § 1983 and the claims against Zarko should be dismissed.

        *POWELL, TRACHTMAN, LOGAN, CARRLE,*
        *BOWMAN & LOMBARDO*

        By:_____
            *Jonathan K. Hollin*

*Dated: September 20, 2002*        *Attorney for Defendant Thomas F. Zarko*

**POWELL, TRACHTMAN, LOGAN, CARRLE BOWMAN & LOMBARDO, P.C.**
By: Jonathan K. Hollin
Attorney I.D. No. 36660
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(6l0) 354-9700

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HIGHWAY MATERIALS, INC.** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **WHITEMARSH TOWNSHIP, MONTGOMERY COUNTY, PA; THE BOARD OF SUPERVISORS OF WHITEMARSH TOWNSHIP, MONTGOMERY COUNTY, PA; ANN D. YOUNGLOVE, INDIVIDUALLY AND IN HER CAPACITY AS CHAIRMAN OF THE BOARD OF SUPERVISORS; RONALD J. DEROSA, INDIVIDUALLY AND IN HIS CAPACITY AS VICE CHAIRMAN; WILLIAM P. RIMEL, III, INDIVIDUALLY AND IN HIS CAPACITY AS SUPERVISOR; PETER B. CORNOG, INDIVIDUALLY AND IN HIS CAPACITY AS SUPERVISOR; MICHAEL A. ZEOCK, INDIVIDUALLY AND IN HIS CAPACITY AS SUPERVISOR and THOMAS F. ZARKO, INDIVIDUALLY AND IN HIS CAPACITY AS TOWNSHIP ENGINEER** | : : : : : : : : : : : : : : : | NO. 02-3212 |

***CERTIFICATE OF SERVICE***

      I, Jonathan K. Hollin, Esquire, counsel for Thomas F. Zarko, P.E., certify that a true and correct copy of the foregoing Reply Memorandum of Law in Support of Motion to Dismiss of Defendant Thomas F. Zarko, P.E. was forwarded to the Court and to opposing counsel by U.S. Mail, postage prepaid, to the addresses below:

|  |  |
|---|---|
| Michael Sklaroff, Esquire<br>Ballard Spahr Andrews & Ingersoll<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103 | Harry G. Mahoney, Esquire<br>Deasey, Mahoney & Bender, Ltd.<br>1800 John F. Kennedy Boulevard, Suite 1300<br>Philadelphia, PA 19103 |

***POWELL, TRACHTMAN, LOGAN, CARRLE,
BOWMAN & LOMBARDO, P.C.***

Dated: September 20, 2002        By: _____
                                                          Jonathan K. Hollin, Esquire