IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HIGHWAY MATERIALS, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **WHITEMARSH TOWNSHIP,** | : | |
| **MONTGOMERY COUNTY, PA; THE BOARD** | : | |
| **OF SUPERVISORS OF WHITEMARSH** | : | |
| **TOWNSHIP, MONTGOMERY COUNTY, PA;** | : | |
| **ANN D. YOUNGLOVE, INDIVIDUALLY** | : | |
| **AND IN HER CAPACITY AS CHAIRMAN** | : | CIVIL ACTION |
| **OF THE BOARD OF SUPERVISORS;** | : | |
| **RONALD J. DEROSA, INDIVIDUALLY AND** | : | NO. 02-CV-3212 |
| **IN HIS CAPACITY AS SUPERVISOR;** | : | |
| **PETER B. CORNOG, INDIVIDUALLY AND** | : | |
| **IN HIS CAPACITY AS SUPERVISOR;** | : | |
| **MICHAEL A. ZEOCK, INDIVIDUALLY AND** | : | |
| **IN HIS CAPACITY AS SUPERVISOR;** | : | |
| **THOMAS F. ZARKO, INDIVIDUALLY AND** | : | |
| **IN HIS CAPACITY AS TOWNSHIP** | : | |
| **ENGINEER,** | : | |
| | : | |
| **Defendants.** | : | |

### ANSWER OF INTERVENORS DONALD AND TRINA COHAN AND PAUL AND BARBARA HENKELS TO COMPLAINT

Intervenors Donald and Trina Cohan and Paul and Barbara Henkels (collectively "Intervenors"), by their attorneys, hereby respond to the allegations in the Complaint, according to the numbered paragraphs thereof, as follows:

## NATURE OF THE ACTION

1. Admit in part and deny in part. Intervenors admit only that this is a civil rights action by Highway Materials, Inc. ("HMI") as owner of a tract of land in Whitemarsh Township against the Township, its Board of Supervisors and the Township Engineer. The remainder of the allegations contained in paragraph 1 are denied.

## JURISDICTION AND VENUE

2.-4. The allegations contained in paragraphs 2-4 constitute conclusions of law to which no response is required.

## THE PARTIES

5.-14. Admit on information and belief.

## FACTUAL BACKGROUND

**The HMI Property**

15.-17. Admit on information and belief.

18. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 and therefore, deny them.

**Development Plans Spawn Political Turmoil**

19. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 and therefore, deny them.

20. Admit.

21. Admit in part and deny in part. Intervenors admit the allegations contained in paragraph

21, except that they deny the allegations that owners were planning to put properties to "productive" use and that the principal goal of the Whitemarsh Township Residents Association ("WTRA") was and is to "oppose proposed development". The goal of the WTRA was and is to present the views and protect the rights of its members.

22. Admit in part and deny in part. Intervenors admit only that WRTA members expressed public opposition to the proposed development of Parcel 1 and deny the remainder of the allegations contained in paragraph 22.

23. Admit in part and deny in part. Intervenors admit only that the law firm of Kaplin Stewart Meloff Reiter & Stein, P.C. ("KSMRS") was retained and deny the remainder of the allegations contained in paragraph 23.

24. Admit in part and deny in part. Intervenors admit only that KSMRS, as it had a right to do on behalf of its clients, sent a memorandum of law to the Township Solicitor, made public statements encouraging the Supervisors to deny HMI's plans, submitted a draft ordinance and offered to assist with potential litigation. Intervenors deny the characterizations of these acts and the remainder of the allegations contained in paragraph 23. By way of further response, any and all actions by KSMRS were proper and appropriate, consistent with and in furtherance of its duty of zealous advocacy, and taken in pursuit of its clients' rights, including their First Amendment rights to exercise freedom of speech and to petition the government.

25. Admit in part and deny in part. Intervenors admit only that Peter Cornog and Michael Zeock were duly elected as Supervisors. The remainder of the allegations contained in paragraph 25 are denied.

**Supervisors Improperly Rezone the Property**

26. Admit in part and deny in part. Intervenors admit only that a petition for rezoning was submitted to the Township in July of 2001 and deny the characterization thereof. The petition speaks for itself.

27. Admit in part and deny in part. Intervenors admit only that the petition included a draft ordinance. The remainder of the allegations contained in paragraph 27 are denied as constituting conclusions of law to which no response is required.

28. Admit.

29. Deny.

30. Admit.

31. Admit in part and deny in part. Intervenors specifically deny the characterizations that the Board acted in "retaliation" and abandoned an allegedly promised "process" and admit the remainder of the allegations contained in paragraph 31.

32. Admit in part and deny in part. Intervenors admit only that on October 18, 2001, the Board enacted Proposed Ordinances 2001-8, 2001-9, 2001-10 and 2001-11, which speak for themselves, and deny the remainder of the allegations contained in paragraph 32.

33. Admit in part and deny in part. Intervenors admit only that Simone Jaffe Collins was selected to perform a land use planning study for the central area of the Township and deny the remainder of the allegations contained in paragraph 33.

34. Admit in part and deny in part. Intervenors admit only that the Rezoning related only to the Property and nearby land zoned for industrial uses was not impacted because the Property was the only land where extraction was taking place. Intervenors deny the remainder of the allegations contained in

paragraph 34.

35. Admit in part and deny in part. Intervenors admit only that a land use study was not completed prior to the Rezoning and that the Comprehension Plan designated the Property for heavy industrial uses and deny the remainder of the allegations contained in paragraph 35.

36. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 and therefore, deny them.

37. Deny.

38. Admit in part and deny in part. Intervenors admit only that the Rezoning was reenacted at the February 28, 2002 meeting to cure a technical defect and before a land use study and deny the remainder of the allegations contained in paragraph 38.

**Defendants Frustrate The Plan Review Process**

39. Deny.

40. Deny.

41. Deny.

42. Admit in part and deny in part. Intervenors admit only that there is a general duty of the Township to cooperate with landowners and that, in many respects, preliminary plans are not required to show the same level of detail as final approved plans. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 42 and therefore, deny them. By way of further answer, HMI failed to comply with its duty to cooperate by, *inter alia*, threatening the Township with high density development, delayed submission of inadequate plans, eleventh hour submission of inadequate plans to attempt to "vest" rights, and including plans to develop Holes 2 and 3, which could not be implemented for many years.

43.     Deny. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 and therefore, deny them.

44.     Deny. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 44 and therefore, deny them.

45.     Admit.

46.     Admit in part and deny in part. Intervenors admit only that counsel for HMI sent a letter to the Township dated March 12, 2002 proposing a formal extension and deny the remainder of the allegations contained in paragraph 46.

**The Planning Commission Denies Approval**

47.     Deny. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 and therefore, deny them.

48.     Deny. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 and therefore, deny them.

49.     Admit in part and deny in part. Intervenors admit only that Planning Commission recommended denial of the preliminary plans on March 19, 2002, and deny the remainder of the allegations contained in paragraph 49.

**Supervisors Put the Plans "On Trial"**

50.  Admit in part and deny in part. Intervenors admit only that defendant Zarko sent a letter dated March 21, 2002 to counsel for HMI. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 50 and therefore, deny them.

51.  Admit in part and deny in part. Intervenors admit only that counsel for HMI made a presentation at the March 21, 2002 meeting and no questions were posed to him by the Supervisors. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 51 and therefore, deny them

52.  Admit in part and deny in part. Intervenors admit only that sworn testimony was taken at the March 21, 2002 meeting. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 50 and therefore, deny them.

53.  After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53 and therefore, deny them.

54.  Admit in part and deny in part. Intervenors admit only that the Board unanimously passed Resolution 2002-17. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 54 and therefore, deny them.

55.  After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55 and therefore, deny them.

56.  Deny.

57. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 57 and therefore, deny them.

58. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58 and therefore, deny them.

59. After reasonable investigation, Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59 and therefore, deny them.

60. Deny.

61. The allegations contained in paragraph 61 constitute conclusions of law to which no response is required.

62. Deny.

63. Deny.

64. Admit in part and deny in part. Intervenors admit the allegations contained in paragraph 64 except that they deny that each Supervisor knew or should have known of any violation of HMI's "clearly established rights" as no such violation occurred.

## CLAIMS UNDER 42 U.S.C. §1983

### COUNT I

### DENIAL OF SUBSTANTIVE DUE PROCESS

65. Intervenors incorporate their responses to paragraphs 1 through 64 as if fully set forth.

66.-75. The allegations contained in paragraphs 66-75 are directed to the liability of the defendants and are therefore beyond the scope of intervention permitted by the Court as Intervenors are not defendants and cannot be held liable in this proceeding. Therefore, Intervenors deny the factual allegations

contained in these paragraphs consistent with their responses to paragraphs 1-64.

## COUNT II

### DENIAL OF PROCEDURAL DUE PROCESS

76.     Intervenors incorporate their responses to paragraphs 1 through 75 as if fully set forth

77.-83. The allegations contained in paragraphs 77-83 are directed to the liability of the defendants and are therefore beyond the scope of intervention permitted by the Court as Intervenors are not defendants and cannot be held liable in this proceeding. Therefore, Intervenors deny the factual allegations contained in these paragraphs consistent with their responses to paragraphs 1-64.

## COUNT III

### DENIAL OF EQUAL PROTECTION

84.     Intervenors incorporate their responses to paragraphs 1 through 83 as if fully set forth

85.-86. The allegations contained in paragraphs 85-86 are directed to the liability of the defendants and are therefore beyond the scope of intervention permitted by the Court as Intervenors are not defendants and cannot be held liable in this proceeding. Therefore, Intervenors deny the factual allegations contained in these paragraphs consistent with their responses to paragraphs 1-64.

WHEREFORE, Intervenors respectfully request the Court to deny the equitable relief requested by Plaintiff in the form of an order reversing the Rezoning and an order demanding that the Board engage in further review of the Preliminary Plans.

### FIRST AFFIRMATIVE DEFENSE

The Rezoning was valid and proper legislative action reasonably related to the Township's public

health, safety, morals and general welfare and was duly enacted as such by the Supervisors.

## SECOND AFFIRMATIVE DEFENSE

The Rezoning was properly enacted because, *inter alia*, the traffic, noise and other consequences of the proposed development by HMI would substantially diminish the property values and quality of life of Intervenors and other neighboring land owners.

## THIRD AFFIRMATIVE DEFENSE

The development plans submitted by HMI were properly rejected by the Township because they did not comply with the relevant laws and ordinances.

## FOURTH AFFIRMATIVE DEFENSE

In rejecting the proposed plans of HMI and enacting the Rezoning, the Supervisors were properly motivated by the goal of protecting the community from the adverse impacts of the proposed development.

## FIFTH AFFIRMATIVE DEFENSE

HMI comes before the Court with unclean hands.

                         Kevan F. Hirsch
                         I.D. No. 37383
                         Kaplin Stewart Meloff Reiter & Stein, P.C.
                         350 Sentry Parkway, Building 640
                         Blue Bell, PA 19422
                         610-941-2535
                         610-260-1240 (fax)
                         Attorneys for Defendants
                         Donald and Trina Cohan and Paul and Barbara Henkels