UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC.          :
                                 :  CIVIL ACTION NO. 02-cv-3212
        v.                       :
                                 :
WHITEMARSH TOWNSHIP, MONTGOMERY  :
COUNTY, PA, et al.               :

DEFENDANTS WHITEMARSH TOWNSHIP, THE BOARD OF SUPERVISORS
OF WHITEMARSH TOWNSHIP, ANN D. YOUNGLOVE,
RONALD J. DEROSA, WILLIAM P. RIMEL, PETER P. CORNOG
AND MICHAEL A. ZEOCK'S ANSWER TO COMPLAINT
<u>WITH AFFIRMATIVE DEFENSES</u>

Answering Defendants, Whitemarsh Township (hereinafter sometimes referred to as "Whitemarsh" or "the Township"), the Board of Supervisors of Whitemarsh Township (hereinafter referred to as "the Board"), Ann D. Younglove, Ronald J. Derosa, William P. Rimel, Peter P. Cornog and Michael A. Zeock, herewith answer Plaintiff Highway Materials, Inc.'s Complaint and sets forth affirmative defenses thereto as follows:

1.     Admitted in part, denied in part. Answering Defendants admit that HMI has brought a civil rights action and that it is the owner of a 309 acre tract of land in the Township. The remainder of the factual averments of paragraph 1 of the Complaint are denied. The remaining averments of paragraph 1 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

2-4.     The averments in paragraphs 2 through 4 of Plaintiff's Complaint relating to jurisdiction and venue are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

5-12.   Admitted.

13.   Admitted in part, denied in part. Answering Defendants admit that Defendants Younglove, Derosa, Rimel, Cornog and Zeock are the five current Township Supervisors. The remainder of the averments of paragraph 13 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

14.   Admitted in part, denied in part. Answering Defendants admit that Defendant Zarko is an individual whose business address is CKS Engineers, Inc. at 88 South Main Street, Doylestown, Pennsylvania. The remainder of the averments of paragraph 14 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

15.   Admitted.

16.   Admitted in part, denied in part. Answering Defendants deny that the quarry hole on Parcel 1 was completely filled in. On the contrary, the quarry hole was only partially filled in and was not "closed" to pre-construction conditions at the time the second revised plans were submitted to the Township. Answering Defendants admit the remainder of the averments of paragraph 16 of the Complaint.

17.   Admitted in part, denied in part. Answering Defendants admit that most of the property had been zoned HVY-X Industrial with the two exceptions noted. Answering Defendants deny that the HVY-X Industrial zoning permitted virtually any use of the property, except residential use or retail sales. The Zoning Ordinance speaks for itself. As to the remainder of the averments of paragraph 17 of the Complaint, after reasonable investigation, Answering Defendants are without

knowledge or information sufficient to form a belief as to the truth of those averments and they are, accordingly, denied and strict proof of same is demanded at the time of trial.

18. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the Complaint and they are, accordingly, denied and strict proof of same is demanded at the time of trial.

19. Admitted in part, denied part. Answering Defendants admit that Plaintiff HMI, through its representatives, initiated discussions with Township officials concerning development of parcel 1. As to the remainder of the factual averments of paragraph 19 of the Complaint, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments and they are, accordingly, denied and strict proof of same is demanded at the time of trial.

20. Admitted in part, denied in part. Answering Defendants admit that HMI submitted a sketch plan to the Township which generally called for a mixed office/residential use. As to the remainder of the factual averments of paragraph 20 of the Complaint, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments and they are, accordingly, denied and strict proof of same is demanded at the time of trial.

21. Admitted in part, denied in part. Answering Defendants admit that the Whitemarsh Township Residents Association (WTRA) was formed. As to the remainder of the factual averments of paragraph 21 of the Complaint, after reasonable investigation, Answering Defendants are without

knowledge or information sufficient to form a belief as to the truth of those averments and they are, accordingly, denied and strict proof of same is demanded at the time of trial.

22. Admitted in part, denied in part. Answering Defendants admit that the WTRA expressed opposition to HMI's land development plan for Parcel 1. As to the remainder of the factual averments of paragraph 22 of the Complaint, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments and they are, accordingly, denied and strict proof of same is demanded at the time of trial.

23. Denied. Answering Defendants deny that the Kaplin firm, including Marc Kaplin, prevailed upon the Board of Supervisors to use the zoning and development approval process to stop as-of-right development of the property. As to the remainder of the factual averments of paragraph 23 of the Complaint, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments and they are, accordingly, denied and strict proof of same is demanded at the time of trial.

24. Admitted in part, denied in part. Answering Defendants admit only that the law firm of Kaplin, Stewart, Meloff, Reiter & Stein, P.C. submitted a memorandum of law to the Township's solicitor. The remainder of the averments of paragraph 24 of the Complaint are denied.

25. Admitted in part, denied in part. Answering Defendants admit that two Supervisor seats were up for election in the November 2001 general election. Answering Defendants deny that Defendants Cornog and Zeock campaigned on promises to stop development in the Township, including development of the property. On the contrary, both Defendants Cornog and Zeock campaigned on the promise of responsible development within the Township. Answering Defendants further admit that Defendants Cornog and Zeock were elected to the position of

Supervisor in the November 2001 general election. As to the remainder of the factual averments of paragraph 25 of the Complaint, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments and they are, accordingly, denied and strict proof of same is demanded at the time of trial.

26. Admitted in part, denied in part. Answering Defendants admit that a petition for Amendment to the Zoning Ordinance was submitted to the Township in July, 2001. The petition speaks for itself and Answering Defendants deny Plaintiff's characterization of the petition. Answering Defendants deny that the petition was submitted on behalf of the WTRA. Rather, it was submitted solely on behalf of Cohan, but petitions signed by residents who supported Cohan's petition were also submitted.

27. Admitted in part, denied in part. Answering Defendants admit that the petition included a draft ordinance. Answering Defendants deny the remainder of the factual averments of paragraph 27 of the Complaint. As to the remainder of the averments of paragraph 27 of the Complaint, said averments are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

28. Admitted in part, denied in part. Answering Defendants deny that the petition was submitted on behalf of the WTRA. On the contrary, said petition was submitted solely on behalf of Cohan. Answering Defendants admit the remainder of the averments of paragraph 28 of the Complaint.

29. Denied as stated. The minutes of the public meeting, as a writing, speaks for itself.

30. Admitted in part, denied in part. Answering Defendants admit that on September 10, 2001, Plaintiff filed preliminary land development plans for a project to be known as "Creekside Commons" with the Township. Answering Defendants further admit that the plans called for 500,000 square feet of offices. Answering Defendants deny the remainder of the averments of paragraph 30 of the Complaint.

31. Admitted in part, denied in part. Answering Defendants admit that, at the regularly scheduled Board of Supervisors meeting on September 20, 2001, it authorized advertising of a proposed rezoning of the property. Answering Defendants deny the remainder of the averments of paragraph 31 of the Complaint.

32. Admitted in part, denied in part. Answering Defendants admit that the Board, at its regularly scheduled meeting on October 18, 2001, enacted an ordinance which rezoned the property to a new zoning designation known as EX-Extraction District. Answering Defendants deny the remainder of the averments of paragraph 32 of the Complaint.

33. Admitted in part, denied in part. Answering Defendants admit that on October 18, 2001 at a regularly scheduled meeting of the Board of Supervisors that the Board authorized retaining the firm of Simone Jaffe Collins to conduct a land use study of the property. Answering Defendants deny the remainder of the averments of paragraph 33 of the Complaint.

34. Admitted in part, denied in part. Answering Defendants admit that the land adjacent to the property was not rezoned. Answering Defendants deny the remainder of the averments of paragraph 34 of the Complaint.

35. Admitted in part, denied in part. Answering Defendants admit that a land use study was not completed prior to the rezoning and that the Comprehensive Plan designated the property

for heavy, industrial uses. Answering Defendants deny the remainder of the averments of paragraph 35 of the Complaint.

36.     Admitted in part, denied in part. Answering Defendants admit that a draft of the updated Comprehensive Plan which was reviewed and reported by the Planning Commission in June, 2001 recommended a portion of the property be designated for light industrial and office park development. Answering Defendants deny that either the draft of the updated Comprehensive Plan or the Planning Commission proposed that Parcel 1 be designated for light industrial and office park development.

37.     Denied.

38.     Admitted in part, denied in part. Answering Defendants admit that the Board of Supervisors, at a regularly scheduled meeting on February 28, 2002, enacted an ordinance to change the zoning of the property to EX-Extraction District. Answering Defendants further admit that the land use study was not yet completed. Answering the Defendants deny the remainder of the averments of paragraph 38 of the Complaint.

39.     Admitted in part, denied in part. Answering Defendants admit that HMI was entitled to have its application for land development which was submitted prior to the rezoning evaluated under the HVY-X Industrial zoning regulations. Answering Defendants deny the remainder of the averments of paragraph 39 of the Complaint.

40.     Admitted in part, denied in part. Answering Defendants admit that the preliminary plan requirements are set forth in the Township ordinances. Answering Defendants deny the remainder of the averments of paragraph 40 of the Complaint.

41. Denied. Answering Defendants deny the factual averments of paragraph 41 of the Complaint. As to the remainder of the averments of paragraph 41 of the Complaint, said averments are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

42. Denied. The Township procedures are contained in the Township Ordinances, which are writings and speak for themselves. As to the remainder of the averments of paragraph 42 of the Complaint, said averments are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

43. Denied.

44. Admitted in part, denied in part. Answering Defendants admit that HMI requested that the Township state a preference for sanitary sewer. It is denied that the Township had any preference or was legally obligated to state that it had a preference.

45. Admitted in part, denied in part. Answering Defendants admit that the Township Manager sent a letter to HMI advising that the Township Planning Commission would review HMI's preliminary plan application and further that the Board would act upon the application at its meeting on March 21, 2002. Answering Defendants deny the remainder of the averments of paragraph 45 of the Complaint.

46. Denied as stated. Mr. Garrity's letter speaks for itself. Answering Defendants further deny that the Township did not respond to Mr. Garrity's offer on behalf of the Plaintiff to an extension of time in which to act on Plaintiff's preliminary plan application. On the contrary, at the

public hearing on March 21, 2002, the Board formally acted on the offered extension by not accepting it.

47. Admitted in part, denied in part. Answering Defendants admit that engineer Woodrow filed second revised preliminary plans on March 19, 2002. As to the remainder of the averments of paragraph 47 of the Complaint, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments and they are, accordingly, denied and strict proof of same is demanded at the time of trial.

48. Admitted in part, denied in part. Answering Defendants admit that the Township directed engineer Woodrow to deliver a copy of the plans to Defendant Zarko and that Mr. Woodrow complied. Answering Defendants deny the remainder of the factual averments of paragraph 48 of the Complaint. As to the remainder of the averments of paragraph 48 of the Complaint, said averments are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

49. Admitted in part, denied in part. Answering Defendants admit that the Planning Commission met on March 19, 2002 and recommended that the revised preliminary plans of Plaintiff be denied. Answering Defendants deny the remainder of the averments of paragraph 49 of the Complaint.

50. Admitted in part, denied in part. Answering Defendants admit that Defendant Zarko faxed his review letter on March 21, 2002. Answering Defendants deny the remainder of the averments of paragraph 50 of the Complaint.

51. Admitted in part, denied in part. Answering Defendants admit that Mr. Garrity was afforded all the time he required at the public hearing. As the notes of testimony from the hearing reflect, Mr. Garrity chose not to address the merits of the revised preliminary plan or its deficiencies and non-compliance with Township ordinances. Rather, Mr. Garrity chose to criticize the Board, the public hearing and the Board's decision not to accept an offer of extension of time in which to act on the revised preliminary plans. Answering Defendants further admit that a court reporter was present. Answering Defendants deny the remainder of the averments of paragraph 51 of the Complaint.

52. Admitted in part, denied in part. Answering Defendants admit that they took testimony from two individuals, Defendant Zarko and Lawrence Gregan, the Township Manager. Answering Defendants further admit that Mr. Garrity, on behalf of the Plaintiff, had ample opportunity and did in fact question these individuals at the public hearing. Answering Defendants deny the remainder of the averments of paragraph 52 of the Complaint.

53. Denied.

54. Admitted in part, denied in part. Answering Defendants admit that the Board voted unanimously to reject the revised preliminary plans submitted by the Plaintiff. Answering Defendants deny the remainder of the averments of 54 of the Complaint.

55. Admitted in part, denied in part. Answering Defendants admit that the denial resolution was based, in large part, on Defendant Zarko's review letter which listed all the deficiencies and non-compliances with Township ordinances. Answering Defendants deny the remainder of the averments of 55 of the Complaint.

56. The averments of paragraph 56 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

57. The averments of paragraph 57 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

58. Admitted in part, denied in part. Answering Defendants admit that it denied Plaintiff's second revised plans, in part, because of lack of input from the Montgomery County Conservation District. Answering Defendants deny the remainder of the averments of paragraph 58 of the Complaint.

59. Denied.

60. Denied.

61. The averments of paragraph 61 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

62. Denied.

63. Answering Defendants deny the factual averments of paragraph 63 of the Complaint. As to the remainder of the averments of paragraph 63 of the Complaint, said averments are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

64. Admitted in part, denied in part. Answering Defendants deny that Defendants Rimel, Cornog and Zeock participated in the enactment of the ordinance on October 18, 2001 which rezoned the property to EX-Extraction District. Answering Defendants further deny that Defendant Rimel participated in the enactment of the Ordinance on February 28, 2002. Answering Defendants further deny that each Defendant Supervisor knew or reasonably should have known that his or her conduct violated HMI's clearly established rights. On the contrary, said actions did not violate any of HMI's clearly established rights. Answering Defendants admit the remainder of the averments of paragraph 64 of the Complaint.

## COUNT I

65. Answering Defendants incorporate by reference paragraphs 1 through 64 of their Answer as if the same were set forth at length.

66. The averments of paragraph 66 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

67. The averments of paragraph 67 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

68. The averments of paragraph 68 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

69. Denied. Answering Defendants deny that each Defendant knew or reasonably should have known that his conduct violated HMI's clearly established rights. On the contrary, said Defendants' conduct did not violate any of HMI's clearly established rights.

70. The averments of paragraph 70 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

71. The averments of paragraph 71 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

72. The averments of paragraph 72 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

73. Denied. Answering Defendants deny that HMI's preliminary plan application represented an as-of-right development. As to the remainder of the averments of paragraph 73 of the Complaint, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments and they are, accordingly, denied and strict proof of same is demanded at the time of trial.

74. The averments of paragraph 74 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

75. The averments of paragraph 75 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

## COUNT II

76. Answering Defendants incorporate by reference paragraphs 1 through 75 of their Answer as if the same were set forth at length.

77. The averments of paragraph 77 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

78. The averments of paragraph 78 of the Complaint are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

79. Denied.

80. Admitted in part, denied in part. Answering Defendants admit that Plaintiff offered an extension of time to the 90 day review period. Answering Defendants deny the remainder of the averments of paragraph 80 of the Complaint.

81. Answering Defendants deny the factual averments of paragraph 81 of the Complaint. As to the remainder of the averments of paragraph 81 of the Complaint, said averments are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

82. Answering Defendants deny the factual averments of paragraph 82 of the Complaint. As to the remainder of the averments of paragraph 82 of the Complaint, said averments are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

83. Answering Defendants deny the factual averments of paragraph 83 of the Complaint. As to the remainder of the averments of paragraph 83 of the Complaint, said averments are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

## COUNT III

84. Answering Defendants incorporate by reference paragraphs 1 through 83 of their Answer as if the same were set forth at length.

85. Denied.

86. Answering Defendants deny the factual averments of paragraph 86 of the Complaint. As to the remainder of the averments of paragraph 86 of the Complaint, said averments are conclusions of law to which no responsive pleading is required. In the event that a responsive pleading is required, Answering Defendants deny the same and demand strict proof thereof at the time of trial.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against Answering Defendants for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred and/or limited by the Doctrine of Qualified Immunity with Respect to Government Officials Performing Their Discretionary Functions.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred and/or limited by the individual defendants' qualified immunity from liability as said defendants were acting in an objectively reasonable manner in the good faith fulfillment of their responsibilities at all times relevant hereto.

## FOURTH AFFIRMATIVE DEFENSE

The rights which Plaintiff claims to have been violated were not clearly established, constitutional or federal statutory rights of the Plaintiff and, therefore, Plaintiff's Complaint fails to state a cause of action against Answering Defendants for which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendants, at all times relevant hereto, had a reasonably objective belief that their actions were not in violation of any clearly established constitutional or federal statutory rights of the Plaintiff and said individual defendants are therefore entitled to qualified, good faith immunity from the claims of Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by Defendants' absolute immunity from liability as said Defendants were acting in their legislative capacities.

## SEVENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's causes of action herein.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants further assert any immunities from suit under the civil rights laws asserted in the Plaintiff's Complaint to which they may be entitled.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part inasmuch as Answering Defendants are entitled to immunity.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part inasmuch as Answering Defendants' conduct is protected by privilege.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against the municipal defendant and the individual defendants acting in their official capacities is not permitted, as a matter of law, and therefore, Plaintiff's claim for punitive damages against those defendants is barred.

### DEMAND FOR JURY TRIAL

Defendants Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. Derosa, William P. Rimel, Peter P. Cornog and Michael A. Zeock hereby demand a trial by a jury of 12 members.

WHEREFORE, Defendants Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. Derosa, William P. Rimel, Peter P. Cornog and Michael A. Zeock pray that Plaintiff's Complaint be dismissed with prejudice.

DEASEY, MAHONEY & BENDER, LTD.


BY:_____
HARRY G. MAHONEY, ESQUIRE
MICHAEL L. BARBIERO, ESQUIRE
Attorneys for Defendants, Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. Derosa, William P. Rimel, Peter P. Cornog and Michael A. Zeock

Attorney I.D. Nos. 19609/82933
Suite 1300
1800 John F. Kennedy Boulevard
Philadelphia, PA 19103-2978
(215) 587-9400
(215) 587-9456 - fax
245.20872

Date:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC.          :
                                 :   CIVIL ACTION NO. 02-cv-3212
    v.                           :
                                 :
WHITEMARSH TOWNSHIP, MONTGOMERY  :
COUNTY, PA, et al.               :

CERTIFICATE OF SERVICE

I, Harry G. Mahoney, Esquire, hereby certify that a true and correct copy of Defendants Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. Derosa, William P. Rimel, Peter P. Cornog and Michael A. Zeock's Answer to Complaint with Affirmative Defenses was served this date, by first-class mail, on all counsel of record addressed as follows:

> Walter M. Einhorn, Jr., Esquire
> Ballard, Spahr, Andrews & Ingersoll, LLP
> 1735 Market Street, 51st Floor
> Philadelphia, PA 19103
>
> Jonathan K. Hollin, Esquire
> Powell, Trachtman, Logan, Carrle,
> Bowman & Lombardo, P.C.
> 475 Allendale Road
> Suite 200
> King of Prussia, PA 19406
>
> Kevan F. Hirsch, Esquire
> Kaplin, Stewart, Meloff, Reiter & Stein, P.C.
> 350 Sentry Parkway
> Building 640
> Blue Bell, PA 19422

Date: _____        _____
                                    HARRY G. MAHONEY, ESQUIRE