IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC., : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO. 02-3212 |
| WHITEMARSH TOWNSHIP, et al., : | |
| Defendants. : | |

## ORDER

AND NOW, this ____ day of _____, 2003, it is hereby ORDERED that Plaintiff Highway Materials, Inc.'s Motion For Leave to File A Reply Memorandum in Support of Its Motion to Compel Answers to Questions Propounded During Depositions on Oral Examination is GRANTED.

_____
Robert Kelly, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 02-3212 |
| WHITEMARSH TOWNSHIP, et al., | : |
| Defendants. | : |

## MOTION OF HIGHWAY MATERIALS, INC. FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL ANSWERS TO QUESTIONS PROPOUNDED DURING DEPOSITIONS ON ORAL EXAMINATION

Plaintiff Highway Materials, Inc. ("HMI") hereby requests leave to file the attached four (4) page Reply Memorandum in support of its Motion to Compel Answers to Questions Propounded During Depositions on Oral Examination. In their Opposition to HMI's Motion, the Defendants introduced issues beyond those in HMI's original motion. HMI believes that the Defendants' positions are incorrect and wishes to reply to them. Accordingly, HMI requests that the Court grant leave to file the attached Reply Memorandum.

Respectfully submitted,

*[signature]*

Michael Sklaroff
Walter M. Einhorn, Jr.
Arleigh P. Helfer III
Corey Field
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
Attorneys for Plaintiff
Highway Materials

Dated: May 19, 2003

PHL_A #1754447 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC.,

    Plaintiff,

v.

WHITEMARSH TOWNSHIP, et al.,

    Defendants.

CIVIL ACTION NO. 02-3212

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF PLAINTIFF
HIGHWAY MATERIALS, INC. TO COMPEL ANSWERS
TO QUESTIONS PROPOUNDED DURING
DEPOSITIONS ON ORAL EXAMINATION**

Highway Materials, Inc. ("HMI") respectfully submits this memorandum in reply to Defendants' opposition to its Motion to Compel Answers to Questions Propounded During Depositions on Oral Examination (the "Motion" or "Motion to Compel").

## ARGUMENT

As an initial matter, Defendants curiously and incorrectly rely on Pennsylvania's statutory attorney-client privilege and decisions of Pennsylvania state courts in their opposition to HMI's Motion. The Court's subject matter jurisdiction in this case is based solely on the existence of federal questions, not on diversity of citizenship.[1] It is a fundamental principle that federal common law—not state law—defines the applicable evidentiary privileges in federal question cases. *See* Fed. R. Evid. 501 (stating that the "privilege of a . . . government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the court of the United States in the light of reason and experience"); *see also*

---

[1] HMI's Complaint states causes of action under 42 U.S.C. Section 1983 for Defendants' violations of its substantive and procedural due process and equal protection rights.

*Pearson v. Miller*, 211 F.3d 57, 65-66 (3d Cir. 2000) (observing that federal privileges apply to federal law claims); *Melhorn v. New Jersey Transit Rail Operations, Inc.*, 203 F.R.D. 176, 178 (E.D. Pa. 2001) ("Under Fed.R.Evid. 501, the federal common law of privilege applies to federal question cases."); *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131, 134 (E.D. Pa. 2001) (observing that federal privileges apply to federal law claims). Therefore, Defendants' reliance on the Pennsylvania statutory attorney-client privilege and the decisions of Pennsylvania state courts to define the contours of the applicable privilege is wholly misplaced.

In addition, Defendants simply seem to miss the point of what the attorney-client privilege protects. As Defendants concede, the privilege "does not protect against the disclosure of 'peripheral' facts of the communication" and that "the occasion and circumstances of any communications and actual circumstances of the attorney-client relationship remain discoverable." (Defendants' Opp'n. Mem., p. 13.) Given this statement, it is hard to understand why Defendants instructed the witnesses not to answer the questions at issue, because these questions only delved into the areas Defendants concede "remain discoverable."

For example, in light of one defendant's testimony that the township solicitor plays a role in the rezoning process in Whitemarsh Township, HMI asked, "Did Mr. Weiss [the township solicitor] play a role in the rezoning of the DePaul Property?" (Rimel Dep. at 30:6-7, attached to HMI's Motion to Compel as Exh. A.) This question cannot conceivably be construed as inquiring into the contents of any attorney-client communication. Similarly, the fact of whether the Defendants sought legal advice in connection with the rezoning of HMI's property or its plan submission, the subject of other questions in dispute, likewise does not seek either directly or by implication the actual contents of any communication with counsel (*i.e.*, the questions at issue are not tantamount to asking the witness, "What did you say or write to the

attorney?"). Rather, these are questions concerning the facts of legal consultation, which, according to a federal decision cited both by HMI and Defendants, are not privileged.[2] *See Valenti v. Allstate Ins. Co.*, 243 F. Supp. 2d 200, 218 (M.D. Pa. 2003) ("In general, the facts of legal consultation . . . are not deemed privileged.").[3]

Indeed, Defendants' only point in this regard is the bare conclusion that the answers to HMI's questions are "inextricably intertwined with the substance and contents of confidential communications between attorney and client." (Defendants' Opp'n Mem., p. 14.) However, Defendants never explain what this statement means, much less how a question like "Did you seek legal advice?" requires the disclosure of <u>any</u> attorney client communications. Defendants have not demonstrated—indeed, cannot demonstrate—that the answers to any of the questions at issue here would reveal the contents of privileged communications. As a result, Defendants, as the party asserting the privilege, have failed to carry their burden to justify its application. *See Dombrowski v. Bell Atlantic Corp.*, 128 F. Supp. 2d 216, 218 (E.D. Pa. 2000) ("The burden of proof is always on the party asserting the privilege.").

---

[2]  Notably, Defendants do not dispute HMI's assertion that the answers to these questions are directly relevant to the material issue of whether the Defendants acted in an arbitrary and capricious manner in rezoning HMI's property and denying its development plans. (*See* HMI Mem. in Support of Mot. to Compel, p. 9.)

[3]  In addition, the now familiar "privilege log" requirement of Federal Rule of Civil Procedure 26(b)(5) itself makes clear that the fact that a party seeks legal advice or consults with an attorney in specific instances, and the general subject matter of the communications, opposed to their actual contents, is not privileged; rather, such information must be disclosed to enable the other parties, and the court, to assess the applicability of the claimed privilege. *See Blumenthal v. Drudge*, 186 F.R.D. 236, 242-43 (D.D.C. 1999) (holding that under the Federal Rules of Civil Procedure, a party withholding information concerning communications on a claim of attorney-client privilege "at least must describe the parties to the communications, the dates on which the communications occurred and their general subject matter" and requiring party to identify all communications, including those with counsel, concerning the defamatory information at issue in the case).

## CONCLUSION

For the reasons stated above and in HMI's Motion to Compel, the relief requested in HMI's Motion to Compel should be granted.

Respectfully submitted,

*/s/ Arleigh P. Helfer III*

Michael Sklaroff
Walter M. Einhorn, Jr.
Arleigh P. Helfer III
Corey Field
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Dated: May 19, 2003

Attorneys for Plaintiff
Highway Materials

## CERTIFICATE OF SERVICE

I, Arleigh P. Helfer III, Esquire, hereby certify that on May 19, 2003, I served copies of the foregoing Motion Of Highway Materials, Inc. For Leave To File A Reply Memorandum In Support Of Its Motion To Compel Answers To Questions Propounded During Depositions On Oral Examination upon the following individuals in the manner stated below:

By Hand Delivery:

Harry G. Mahoney, Esquire
Deasey Mahoney & Bender Ltd.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA  19103-2978

By U.S. Mail, first class delivery:

Kevan F. Hirsch, Esquire
Kaplin Stewart Meloff Reiter & Stein, P.C.
350 Sentry Parkway, Building 640
Blue Bell, PA 19422

_____
Arleigh P. Helfer III