IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 02-3212 |
| WHITEMARSH TOWNSHIP, MONTGOMERY COUNTY, PA, et al., | : |
| Defendants. | : |

## ORDER

AND NOW, this           day of                   , 2003, it is hereby ORDERED that the Motion of Plaintiff Highway Materials, Inc. for Additional Time to Complete the Deposition of Defendant Thomas F. Zarko is GRANTED.  IT IS FURTHER ORDERED that Mr. Zarko shall be produced for a further period of oral deposition not to exceed six hours.

_____
Kelly, J.

PHL_A #1778422 v2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 02-3212 |
| WHITEMARSH TOWNSHIP, MONTGOMERY COUNTY, PA, et al., | : |
| Defendants. | : |

## MOTION OF PLAINTIFF HIGHWAY MATERIALS, INC. FOR ADDITIONAL TIME TO COMPLETE THE DEPOSITION OF <u>DEFENDANT THOMAS F. ZARKO</u>

Plaintiff Highway Materials, Inc., through its undersigned counsel, hereby moves the Court pursuant to Federal Rules of Civil Procedure 30(d)(2) and 26(b)(2) for an Order granting additional time to complete the deposition of defendant Thomas F. Zarko. The reasons in support of this Motion are more fully set forth in the attached Memorandum of Law, which is incorporated herein by reference.

Respectfully submitted,

*/s/ Arleigh P. Helfer III*

Michael Sklaroff
Walter M. Einhorn, Jr.
Arleigh P. Helfer III
Corey Field
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Highway Materials, Inc.

Dated: August 7, 2003

PHL_A #1778422 v2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 02-3212 |
| WHITEMARSH TOWNSHIP, MONTGOMERY COUNTY, PA, et al., | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFF HIGHWAY MATERIALS, INC. FOR ADDITIONAL TIME TO COMPLETE THE DEPOSITION OF DEFENDANT THOMAS F. ZARKO**

I.   INTRODUCTION

This case involves an unlawful and unconstitutional scheme to deny the land development plans of Highway Materials Inc. ("HMI") by defendants, including Whitemarsh Township, its Board of Supervisors, and Township Engineer Thomas F. Zarko. For the reasons described below, it was not possible to complete the deposition of Mr. Zarko, a central figure in the case, in the one seven-hour session allowed by Federal Rule of Civil Procedure 30(d)(2). However, because HMI requires approximately six more hours to complete a "fair examination" of Mr. Zarko pursuant to Rule 30(d)(2), HMI requests that the Court grant this additional time to complete the deposition.

II.   FACTS

Plaintiff HMI brought this case pursuant to 42 U.S.C. § 1983, alleging violations of its substantive and procedural due process and equal protection rights at the hands of the defendants, including Mr. Zarko. The defendants in this action, Whitemarsh Township (the "Township") and various of its officials and staff, including Township Engineer Zarko, systematically and improperly implemented a scheme that singled out HMI and deprived it of its

PHL_A #1778422 v2

constitutionally protected rights to develop its property in the Township. In the main, this scheme consisted of two steps: 1) an improper rezoning of HMI's property, and 2) a perversion of the customary land development and plan review process in the Township in order to thwart the plans HMI had submitted prior to the rezoning.

Township Engineer Zarko played an instrumental and central role in this scheme and is accordingly a crucial witness in this case. Numerous material facts in this case revolve around his actions and inactions, including his technically detailed review letters purporting to describe defects in the land development plans HMI submitted to the defendants for approval. Furthermore, Mr. Zarko's knowledge concerning the land development process in the Township and his customary practices and role in the land development process in the Township are highly relevant to HMI's claim that it was denied equal protection.

For instance, Mr. Zarko prepared a letter on March 21, 2002 reviewing HMI's plans and identifying no fewer than 58 alleged deficiencies (the "Review Letter"). It is undisputed that the Review Letter formed the basis of the resolution passed by the Board of Supervisors denying HMI's plans; indeed, the resolution is taken virtually verbatim from the Review Letter. (Copies of the Review Letter and denial resolution are attached hereto as Exhibit A and B, respectively.) Mr. Zarko even admitted that he sent the Review Letter to the Township Manager in electronic form so it could easily be incorporated in the resolution that would deny HMI's plans. (Zarko Dep., p. 189; a copy of the Zarko deposition transcript is attached hereto as Exhibit C.)

Moreover, it is important to note that virtually all of the Supervisors testified that they did no investigation of their own to determine whether HMI's plans were deficient. To the contrary, they testified that they relied totally upon Mr. Zarko. Putting aside the question of

whether such an abdication of responsibility by the Supervisors was appropriate given the drastic consequences of denying HMI's plans, this testimony surely places Mr. Zarko's actions under even greater scrutiny.

And some of his reasons for denying HMI's plans certainly do not withstand scrutiny. For example, in 2000, Mr. Zarko recommended that the Board of Supervisors reject HMI's request for a waiver from the Township's storm water management ordinance based upon Mr. Zarko's assertion that HMI could place a detention basin on a part of the property and therefore did not require a waiver. However, when HMI submitted its preliminary plans (in 2001) showing a detention basin in the very location suggested by Mr. Zarko in 2000, Mr. Zarko found the plans deficient because in his opinion the zoning did not permit a pond in that location. (Review Letter ¶ 1.a.) There are many other examples that will be presented to the Court at a more appropriate time, but such actions certainly underscore the importance of Mr. Zarko's testimony.

Having been Township Engineer since 1989, Mr. Zarko is also familiar with how land development plans are ordinarily treated in the Township. Therefore, his testimony sheds light on just how differently the Township treated HMI. Indeed, Mr. Zarko testified that he was instructed by the Township Solicitor to deviate from his normal practices in several instances. (Zarko Dep., p. 118.)

Because of the broad scope of Township Engineer Zarko's role in the land development process in the Township and the role his review letter and other actions played in the scheme to deny HMI's land development plans, it was not possible for HMI to complete a fair examination of him in the deposition session HMI conducted on June 18, 2003. At present, HMI has been able to cover areas concerning Mr. Zarko's typical role in the land development

and zoning process in the Township, including his understanding of that process; certain details concerning his involvement in the development process with respect to other properties in the Township; and certain details concerning his review of HMI's land development plan submissions. At the time the deposition adjourned, however, HMI had not completed its questioning of Mr. Zarko about the Review Letter, a critical document in this case.

Under the circumstances of this litigation and in particular in light of the importance of Mr. Zarko's testimony, HMI believes that approximately four to six hours are needed to complete a full and fair examination of Township Engineer Zarko. It is important to note that HMI is only asking for a relatively short period of extra time; this is not a case, for instance, where the witness is being asked to return for several days.[1]

### III. ARGUMENT

Under the facts and circumstances of this case, good cause exists to allow HMI to continue and complete a full and fair examination of Mr. Zarko. Not only is he an essential component of the land development process in the Township, but, as discussed above, he generated a Review Letter that was the basis of the Township's denial of HMI's land development plans. He may well be the most important witness in the case. Furthermore, Mr. Zarko's own conduct at the deposition hindered and impeded the progress of the examination.

#### A. Legal Standard

Under Federal Rule of Civil Procedure 30(d)(2), a deposition is presumptively limited to one day of seven hours unless "otherwise authorized by the court or stipulated by the

---

[1] HMI has not made a practice of taking long depositions in this matter. HMI has deposed nine other individuals who are either defendants or had dealings with defendants with respect to HMI's land development plans and the land development process in the Township. None of those depositions even approached the seven hour limit.

parties." The purpose of this limitation is ostensibly to prevent interminable depositions and abuse of witnesses. Miller v. Waseca Med. Ctr., 205 F.R.D. 537, 538 (D. Minn. 2002). However, the rules are clear that additional time must be given where appropriate: "[the] court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Fed. R. Civ. P. 30(d)(2) (emphasis added); see also Miller, 205 F.R.D. at 538.

There is scant decisional law addressing the recently amended provisions of Rule 30(d)(2), which took effect in December of 2000. However, the Advisory Committee's Notes to the December 2000 amendment of Rule 30(d)(2) state that a "party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." In addition to contemplating a "good cause" standard, the Advisory Committee's Notes set forth a variety of factors that courts might consider when extending the time for a deposition. Fed. R. Civ. P. 30(d)(2) Advisory Committee Notes. Those factors include whether numerous or lengthy documents will be the subject of examination and whether the deponent, or anyone else, has hindered or delayed the examination. Id.; see also Canal Barge Co. v. Commonwealth Edison Co., No. 98 C 0509, 2001 WL 817853 (N.D. Ill. July 19, 2001) (noting that additional time was warranted where a number of documents would be subjects of examination at the deposition).

B.  **Good Cause Exists Requiring Additional Time to Permit a Fair Examination of Mr. Zarko**

Here, good cause exists warranting additional time to complete a full and fair examination of Mr. Zarko. Mr. Zarko's knowledge and testimony is of tremendous significance to HMI's claims because of his central role and experience in land development matters in the Township. Not only did he generate detailed documents of a technical nature that require

thorough examination, but he himself hindered the progress of the examination by refusing to answer direct questions unambiguously.

### 1. In the Circumstances of this Case, Mr. Zarko's Review Letter Requires Thorough Examination of the Witness

During the course of the deposition, counsel for HMI examined Mr. Zarko on several relevant background factual matters pertaining to the customary procedures for review of land development plans in the Township, including the manner in which HMI's plans and the plans of other developers were reviewed; which members of the Township staff instructed and assisted Mr. Zarko in his review of HMI's plans and how those instructions differed from the normal course of review; and other matters such as the contact Mr. Zarko had with representatives of HMI. After this information was obtained, HMI began to depose Mr. Zarko in detail concerning the fifty-eight reasons set forth in Mr. Zarko's March 21, 2002 review letter which formed the putative basis for denial of HMI's plans. This detailed examination, while undeniably relevant and important, takes time to complete in a thorough fashion.

There can be no question the Review Letter is a lengthy and detailed document containing fifty-eight purported defects in HMI's plan submission. Each of these points must be compared against the SALDO and the zoning ordinance and the facts surrounding HMI's preliminary plan submission and the review process. Examination on this document is particularly critical because it formed the basis of the denial resolution and contained numerous bogus reasons for denial.

In short, it would be unreasonable to expect HMI to complete a "full and fair examination" of Mr. Zarko with the time allotted by Rule 30(d)(2). Mr. Zarko's extensive experience with land development applications in the Township and his critical role in the scheme to deprive HMI of its constitutional rights warrants additional time. It should also be

noted that the minimal additional time requested herein does not unfairly prejudice Mr. Zarko or anyone else. He lives in the Philadelphia area. Moreover, HMI is not seeking days and days of additional testimony, just 4 to 6 additional hours. Accordingly, the Court permit additional time.

### 2. The Witness Delayed and Impeded the Examination

At the June 18 deposition, the proceedings were delayed by Mr. Zarko's refusal to answer "yes" or "no" questions with "yes" or "no" answers, consuming considerable additional time as counsel for HMI had to re-ask and re-phrase questions, as well as fend off objections and instructions not to answer from opposing counsel, in search of unambiguous, responsive, and non-narrative answers. See, e.g., Miller, 205 F.R.D. at 541 (granting additional time where evasive answers required the inquiring party to ask a number of additional questions "in their reasonable quest to obtain an unambiguous answer to the questions"). HMI encountered considerable delay in certain portions of the deposition because of Mr. Zarko's evasive answers:

> Q: So turning back to P-37, your opinion is that this plan in this state as reflected by your review letter of March 11th, 2002 would not have been approvable, correct?
>
> A: I think I answered that like three times already.
>
> Q: Is the answer yes?
>
> A: What I said the last three times was that there were items in the first part of the review letter that we recommended be resolved. They didn't have to be finally resolved before it would go to the Board of Supervisors for consideration. Preliminary information could be submitted. If that was acceptable, then we would recommend to the Board the plan be scheduled for consideration.
>
> Q: See, that's why I have to ask you sometimes several times, Mr. Zarko, because you're not answering my questions.
>
> MR. MAHONEY: Excuse me. With all –
>
> BY MR. EINHORN:
>
> Q: My question –

MR. MAHONEY: Excuse me. With all due respect, that comment was uncalled for. He's answered your question three times. He told you that. You don't have to criticize the way he's answering your questions. And I'd appreciate it if you showed the witness a little courtesy.

MR. EINHORN: Hank, I've shown the witness lots of courtesy.

MR. MAHONEY: And I'd appreciate if you'd extend that courtesy through the conclusion of this deposition because that comment was uncalled for.

MR. EINHORN: The comment was not uncalled for. I need an answer to the question, not what the witness wants to answer.

BY MR. EINHORN:

Q: That's what I'm trying to make clear to you, Mr. Zarko.

I'm asking you looking at P-37 whether in your opinion this plan as it stood as of this point, was this plan approvable or not?

A: I've already answered that question and I can't answer it any other fashion.

Q: Well, you answered for Mr. Weiss [the Township Solicitor] yes or no. Why is it you can't answer my question yes or no?

MR. MAHONEY: Excuse me. You are arguing with the witness now. He's answered it three or four times. I'm going to instruct him not to answer it if you ask him again.

MR. EINHORN: I am asking a simple yes or no question, exactly the same one.

BY MR. EINHORN:

Q: Just so the record clear, I'm asking the exact same question with respect to this letter in this particular plan as Mr. Weiss asked you on March 21st, 2002.

Is this plan P-37 approvable or not? That's the question. In your opinion, approvable or not?

A: I've answered the question.

Q: You're not going to tell me yes or no?

A: I've answered the question.

Q: I don't think you have.

MR. MAHONEY: Excuse me.

BY MR. EINHORN:

Q: Can you give me a yes or no answer?

MR. MAHONEY: Objection. Instruct the witness not to answer.

BY MR. EINHORN:

Q: Sir, you understand today that I'm here to ask you questions? We went through that in the beginning, correct?

A: Yes.

Q: All I'm asking is I'll give you the courtesy of listening to your answers until you're done, but I wish you would give me the courtesy of answering the questions that I'm asking.

A: And I think I'm doing that today.

Q: I think the record will be clear with respect to that one, sir, that you didn't.

Let's move on.

MR. MAHONEY: With all due respect, I think he did answer the question.

BY MR. EINHORN:

Q: Turning to Page 39, sir –

MR. MAHONEY: Off the record for one second (whereupon a discussion was held off the record.)

BY MR. EINHORN:

Q: Again, sir, this is a major land development, the Cricket Club Satellite Clubhouse, March 26, 2002.

Now, I'll ask you the same question that Mr. Weiss asked you on March 21st. In your opinion, was this plan approvable at this stage?

A: We would recommend – we would have recommended that Item 1 under Preliminary Plan Approval Requirements be resolved before this would be scheduled for consideration of approval by the Board.

Q: Now, do you see why that doesn't – let's try it again. If you could answer this question yes or no like you did with Mr. Weiss, that would be greatly appreciated.

At this stage on this plan, in your opinion, is this an approvable plan?

MR. MAHONEY: Just let me interject here because you did qualify it by saying if it could be answered by a yes or no and I think he's telling you that it can't be.

MR. EINHORN: Please don't coach him like that.

BY MR. EINHORN:

Q: Can you answer that question yes or no like you did with Mr. Weiss?

A: I believe I've given you the answer to the question.

Q: So you're refusing to answer these questions yes or no?

A: I just answered your question.

Q: If we have to go to the judge and bring you back, Mr. Zarko, I'll do that but I don't want to. This is a straightforward question just like the one Mr. Weiss asked you.

Is this an approvable plan on P-39 or not? Can you answer it yes or no?

MR. MAHONEY: The threat of bringing you back through a judge's order is just his comment. Answer the best way you can.

MR. EINHORN: I agree with that. It's just my comment.

THE WITNESS: As I said earlier, based on this letter, we would have recommended that this item Number 1 be resolved by the applicant before it was scheduled for consideration of approval by the Board.

BY MR. EINHORN:

> Q: Let me ask you this: Are you able to answer my question yes or no or not?
>
> A: I just answered your question.
>
> Q: Can you answer it with a yes or no or not?
>
> If you can't answer yes or no, that's fine, Mr. Zarko. Just tell me that and we'll move on. But if you can answer it yes or not, I'd like to hear a yes or no.
>
> A: Repeat the question please.
>
> Q: Referring to P-39, the plan for this Cricket Club Satellite Clubhouse as it stood on this date in your review letter, in your opinion, is this an approvable plan?
>
> A: With the outstanding deficiencies outlined in this letter, no.
>
> Q: Thank you.

(Zarko Dep. at 136:14-143:20.)  (See also Zarko Dep. at 286:3-289:18.)

HMI is entitled to unambiguous answers to its questions.  Mr. Zarko's refusal to answer questions calling for "yes" or "no" answers with direct, responsive answers delayed the deposition and warrants additional time to complete the examination.  See Miller, 204 F.R.D. at 541 (noting that a witness' tendency to provide narrative answers to "yes" or "no" questions is a significant reason to award additional time).

## IV. CONCLUSION

For the reasons set forth above, HMI requests that the Court enter an Order granting HMI six additional hours to complete the deposition of defendant Thomas F. Zarko.

> Respectfully submitted,
>
> _____
> Michael Sklaroff
> Walter M. Einhorn, Jr.
> Arleigh P. Helfer III
> Corey Field
> BALLARD SPAHR ANDREWS & INGERSOLL, LLP
> 1735 Market Street, 51st Floor
> Philadelphia, PA 19103
> (215) 665-8500
>
> Attorneys for Plaintiff
> Highway Materials, Inc.

Dated: August 7, 2003

## CERTIFICATE OF SERVICE

I, Arleigh P. Helfer III, Esquire, hereby certify that on August 7, 2003, I served copies of the foregoing Motion of Plaintiff Highway Materials, Inc. for Additional Time to Complete the Deposition of Defendant Thomas F. Zarko upon the following individuals as noted below:

> By hand:
>
> Harry G. Mahoney, Esquire
> Deasey Mahoney & Bender Ltd.
> 1800 John F. Kennedy Boulevard, Suite 1300
> Philadelphia, PA  19103-2978

_____
Arleigh P. Helfer III

PHL_A #1778422 v2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC., :
:
Plaintiff, :
:
v. : CIVIL ACTION NO. 02-3212
:
WHITEMARSH TOWNSHIP, :
MONTGOMERY COUNTY, PA, et al., :
:
Defendants. :
:

## CERTIFICATION PURSUANT TO
## LOCAL RULE 26.1(f)

Pursuant to Local Rule 26.1(f), the undersigned hereby certifies that after reasonable effort, as set forth in the accompanying motion, the parties have been unable to resolve this dispute.

Dated: August 7, 2003

_____
Arleigh P. Helfer III, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Highway Materials, Inc.

PHL_A #1778422 v2