UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC. : | |
| : | CIVIL ACTION NO. 02-cv-3212 |
| v. : | |
| : | |
| WHITEMARSH TOWNSHIP, MONTGOMERY : | |
| COUNTY, PA, et al. : | |

**ORDER**

AND NOW, this          day of                   , 2003, upon consideration of Defendants' Response to Motion of Plaintiff Highway Materials, Inc. for Additional Time to Complete the Deposition of Defendant Thomas F. Zarko, it is hereby

**ORDERED**

that the Motion is **DENIED**.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC. | : |
| | :     CIVIL ACTION NO. 02-cv-3212 |
| v. | : |
| | : |
| WHITEMARSH TOWNSHIP, MONTGOMERY COUNTY, PA, et al. | : |
| | : |

**DEFENDANTS' RESPONSE TO MOTION OF PLAINTIFF
HIGHWAY MATERIALS, INC. FOR ADDITIONAL TIME TO
COMPLETE THE DEPOSITION OF DEFENDANT THOMAS F. ZARKO**

     Defendants, Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. DeRosa, William P. Rimel, Peter P. Cornog, Michael A. Zeock and Thomas F. Zarko (hereinafter, "Defendants"), herewith answer the Motion of Plaintiff Highway Materials, Inc. for Additional Time to Complete the Deposition of Defendant Thomas F. Zarko. For the reasons set forth in the attached Memorandum of Law, which is incorporated herein by reference, Answering Defendants respectfully request that Plaintiff's Motion be denied.

                                                 DEASEY, MAHONEY & BENDER, LTD.


                                            BY:_____
                                                HARRY G. MAHONEY, ESQUIRE
                                                MICHAEL L. BARBIERO, ESQUIRE
                                                CRAIG M. STRAW, ESQUIRE
                                                Attorneys for Defendants, Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. DeRosa, William P. Rimel, Peter P. Cornog, Michael A. Zeock and Thomas F. Zarko

                                                Attorney I.D. Nos. 19609/82933/78212
                                                Suite 1300
                                                1800 John F. Kennedy Boulevard
                                                Philadelphia, PA 19103-2978
                                                (215) 587-9400

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC.            :
                                   :   CIVIL ACTION NO. 02-cv-3212
    v.                             :
                                   :
WHITEMARSH TOWNSHIP, MONTGOMERY    :
COUNTY, PA, et al.                 :

### DEFENDANTS' MEMORANDUM OF LAW CONTRA TO MOTION OF PLAINTIFF HIGHWAY MATERIALS, INC. FOR ADDITIONAL TIME TO COMPLETE THE DEPOSITION OF DEFENDANT THOMAS F. ZARKO

**I.   INTRODUCTION**

On June 18, 2003, Defendant Thomas F. Zarko ("Zarko") appeared for and fully cooperated and participated in his deposition, noticed by counsel for Plaintiff, Highway Materials, Inc.'s ("HMI"). On the day of the deposition, Mr. Zarko was in attendance for approximately eight and one half hours, with approximately seven hours and ten minutes of that time being the taking of his testimony. Counsel for Defendant Zarko ("Defense counsel") informed counsel for HMI on several occasions that his questioning was repetitive and that the deposition was nearing the seven hour limit permitted by the Federal Rules of Civil Procedure. Despite the efforts by Defense counsel, counsel for HMI insisted on expending large portions of deposition time to argumentative and repetitive questioning of Mr. Zarko.

Mr. Zarko was subjected to a full day of questioning by HMI's counsel, which was more than enough time to ask all relevant questions and necessary follow-up questions. Subjecting Mr. Zarko to an additional day of questioning by HMI would prove to be wasteful, annoying, oppressive and unduly burdensome to Mr. Zarko and in contravention of Rule 30 of the Federal Rules of Civil Procedure, which specifically limits a deposition to "one day of seven hours." Fed.R.Civ.P. 30(d)(2). At the conclusion of Mr. Zarko's testimony on June 18, 2003, Defense counsel offered to produce

him for one additional hour to complete the deposition, which would, in total, subject Mr. Zarko to eight hours and ten minutes of questioning, well in excess of the amount of time set forth in Rule 30(d)(2). Plaintiff's counsel rejected this offer.

## II.   FACTS

Plaintiff, HMI, brought this action pursuant to 42 U.S.C. Section 1983, alleging various violations of its due process and equal protection rights in connection with HMI's application for preliminary plan approval of a 54 acre parcel of ground located in Whitemarsh Township. HMI operates a quarry which consists of three separate quarry holes. Quarry hole number one has been filled in and HMI sought Township approval for a 500,000 square foot office complex. HMI's application for preliminary plan approval was denied by resolution passed at the Board of Supervisors public meeting on March 21, 2002. At an earlier meeting, on February 28, 2002, the Board of Supervisors adopted ordinances creating a new zoning district and rezoning HMI's property.

Thomas Zarko is a licensed professional engineer with CKS Engineering located in Doylestown, Pennsylvania. He has been the township engineer for Whitemarsh Township for many years. The duties of the township engineer include, but are not limited to, the following: review of subdivision and land development applications, construction management inspection of public improvements constructed in conjunction with land development, in addition to administrative responsibilities. (Zarko Dep. p. 23, Attached hereto as Exhibit "A"). As the township engineer for Whitemarsh Township, Zarko was responsible for reviewing HMI's land development plans, which were subsequently denied because of numerous items of non-compliance with Township ordinances.

In addition to HMI's allegations in its Complaint regarding the denial of the land development plans, HMI asserts that the HMI property was improperly rezoned.

During his deposition, Mr. Zarko denied any significant involvement in the rezoning of HMI's property or in the rezoning process generally for the Township. Despite Zarko's repeated denials regarding any involvement in the rezoning process, counsel for HMI, dissatisfied and in disagreement with Zarko's responses, repeatedly questioned Zarko at length about his participation or role in the rezoning process. Specific examples of this type of repetitive questioning by counsel for HMI concerning Zarko's role in the rezoning process follow:

> BY MR. EINHORN:
>
> Q. Now, you'll understand that in this case in 2001 the DePaul properties were rezoned. Do you remember that?
>
> A. Yes.
> ...
>
> Q. Now, did you have any role in that process?
>
> A. In the process of the rezoning?
>
> Q. Yes.
>
> A. I had no input in the decision, did not make that decision. My office prepared the legal description for the properties and we reviewed – or I reviewed the proposed ordinance to make sure it was not inconsistent with other sections of the zoning ordinance.
> (Zarko Dep. pp. 87-88)
> ...
>
> Q. As someone who's involved in the land development process, you have no idea as to whether or not this was – Mr. Gregan says a comprehensive and thoughtful process for evaluating future zoning considerations.
>
> A. This is a land use issue, not a land development issue.

Q. So you have –.

A. I have no opinion on this.
(Zarko Dep. p. 89).
...

Q. And your testimony is you were looking at it solely to see if it was consistent with the rest of the zoning code?

A. That's correct.
(Zarko Dep. p. 91).
...

Q. When you were at this meeting, were you surprised that the Board was voting to advertise the rezoning ordinance when they still had Requests for Proposals out for the land use study?

A. I really didn't have any reaction to it.

Q. No reaction whatsoever?

A. No.
(Zarko Dep. p. 96).
...

Q. You are aware that that land use study was to look at the DePaul and KYW properties; right?

A. I wasn't involved in that.

Q. Were you aware of that? Do you know that to be a fact?

A. I'm not sure of the scope of that study.

Q. Have you had any input in that study?

A. No, I did not.
(Zarko Dep. p. 98).
...

Q. Have you been asked by the Township to participate in that study?

> A. No, I have not.
>
> Q. So no input whatsoever?
>
> A. No.
>
> Q. Now, on this day where the Township votes to rezone the DePaul properties and then order staff to negotiate a contract with Simone, Jaffe and Collins, did you have any reaction to that?
>
> A. No, I did not.
>
> Q. Do you recall any discussions with anybody about whether it was prudent to first rezone and then hire a land use planner to study zoning options?
>
> A. I wasn't involved with this.
>
> Q. Now when you were asked to review the neighbors' ordinance for consistency, did you have any reaction to the substance of the ordinance?
> A. Not that I can recall.
>
> Q. Didn't think to yourself, oh, this is a good idea, this is a bad idea? Anything like that?
>
> A. No.
>
> Q. No recollection of any reaction whatsoever?
>
> A. No.
> (Zarko Dep. pp. 98-99).
> ...
>
> Q. Do you have any understanding why the supervisors rezoned the properties on October 18th, 2001 as opposed to any other date?
>
> A. That was the Board's decision. I have no idea.
>
> Q. You weren't present for any discussions about the timing of the rezoning?
>
> A. No.

> Q. Isn't it true that the rezoning was a result of Mr. DePaul having filed plans on the property?
>
> A. I don't know the answer to that.
>
> Q. Don't recall any discussions about that?
>
> A. No, I do not.
>
> Q. Don't recall receiving any memos or anything like that discussing filing or proceeding with the rezoning in light of the filing of the plans?
>
> A. Not that I can recall.
> (Zarko Dep. p. 105).

In addition to the repetitive and argumentative nature of the questions pertaining to the rezoning process (which Mr. Zarko explained early on was limited to (a) drafting a legal description of the properties being rezoned and (b) reviewing the existing zoning ordinance to be sure there were no inconsistencies between it and the new zoning district), counsel for HMI engaged in similar questioning in other subject areas throughout the deposition. For example, although Mr. Zarko was not involved in accepting or not accepting offered extensions of time to act on the preliminary plan application, Plaintiff's counsel spent an inordinate amount of time questioning, requestioning and arguing with Mr. Zarko about this issue:

> BY MR. EINHORN:
>
> Q. What's your understanding of this extension of time?
> ...
>
> A. My understanding is that this would grant an extension of time for the Board to take action on the plans from 90 days from receipt of a revised set of plans, but it continues on to say that plans have to e submitted within a year of the date of this letter.
> ...

Q.      And then it says, at such time as we are prepared to proceed with the existing plan or any revised plans subsequently filed, we will notify the Township in writing of such desire and the Township will have 90 days from that notice or receipt of new revised plans in which to act upon plan.

Now, I guess I'm trying to get your understanding of this and that is do you agree with me that if there is no notice to the Township that the developer wants the plan to be acted upon and there is no revised plan filed that the Township would have an unlimited time to act upon the plans?

A.      I didn't author this letter and you're asking me to comment on something that I did not author. It's my understanding what this is meant to do is to grant an extension fo 90 days from the point of filing revised plans. These matters are handled by the assistance manager. I'm not involved in these matters.

Q.      So you're telling me that as Township engineer who received this form numerous times that you don't have an opinion about what this form means?

MR. MAHONEY:    Objection. He just explained to you what he thought it meant.

BY MR. EINHORN:

Q.      Then you don't believe that the part of this form about the notification of such desire to proceed with the existing plan, that's not part of your understanding?

A.      My review of the letter does not indicate that this is an indefinite extension of time.

Q.      And why not?

A.      I explained it to you.

Q.      I didn't understand.

A.      Well, then I don't understand your question.

>   Q. I'm asking you. You just said to me you do not see an indefinite extension of time in this letter and I'm asking you why you say that.
>
>   A. Because it says if within one year of the date of this letter we have not submitted a revised plan and the Township has not taken formal action on the last plan submitted, we withdraw the application.
>
>   Q. Well, that sentence doesn't have anything to do with when the Township has to act.
>
>   MR. MAHONEY:  Excuse me. You're starting to argue with the witness. Ask him a question.
>
>   Q. Will you agree with me that that last sentence doesn't have anything to do with the Township having to act on anything? It simply says that the landowner would agree to withdraw the application within a year if they haven't submitted revised plans and the Township hasn't taken formal action.
>
>   A. I don't agree.
>   (Zarko Dep. pp. 58-62).

The deposition of Zarko commenced at 10:10 a.m. and concluded at 6:35 p.m. (See, Coverpage of Zarko Dep. and Zarko Dep., p. 320). The parties did take a lunch break of approximately one hour and several short breaks, approximately 5 - 10 minutes each. (Zarko, Dep. pp. 68, 107, 157). In conformance with Rule 30(d)(2), HMI deposed Zarko for a period of time in excess of seven hours as acknowledged by counsel for HMI. (Zarko Dep., p. 309). Based on a review of Zarko's deposition, it is apparent that counsel for HMI had ample opportunity to conduct a full and complete deposition of Zarko on June 18, 2003. However, due to the repetitive and argumentative nature of the questioning, which was solely within the control of counsel for HMI,

he now seeks the assistance of this Court in circumventing the time limitations imposed by Rule 30(d)(2), of which counsel for HMI was well aware during the deposition of Zarko.[1]

### III. LEGAL STANDARDS

The Federal Rules of Civil Procedure permit parties to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "While the scope of discovery allowed under Rule 26 is broad, it is not without its limits. Connecticut Indemnity Co. v. Markman, Civ. No. 93-700, 1993 WL 452104 *1 (E.D. Pa. Oct. 28, 1993). Furthermore, "the limits of discovery rest within the sound discretion of the trial court." Id., citing, McClain v. Mack Trucks, Inc., 85 F.R.D. 53, 57 (E.D. Pa. 1979).

The waste of time and energy, which has unfortunately become the hallmark of depositions, is a concern of all litigants and courts. The burdens associated with indefinite and interminable depositions have long been recognized. To combat such burdens, Rule 30 to the Federal Rules of Civil Procedure was amended effective December 1, 2000. Rule 30 provides:

> "Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to **one day of seven hours**. The court must allow additional time consistent with rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstances, impedes or delays the examination." Fed.R.Civ.P. 30(d)(2) (emphasis supplied).

Both policy reasons and an implicit acknowledgment of the abuses that were occurring in depositions led to the adoption of this amendment. Rule 30(d)(2) sets forth a two-fold durational limitation on depositions: (1) deposition is limited to one day and (2) deposition is limited to seven hours. In

---

[1] In response to HMI's assertion that "none of those [previous] depositions even approached the seven hour limit," the deposition of William Rimel exceeded five hours, while the depositions of Ronald DeRosa and Ann Younglove lasted approximately four hours each.

conformance with Rule 30(d)(2), HMI had a full and complete opportunity to depose Zarko on June 18, 2003 for a period of time in excess of seven hours.

Pursuant to the Advisory Committee's Note on the 2000 Amendment to Rule 30, the reason for placing a durational limitation of "one day of seven hours" was to prevent overlong depositions, which can result in undue costs and delays in some circumstances. Fed. R. Civ. P. 30(d)(2) advisory committee's note (2000).  In addition, the Advisory Committee's Note states that "party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Id.  Thus, the burden is placed upon HMI to show that additional time is needed for a fair examination of Zarko.

The Advisory Committee's Note sets forth several factors that may be considered when parties are requesting and courts are asked to extend the duration of depositions.

> "…In cases in which the witness will be questioned about numerous and lengthy documents, it is often desirable for the interrogating party to send copies of the documents to witness sufficiently in advance of deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit....
>
> In addition, if the deponent or another person impedes or delays the examination, the court must authorize extra time."

Id.; *see also* Federal Civil Judicial Procedure and Rules, 2000 Supplement, pp. 14-15; Federal Practice and Procedure, Section 2104.1, pp. 19647-9.   Based on the recent enactment of the amended Rule 30(d)(2), there is limited decisional law addressing its application, interpretation and enforcement.  Miller v. Waseca Medical Center, 205 F.R.D. 537 (D.C. Minn. 2002)(The court granted additional time to complete depositions, wherein witnesses possessed information that was

material to the case of other witnesses in a multi-party suit and witnesses offered to provide deposition testimony as an alternative to providing responses to written discovery); <u>Cardenas v. Prudential Insurance Co.</u>, 2003 WL 21302960 (D. Minn.)(Plaintiffs are denied additional time to complete deposition based on plaintiffs' failure to show good cause that documents were not previously available and that any new documents are reasonably calculated to lead to the discovery of admissible evidence.);<u>Dunkin' Donuts Inc. v. Mary's Donuts, Inc.</u>, 206 F.R.D. 518, (S.D. Fla. 2002) (Referencing approximately 10,000 pages of documents and seeking information regarding seven years of financial matters was sufficient to support the extension of a deposition.); see also, <u>Canal Barge Co. v. Commonwealth Edison Co.</u>, 2001 WL 817853 (N.D. Ill.) (Repair work performed on 56 barges and the need to refer to numerous accompanying documents justifies authorization to extend the time allowed for deposition.)

**IV.   ARGUMENTS**

      **A.   Plaintiff's Counsel Has Failed To Show That Good Cause Exists To Extend The Deposition of Zarko.**

The deposition of Mr. Zarko is a prime example of the very kind of discovery abuse that the new rule is intended to combat. If counsel for HMI had focused his inquiries to the relevant issues in this case, the deposition easily could have been concluded within seven hours. Based on a review of the June 18, 2003 deposition transcript of Zarko, it is obvious that HMI had a full and complete opportunity to conduct a fair examination of Zarko. Objections by defense counsel were minimal, brief and to the point. As stated before, the deposition lasted 7 hours, 10 minutes which is in excess of the 7 hours permitted. As demonstrated by the transcript and by just a few examples of it set forth

earlier in this memorandum, counsel for HMI spent an inordinate amount of time discussing topics that Zarko did not have any knowledge of, did not participate in or were not related to this case.

Specifically, assuming that counsel for HMI is correct that the March 19, 2001 "Review Letter" authored by Mr. Zarko is the key document in this case, counsel's repetitive, argumentative and irrelevant questioning begs the question: "Why did he wait until the fifth hour of the deposition to begin his questioning about this crucial document?" Counsel for HMI should have been and clearly was aware of the importance of the Review Letter. Based on this knowledge, counsel for HMI should have planned his questioning of Zarko accordingly. Counsel is not restricted by any rules that govern the sequence of questioning of a deposition witness. Based on the representations of counsel in Plaintiff's Motion, counsel knew the importance of this document and made an affirmative decision not to question Zarko on this document until approximately five hours into the deposition. The first five hours could easily have been compressed into two hours, leaving ample opportunity to question Zarko on his review letter.

> 1. **Zarko's Deposition Was Marked With Repetitious And Argumentative Questions Without Any Effort By Plaintiff's Counsel To Be Efficient.**

Any delays or impediments during the deposition of Zarko are directly attributable to counsel for HMI and the repeated questioning of Zarko on preliminary and unrelated matters. It is evident that counsel did not agree with the answers provided by Zarko and repeatedly rephrased questions in an attempt to couch the testimony in his own words. A thorough review of the deposition transcript reveals numerous occasions where counsel for HMI would repeat questions and the witness' answers numerous times inserting his own language, instead of the testimony offered by

Zarko. This did not prove successful and resulted in Plaintiff's counsel making an affirmative decision to spend additional time on topics that were not germane to the witness.

Specifically, counsel for HMI repeatedly asked Zarko questions pertaining to the rezoning of the property and the issue of extensions of time, despite Zarko's testimony that he did not play a significant role in those processes. In addition, counsel for HMI, upon notification of the late hour of the deposition continued to ask repetitive and argumentative questions of Zarko. (Zarko Dep. pp. 236-300).

### 2. The Documents Addressed Throughout Zarko's Deposition Do Not Support Plaintiff's Request For Additional Time.

Plaintiff incorrectly relies on the cases that have allowed additional time for depositions based on the need to examine a witness on voluminous documents. Canal Barge Co., 2001 WL 817853 (N.D. Ill.)(Documentation of the repair work performed on 56 barges); Dunkin' Donuts, 206 F.R.D. 518 (S.D. Fla. 2002)(Referencing approximately 10,000 pages of documents). The cases cited above clearly establish that the sheer volume of documents referenced, made it impossible to complete a fair examination in a seven hour period.

At issue in this case, Plaintiff seeks to continue conducting an examination of Zarko in regards to his Review Letter, which notes 58 purported deficiencies and non-compliances with HMI's second revised plans. The cases cited above are clearly distinguishable from the facts in this case. In the instant case, Plaintiff has not been presented with an impossible task of addressing voluminous documents in a seven hour period. Plaintiff admits that the key document in this case is the Review Letter. Based on the arguments asserted above, Plaintiff had ample time and

opportunity to address the Review Letter in detail, but instead chose to engage in repetitive and argumentative questioning of Zarko.

Further, upon questioning in regards to the documents identified as exhibits at Zarko's deposition, counsel for HMI has failed to identify any portions of the deposition transcript that support or even indicate that Zarko was unprepared for questions pertaining to these documents resulting in any delay.

Pursuant to the Advisory Committee's Notes, it is "expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court." Fed. R. Civ. P. 30(d)(2) advisory committee's note (2000). **At the completion of Zarko's deposition, defense counsel made representations to counsel for HMI that he would agree to voluntarily produce Zarko for one additional hour of testimony at a later date to address any remaining issues. (Zarko Dep. p. 319). Counsel for HMI rejected the offer and asserted that he would be taking the matter to the judge. (Zarko Dep. p. 319).** The fact that Defendants have been obligated to expend time, energy and expense in defending against a Motion which seeks to reward inefficient and wasteful discovery should be sufficient reason to deny the Motion. If the Court, however, decides that some additional time should be given, Defendants respectfully suggest it should be limited to the originally offered one (1) additional hour and should be done at Mr. Zarko's office in Doylestown to minimize the disruption to his engineering practice.

## V. CONCLUSION

For the reasons set forth above, Defendants respectfully request that Plaintiff's Motion be denied or, alternatively, that any resumed deposition of Thomas Zarko be limited to one hour and be conducted in Thomas Zarko's office.

Respectfully submitted,

DEASEY, MAHONEY & BENDER, LTD.

BY:_____
HARRY G. MAHONEY, ESQUIRE
MICHAEL L. BARBIERO, ESQUIRE
CRAIG M. STRAW, ESQUIRE
Attorneys for Defendants, Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. DeRosa, William P. Rimel, Peter P. Cornog, Michael A. Zeock and Thomas F. Zarko

Attorney I.D. Nos. 19609/82933/78212
Suite 1300
1800 John F. Kennedy Boulevard
Philadelphia, PA 19103-2978
(215) 587-9400

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC.            :
                                   :     CIVIL ACTION NO. 02-cv-3212
    v.                             :
                                   :
WHITEMARSH TOWNSHIP, MONTGOMERY    :
COUNTY, PA, et al.                 :

**CERTIFICATE OF SERVICE**

I, HARRY G. MAHONEY, Esquire, hereby certify that a true and correct copy of Defendants' Response in Opposition to Motion of Plaintiff for Additional Time to Complete the Deposition of Defendant Thomas F. Zarko was served this date, by first-class mail, on all counsel of record addressed as follows:

> Walter M. Einhorn, Jr., Esquire
> Ballard, Spahr, Andrews & Ingersoll, LLP
> 1735 Market Street, 51st Floor
> Philadelphia, PA 19103
>
> Kevan F. Hirsch, Esquire
> Kaplin, Stewart, Meloff, Reiter & Stein, P.C.
> 350 Sentry Parkway
> Building 640
> Blue Bell, PA 19422

Date:                              _____
                                   HARRY G. MAHONEY, ESQUIRE