**EXHIBIT D**

## SEPTEMBER 20, 2001

The Special Meeting of the Whitemarsh Township Board of Supervisors was held on Thursday, September 20, 2001 at 8:00 P.M. in the Whitemarsh Township Building, 616 Germantown Pike, Lafayette Hill, PA.

Supervisors Present:  Ann Younglove, Vice Chairman, William P. Rimel III, Elizabeth W. Graf and Ronald J. DeRosa.

Also Present:  Lawrence J. Gregan, Township Manager, Robert A. Ford, Assistant Township Manager, Ross Weiss, Esquire, Township Solicitor and Thomas F. Zarko, P.E., Township Engineer.

The Board took the following action:

1.     Vice Chairman Younglove announced that a special meeting has been scheduled for Thursday, October 4, 2001 at 7:00 P.M. when the Board of Supervisors will review land use planning proposals submitted to the Township for preparation and completion of a land use plan for the central area of the Township zoned for heavy industrial uses.

2.     On a Motion by Supervisor Rimel, seconded by Supervisor DeRosa (Vote 4-0), the Board authorized the advertisement of Proposed Ordinance 2001-8 which proposes to amend the Zoning Ordinance by establishing an EX-Extraction District.

There was no public comment on this action.

3.     On a Motion by Supervisor Rimel, seconded by Supervisor DeRosa (Vote 4-0), the Board authorized the advertisement of Proposed Ordinance 2001-9 which proposes to amend the Zoning Map by rezoning the Highway Materials Quarry Hole #1 property, located on Stenton Avenue east of Joshua Road, from HVY-X Heavy Industrial to the EX-Extraction District.

There was no public comment on this action.

4.     On a Motion by Supervisor Graf, seconded by Supervisor Rimel (Vote 4-0), the Board authorized the advertisement of Proposed Ordinance 2001-10 which proposes to amend the Zoning Map by rezoning the Highway Materials Quarry Hole #2 property, located at the intersection of Joshua Road and Stenton Avenue, from HVY-X Heavy Industrial to the EX-Extraction District.

There was no public comment on this action.



EXHIBIT
P 6
3-21-03 RV

September 20, 2001

5.    On a Motion by Supervisor DeRosa, seconded by Supervisor Rimel (Vote 4-0), the Board authorized the advertisement of Proposed Ordinance 2001-11 which proposes to amend the Zoning Map by rezoning the Highway Materials Quarry Hole #3 property, located at the intersection of Flourtown Road and Joshua Road, from HVY-X Heavy Industrial to the EX-Extraction District.

There was no public comment on this action.

Public Comment:

Kim Sheppard (308 Stenton Avenue) read a statement on behalf of the Whitemarsh Township Residents Association in support of the above mentioned proposed ordinances.

George Riter (5276 Rogers Circle) asked about possible conflicts of interest among the members of the Board of Supervisors concerning the quarry property. Mr. Weiss advised that a Board member would, by law, recuse themselves from any issue in which a conflict of interest would exist. Supervisor Graf questioned Mr. Riter if he had any such information about a Board member. Mr. Riter advised that he understood that a Board member who was an engineer may have done work for the quarry owner. Mr. DeRosa advised that he was the only engineer on the Board and that he was not aware of any projects involving the quarry owner.

Anne Gardner (4137 Presidential Drive) questioned how the change in the zoning map can be thought about without looking at the bigger picture of zoning in the entire Township.

Mr. Gregan explained that the proposed rezoning of the quarry properties was included in the planning proposals to be reviewed at the special meeting on October 4, 2001 at 7:00 PM (previously announced).

6. .    On a Motion by Supervisor Rimel, seconded by Supervisor DeRosa (Vote 4-0), the Board awarded the contract for traffic engineering services for traffic signal designs for the intersections of River Road & Barren Hill Road, Lee Street & Hector Street, Barren Hill Road & Harts lane and Cedar Grove Road/Barren Hill Road & Hector Street to Traffic Planning and Design, Inc. on the basis of their proposal at a cost of $21,700.00 under Specification #2001-24.

There was no public comment on this action.

September 20, 2001

7.    Vice Chairman Younglove announced that the 2001 Township Leaf Collection Program will begin on October 29, 2001 and that a mailing announcing the schedule is going out to all residents in the Township. Once again this year, bagged leaves must be placed in recyclable paper bags in order to be collected. The recyclable paper bags are available for purchase in various locations throughout the Township and at the Township Building.

8.    On a Motion by Supervisor DeRosa, seconded by Supervisor Graf (Vote 4-0), the Board awarded the contract for the salt storage building installation to DJK Constructors, Inc. of Eagleville, PA. on the basis of their low bid of $51,500.00 under Contract No. 5400-173.

There was no public comment on this action.

9.    On a Motion by Supervisor Graf, seconded by Supervisor Rimel (Vote 4-0), the Board acknowledged receipt of the final punchlist inspection of site improvements for SLD 8-83 Andorra Springs Subdivision Sections 1 and 2. The Board directed that the inspection be submitted to the Developer for completion prior to release of the escrow and closure of the Improvement Agreement.

There was no public comment on this action.

10.    On a Motion by Supervisor DeRosa, seconded by Supervisor Rimel (Vote 4-0), the Board adopted Resolution 2001-28 establishing the Minimum Municipal Obligation (MMO) to the Whitemarsh Police Pension Plan and Employees Pension Plan for year 2002, as per the provisions of Act 205.

There was no public comment on this action.

11.    On a Motion by Supervisor Rimel, seconded by Supervisor DeRosa (Vote 4-0), the Board authorized submission of an application to the Pennsylvania Department of Health for a $5,000.00 grant to promote healthy lifestyles for residents in Pennsylvania though Township Recreation programs.

There was no public comment on this action.

12.    On a Motion by Supervisor Rimel, seconded by Supervisor Graf (Vote 4-0), the Board approved the outstanding Vendor List of September 18, 2001 in the amount of $77,020.76.

September 20, 2001

On a Motion by Supervisor Graf, seconded by Supervisor DeRosa (Vote 4-0), the Board approved the External Checklist dated September 18, 2001 in the amount of $50,331.68.

On a Motion by Supervisor DeRosa, seconded by Supervisor Graf (Vote 4-0), the Board approved Payroll #18 in the amount of $174,932.75.

There was no public comment on these voucher approvals.

13.    Vice Chairman Younglove announced that the Board had held a brief Executive Meeting prior to the Public Meeting and will continue in Executive Session for the purpose of discussing personnel and/or potential litigation matters.
o the bridge.

14.    Public Comment:  Anne Gardner (4137 Presidential Drive) questioned the Board about the scheduling of meeting to discuss what funds may be available for land preservation as per a previously request.  It was her information that the meeting was to be scheduled some time in October.  Mr. Gregan advised that he has spoken to Phil Wallace and Monica Drewnainy from the Natural Lands Trust, and a date and time and location are being sought for such a meeting.

15.    On a Motion by Supervisor Rimel, seconded by Supervisor DeRosa (Vote 4-0), the meeting was adjourned at 8:30 PM.

Respectfully submitted,

LAWRENCE J. GREGAN
Township Manager

4

**EXHIBIT E**

## OCTOBER 18, 2001

The Special Meeting of the Whitemarsh Township Board of Supervisors was held on Thursday, October 18, 2001 at 8:00 P.M. in the Colonial Elementary School, Plymouth Meeting, PA.

Supervisors Present:  William E. Kramer, Chairman, Ann Younglove, Vice Chairman, Elizabeth W. Graf and Ronald J. DeRosa.

Also Present:  Lawrence J. Gregan, Township Manager, Robert A. Ford, Assistant Township Manager, Ross Weiss, Esquire, Township Solicitor and Thomas F. Zarko, P.E., Township Engineer.

The Board took the following action:

1.      Chairman Kramer opened a Public Hearing on proposed ordinances to create a new zoning district designated as EX-Extraction District that would permit extractive uses and residential use for single-family homes following rehabilitation of a site, and rezoning Highway Materials/DePaul Quarry Holes #1, #2 and #3 from Heavy Industrial to the EX-Extraction zoning.  Notes of testimony were taken by Court Reporter Andrea Yarnell of Esquire Reporting Services and are incorporated herein by reference.

Lawrence J. Gregan, Township Manager, made a presentation to explain the provisions of the new EX-Extraction District and the rezoning of the quarry hole properties.

The following residents were present and commented or asked on the matter:

Donald Cohan (350 Stenton Avenue)

Kenneth Borer (2194 Joshua Road)

Kim Sheppard (308 Stenton Avenue) on behalf of the Whitemarsh Township Residents Association

Marc Kaplin, Esq. representing Donald Cohan

Stephen Kaufman (644 Harts Ridge Road)

James Garrity, Esq. on behalf of Highway Materials, Inc.

Jim McGann (308 Whitemarsh Valley Road)



EXHIBIT
P-7
3-21-03 RV

October 18, 2001

Kelly McMaster (3161 Colony Lane)

James Boris (6313 Joshua Road)

Jamie Ojeda (4111 Fountain Green Road)

Ann Csink (7030 Lafayette Avenue)

Jonathan Weiss (28 Copper Beech)

Joseph Corcoran (341 Militia Hill Road)

Rollin or Harper (4027 Westaway Drive)

Karen Kenney-Meyers (1 Stenton Avenue)

John Link (7030 Lafayette Avenue)

Peter Cornog (3009 Church Road)

Ann Gardner (4137 Presidential Drive)

On a Motion by Supervisor DeRosa, seconded by Supervisor Graf (Vote 4-0), the Board adopted Proposed Ordinance 2001-8 (Ordinance #740) creating the EX-Extraction District.

On a Motion by Supervisor DeRosa, seconded by Supervisor Younglove (Vote 4-0), the Board adopted Proposed Ordinance 2001-9 (Ordinance #741) rezoning the Quarry Hole #1 property from Heavy-X Industrial to the EX-Extraction District.

On a Motion by Supervisor Graf, seconded by Supervisor Younglove (Vote 4-0), the Board adopted Proposed Ordinance 2001-10 (Ordinance #742) rezoning the Quarry Hole #2 property from Heavy-X Industrial to the EX-Extraction District.

On a Motion by Supervisor DeRosa, seconded by Supervisor Graf (Vote 4-0), the Board adopted Proposed Ordinance 2001-11 (Ordinance #743) rezoning the Quarry Hole #3 property from Heavy-X Industrial to the EX-Extraction District.

On a Motion by Supervisor Graf, seconded by Supervisor DeRosa (Vote 4-0), the Public Hearing was adjourned at 9:00 PM.

2

October 18, 2001

2.    Lawrence J. Gregan, Township Manager, reported on the land use plan-ning proposals received from firms for the central area of the Township encompassing the Highway Materials Quarry property. He noted that the Board of Supervisors had received eight proposals and had held two meetings to interview three of the firms. At this time, the Board was seeking public comment on the proposals.

Peter Cornog (3009 Church Road) recommended that the Board select the firm of Kise Straw & Kalodner to perform the study. He said that he felt they had all of the correct answers.

James McGann (308 Whitemarsh Valley Road), representing the White-marsh Township Residents Association, recommended that the Board select the firm of Kise, Straw & Kalodner.

Anne Gardner (4137 Presidential Drive) endorsed the firm of Simone Jaffe Collins to perform the study. She noted that they appeared to be a highly diversified professional firm, that their presentation was excellent without promising unrealistic results, and that they appeared to be well rounded and well versed, especially in the area of land preservation in its long range planning.

Steve Kauffman (644 Harts Ridge Road) commented that either firm could do the study but recommended that the Board select the firm of Simone Jaffe Collins.

Chairman Kramer commented that he personally was impressed with the presentation by Simone Jaffe Collins and that he had a better feeling on their abilities to work with the community and the Township Boards to complete the study.

Supervisor Graf commented on the professionalism that the Simone Jaffe Collins firm presented for the project, including its expertise in storm water management and the additional professionals brought into the project, including the financial consultant and traffic engineer.

On a Motion by Supervisor Graf, seconded by Supervisor DeRosa (Vote 4-0), the Board directed Staff to negotiate a contract with Simone Jaffe Collins to perform the land use planning study for the central area of the Township based on their proposal and presentation.

There was no further public comment on this action.

3

October 18, 2001

3.   On a Motion by Supervisor Graf, seconded by Supervisor Younglove (Vote 4-0), the Board adopted Resolution 2001-32 accepting dedication of the sewer pipe installation installed by McNeil Consumer Products as part of the public sewer connection, noting that the Certificate of Completion and Dedication of Improvements along with a check in the amount of $37,000.00 has been received.

There was no public comment on this action.

4.   On a Motion by Supervisor DeRosa, seconded by Supervisor Younglove (Vote 4-0), the Board approved Escrow Release #5, SLD 15-92 Miquon Tract Subdivision, in the amount of $108,234.47 in accordance with the Township Engineer's Report dated October 15, 2001.

There was no public comment on this action.

5.   On a Motion by Supervisor DeRosa, seconded by Supervisor Younglove (Vote 4-0), the Board approved the outstanding Vendor List of October 15, 2001 in the amount of $127,909.53.

On a Motion by Supervisor DeRosa, seconded by Supervisor Younglove (Vote 4-0), the Board approved the External Checklist dated October 15, 2001 in the amount of $85,885.14.

On a Motion by Supervisor Younglove, seconded by Supervisor DeRosa (Vote 4-0), the Board approved Payroll #20 in the amount of $143,446.88.

There was no public comment on these voucher approvals.

6.   Chairman Kramer announced that the Board had held a brief Executive Meeting prior to the Public Meeting and will continue in Executive Session for the purpose of discussing personnel and/or potential litigation matters.
o the bridge.

7.   Public Comment:   ·

A resident on Presidential Drive expressed the need for a more universal approach to planning, including incorporating planning with surrounding municipalities.

4

October 18, 2001

Robert Franz (169 Wildflower Drive) questioned the Board on the status of the completion of the improvements on the Evergreen Estates development on Wildflower Drive. Mr. Gregan advised that he spoke with Mary Sparango earlier in the day, and that she stated that they are anxious to move forward with completing the project. Township Engineer Thomas F. Zarko, P.E. stated that the plan was to have the road paving improvements completed by December. The sidewalk improvements will need to wait for completion of the house construction.

8.    On a Motion by Supervisor Graf, seconded by Supervisor DeRosa (Vote 4-0), the meeting was adjourned at 9:50 PM.

Respectfully submitted,

LAWRENCE J. GREGAN
Township Manager

5

**EXHIBIT F**

WHITEMARSH TOWNSHIP
# MEMORANDUM

August 7, 2001

To:        Board of Supervisors

From:      Lawrence J. Gregan, Township Manager

Re:        **EX-Extraction District Regulations and Map Amendments**

---

After the last Board meeting on July 26th, we spoke with both James Garrity, Esq. and Stephen Marshall, Esq. advising them of the action that the Board of Supervisors was taking to perform a land use study of the Corson Quarry property. A copy of the RFP was sent to both of them. In our discussions with Jim Garrity, he advised that DePaul had decided not to pursue a rezoning of the property but intends to prepare and submit a land development plan based on the current HVY zoning of the property.

As a result of that conversation, Ross and I have been discussing an option for the Board to consider to authorize advertisement of an Ex-Extraction District Ordinance and Zoning Map Amendment to rezone a portion or all of the Corson Quarry Property. Attached is a draft Ordinance to create the Ex-Extraction District. It is basically the same as the draft supplied with the petition with some additions to provide dimensional standards (Section 116-251).

We would like to discuss this concept with the Board on the Executive Agenda prior to the Public Meeting. If the Board wants to pursue this option, we are prepared to present a proposed Ex-Extraction Ordinance and Map Amendment Ordinance for the Board's consideration at the Public Meeting. The Ordinances could be authorized for advertisement and would be advertised in a local newspaper, as required under the Township Code, by Monday, August 13th.

If you have any questions on this matter prior to the meeting on Thursday night, please let me know. Thank you.

LJG:lf
cc:   Ross Weiss, Esq., Township Solicitor
      Robert A. Ford, Assistant Township Manager
      Thomas F. Zarko, P.E., Township Engineer

c:\my documents-lf\memos\bos.doc



EXHIBIT

P-75

**EXHIBIT G**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

HIGHWAY MATERIALS, INC.,      :

         Plaintiff,           :

         v.                :

WHITEMARSH TOWNSHIP, MONTGOMERY    :
COUNTY, PA; THE BOARD OF SUPERVISORS   :
OF WHITEMARSH TOWNSHIP, MONTGOMERY   :
COUNTY, PA.; ANN D. YOUNGLOVE,       :
INDIVIDUALLY AND IN HER CAPACITY AS    :
CHAIRMAN OF THE BOARD OF SUPERVISORS;   :     CIVIL ACTION NO. 02-3212
RONALD J. DEROSA, INDIVIDUALLY AND IN   :
HIS CAPACITY AS VICE CHAIRMAN; WILLIAM   :
P. RIMEL, III, INDIVIDUALLY AND IN HIS    :
CAPACITY AS SUPERVISOR; PETER B. CORNOG,   :
INDIVIDUALLY AND IN HIS CAPACITY AS     :
SUPERVISOR; MICHAEL A. ZEOCK,       :
INDIVIDUALLY AND IN HIS CAPACITY AS     :
SUPERVISOR; THOMAS F. ZARKO,       :
INDIVIDUALLY AND IN HIS CAPACITY AS     :
TOWNSHIP ENGINEER,           :

         Defendants.        :

## <u>AFFIDAVIT OF JAMES J. GARRITY, ESQUIRE</u>

I, James J. Garrity, Esquire, being duly sworn, depose and state as follows:

1.     I am over twenty-one years of age and make this affidavit based on my own personal knowledge and review of business records. If called to testify, I could competently testify to the matters set forth herein.

2.     I am a partner in the law firm of Wisler, Pearlstine, Talone, Craig, Garrity & Potash, LLP ("Wisler Pearlstine"). The firm's offices are located at 484 Norristown Road, Blue Bell, Pennsylvania 19422.

3.      In October, 2001, I had undertaken the representation of Highway Materials, Inc. with regard to the development of a property owned by Highway Materials in Whitemarsh Township, Montgomery County, Pennsylvania.

4.      On October 18, 2001, the Whitemarsh Township Board of Supervisors voted to adopt a number of zoning ordinance and zoning map amendments which affected the properties owned by Highway Materials, Inc. in Whitemarsh Township.

5.      On October 25, 2001, I initiated a conference call with Whitemarsh Township Solicitor, Ross Weiss, Esquire and Whitemarsh Township Manager, Larry Gregan, in which I stated that my desire to review all of the Township's files regarding the zoning ordinance and zoning map amendments passed on October 18 to determine the procedural and substantive validity of those ordinance amendments. Mr. Weiss and Mr. Gregan agreed that the files would be made available for my inspection and further agreed that they would call me as soon as the files were ready to be inspected.

6.      On October 29, 2001, I called Mr. Gregan and asked if the October 18 rezoning ordinance files were available yet for my office to review. Mr. Gregan replied that the files were ready to be reviewed.

7.      Upon completing my telephone conversation with Mr. Gregan, I asked my partner, Joseph M. Bagley, Esquire, if he would drive over to Whitemarsh Township and examine the zoning ordinance files which had been made available for our inspection. I specifically requested Mr. Bagley to obtain copies of any relevant documents from the Township's files which were not already in our own files.

8.    Mr. Bagley went to Whitemarsh Township as I had requested and returned with a number of documents which had been copied from the Township files he was permitted to review.

The foregoing statement is true and correct.  I understand that I am subject to penalties for perjury if this statement is willfully false.

James J. Garrity

Sworn to an subscribed before me
this 25th day of _Nov_____, 2003.

Notary Public    NOTARIAL SEAL
Rochelle Susan Gonder, Notary Public
Whitpain Twp., Montgomery County
My Commission Expires Mar. 27, 2004

**EXHIBIT H**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HIGHWAY MATERIALS, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WHITEMARSH TOWNSHIP, MONTGOMERY | : | |
| COUNTY, PA; THE BOARD OF SUPERVISORS | : | |
| OF WHITEMARSH TOWNSHIP, MONTGOMERY | : | |
| COUNTY, PA.; ANN D. YOUNGLOVE, | : | |
| INDIVIDUALLY AND IN HER CAPACITY AS | : | CIVIL ACTION NO. 02-3212 |
| CHAIRMAN OF THE BOARD OF SUPERVISORS; | : | |
| RONALD J. DEROSA, INDIVIDUALLY AND IN | : | |
| HIS CAPACITY AS VICE CHAIRMAN; WILLIAM | : | |
| P. RIMEL, III, INDIVIDUALLY AND IN HIS | : | |
| CAPACITY AS SUPERVISOR; PETER B. CORNOG, | : | |
| INDIVIDUALLY AND IN HIS CAPACITY AS | : | |
| SUPERVISOR; MICHAEL A. ZEOCK, | : | |
| INDIVIDUALLY AND IN HIS CAPACITY AS | : | |
| SUPERVISOR; THOMAS F. ZARKO, | : | |
| INDIVIDUALLY AND IN HIS CAPACITY AS | : | |
| TOWNSHIP ENGINEER, | : | |
| | : | |
| Defendants. | : | |

## AFFIDAVIT OF JOSEPH M. BAGLEY, ESQUIRE

I, Joseph M. Bagley, Esquire, being duly sworn, depose and state as follows:

1.    I am over twenty-one years of age and make this affidavit based on my own personal knowledge and my review of business records.  If called to testify, I could competently testify to the matters set forth herein.

2.    I am a partner in the law firm of Wisler, Pearlstine, Talone, Craig, Garrity & Potash, LLP ("Wisler Pearlstine").  I currently work at Wisler Pearlstine's offices at 484 Norristown Road, Blue Bell, Pennsylvania 19422.

3.      In late October of 2001, I was a partner at Wisler Pearlstine.  In that capacity, I worked with James Garrity, Esquire, who was then and is now a partner in Wisler Pearlstine.

4.      In late October of 2001, following a Whitemarsh Township Board of Supervisors' vote to adopt new zoning ordinances applicable to certain property of our client Highway Materials, Inc. ("HMI"), Mr. Garrity communicated with Whitemarsh Township Manager Lawrence Gregan and Township Solicitor Ross Weiss and arranged for me to review the Township's files relating to the newly-adopted zoning ordinances and the new zoning district created thereby.

5.      On October 29, 2001, I went to the Whitemarsh Township Building for the purpose of reviewing the zoning ordinance files.  When I arrived, Assistant Township Manager Robert Ford escorted me to a room in which there was a table and a few chairs.  A few minutes later, he returned with four or five relatively slim manila folders relating to the zoning ordinances that the Whitemarsh Township Board of Supervisors voted to adopt at their October 18, 2001 Board meeting.  Each folder was labeled according to the designation of the particular ordinance its contents pertained to, and one was labeled "EX-Extraction District."

6.      I reviewed the documents and appended "Post-it" notes to relevant documents of which I wanted to obtain copies.  When I was finished reviewing the documents, I returned the folders to the Assistant Township Manager.  While I waited, the Township staff photocopied the documents I had "flagged."  In total, I had selected approximately 35 documents amounting to approximately 112 pages for copying.

7.      One of the documents which the Township staff provided for my review and which I flagged was a memorandum from Township Manager Gregan to the Board of Supervisors dated August 7, 2001 concerning the EX-Extraction district proposed by members of the community.  The Township staff photocopied this document for me.

8.      Assistant Township Manager Ford told me that two "proofs of publication" were not included in the files he provided to me for review because the Township had not yet received them.

9.      Following my review of the files, HMI challenged the procedural validity of the Township's purported rezoning of HMI's property.

10.     No representative of Whitemarsh Township ever asked me to return any of the documents which the Township staff photocopied for me.  No representative of Whitemarsh Township ever told me that the Township considered the August 7, 2001 memorandum to be a privileged communication.  The August 7, 2001 Gregan memorandum has been in our file ever since and no one from the Township has ever requested its return.

The foregoing is true and correct.  I understand that I am subject to penalties for perjury if it is willfully false.

_Joseph M. Bagley_
Joseph M. Bagley

Sworn to an subscribed before me
this 25th day of _November_, 2003.

_Rochelle Susan Gonder_
Notary Public    NOTARIAL SEAL

Rochelle Susan Gonder, Notary Public
Whitpain Twp., Montgomery County
My Commission Expires Mar. 27, 2004