UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC.                :
                                       :   CIVIL ACTION NO. 02-cv-3212
   v.                                  :
                                       :
WHITEMARSH TOWNSHIP, MONTGOMERY        :
COUNTY, PA, et al.                     :

ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Defendants' Motion to Compel and any answer thereto, it is hereby

ORDERED

that Plaintiff shall provide to Defendants, within _____ days of the date of this Order, copies of the following documents listed in Woodrow & Associates' privilege log and Plaintiff's privilege log as follows:

    A.    Woodrow & Associates' privilege log: P-1, P-2, P-3, P-4, P-5, P-6, P-8, P-10, P-12, P-13, P-14, P-15, P-16, P-17, P-18, P-19, P-20, P-21, P-22, P-23, P-24, P-25, P-26, P-27, P-28, P-29, P-30; Plaintiff's privilege log: Nos. 36, 37, 38, 73, 93, 94, 97, 98, 100, 101, 102, 103, 106, 107, 115, 116, 123, 124, 132, 158, 169, 170.

    B.    Invoices identified in Nos. 11 through 35, inclusive.

    C.    Handwritten notes identified in Nos. 47 through 69, inclusive.

BY THE COURT:

_____
ROBERT F. KELLY, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC.           :
                                  :    CIVIL ACTION NO. 02-cv-3212
v.                                :
                                  :
WHITEMARSH TOWNSHIP, MONTGOMERY   :
COUNTY, PA, et al.                :

DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
IDENTIFIED IN WOODROW & ASSOCIATES' PRIVILEGE LOG
AND PLAINTIFF'S PRIVILEGE LOG

Defendants, Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. DeRosa, William P. Rimel, Peter P. Cornog , Michael A. Zeock and Thomas F. Zarko, by their attorneys, herewith move this Honorable Court to compel Plaintiff to produce documents identified in Woodrow & Associates' Privilege Log and Plaintiff's Privilege Log, which documents have been withheld on the basis that they are privileged attorney-client communications and the identity of which documents have been withheld until recently. In support thereof, Defendants aver as follows:

1.      In this civil rights action in which Plaintiff claims Defendants violated Plaintiff's civil rights in connection with rezoning of Plaintiff's Quarry properties and denial of an application for land development of Quarry Hole #1, the Township Defendants served Interrogatories and a Request for Production of Documents on Plaintiff's counsel on March 14, 2003.

2.      Plaintiff served responses to the Document Request on April 30, 2003 and its Answers to Interrogatories on May 9, 2003.

3.      At the time Plaintiff served its Answers to Interrogatories and Response to Request for Production of Documents and made documents available for inspection by Defense counsel,

Plaintiff's counsel did not advise that he was withholding any documents from the production and further did not provide any privilege log identifying documents which he was withholding or redacting.

4. Defense counsel issued a subpoena to Woodrow & Associates for copies of all documents relating to Quarry Hole #1. A true and correct copy of the subpoena served on April 4, 2003 is attached hereto as Exhibit "A".

5. Rather than provide documents to defense counsel, Woodrow & Associates delivered those documents to Plaintiff's counsel who then provided them for review by defense counsel.

6. Discovery is scheduled to close on December 5, 2003.

7. On November 20, 2003, for the first time, Plaintiff's counsel provided a privilege log from Woodrow & Associates and Plaintiff's privilege log wherein he identified 227 documents which he had withheld from production, asserting principally the attorney-client privilege but also the work product privilege. True and correct copies of the privilege logs of Woodrow and the privilege log of Plaintiff are attached hereto as Exhibits "B" and "C", respectively. A true and correct copy of Plaintiff's counsel's transmittal letter of November 20, 2003 is attached hereto as Exhibit "D".

8. Upon receipt of the privilege logs and the transmittal letter from Plaintiff's counsel, defense counsel corresponded with Plaintiff's counsel and requested proof that the privilege logs had previously been served on defense counsel. A true and correct copy of defense counsel's correspondence of November 21, 2003 is attached hereto as Exhibit "E".

9. Plaintiff's counsel responded on November 25, 2003 advising that he was unable to locate a "proof of service" to establish that a copy of the privilege logs had previously been served

on defense counsel and admitted that the logs might not have been previously served on defense counsel. A true and correct copy of Plaintiff's counsel's correspondence of November 25, 2003 is attached hereto as Exhibit "F".

10. Defendants believe and therefor aver that the privilege logs were withheld until just before the close of discovery in an effort to withhold documents which are discoverable and in the hope that defense counsel would not challenge, at such a late date, the privileges asserted by Plaintiff's counsel.

11. The following documents identified in the privilege logs (Exhibits "B" and "C") are either not confidential communications between attorney-client or are such communications which have been disclosed to third parties and thus the attorney-client privilege is deemed waived:

> P-1, P-2, P-3, P-4, P-5, P-6, P-8, P-10, P-12, P-13, P-14, P-15, P-16, P-17, P-18, P-19, P-20, P-21, P-22, P-23, P-24, P-25, P-26, P-27, P-28, P-29, P-30; Nos. 36, 37, 38, 73, 93, 94, 97, 98, 100, 101, 102, 103, 106, 107, 115, 116, 123, 124, 132, 158, 169, 170

12. Of the foregoing documents, Plaintiff also claims the work product privilege for the following:

> P-16, P-17, P-18, P-19, P-20, P-21, P-22, P-23, P-24, P-25, P-26, P-27, P-28, P-30; Nos. 93, 97, 116, 124

The work product privilege is improperly asserted because Plaintiff has not demonstrated, in the privilege log, that the withheld documents were prepared in anticipation of litigation.

13. In addition, Plaintiff identified the following invoices in its privilege log as having been redacted and transmitted to defense counsel: Nos. 11-35 inclusive. None of the foregoing "redacted" invoices have been forwarded to Defendants.

14. Also, handwritten notes identified in Plaintiff's privilege log Nos. 47 through 69 inclusive have been withheld either on the basis of attorney-client privilege, work product privilege or a combination of those two privileges without identifying the date, author or recipient of any of these notes. Defendant is unable to determine and Plaintiff has not established, in the first instance, that either or both of these privileges are applicable.

15. Plaintiff has waived the attorney-client privilege by disclosing the documents identified in paragraph 11 above to third parties, including Robert Jordan, Timothy Woodrow, E. Van Rieker, Jack Thrower, Robert E. Blue, Lynn DeSimone, Richard Orth and, in some instances, representatives of Whitemarsh Township, including Lawrence Gregan, Ross Weiss, Esquire and Robert Ford.

16. Robert Jordan is a project manager and Timothy Woodrow is an engineer in the office of Woodrow & Associates. Woodrow & Associates was retained by Plaintiff, Highway Materials, Inc. to act as its engineer with regard to the preparation of and submission of land development plans for Quarry Hole #1 to the Township.

17. E. Van Rieker is a land use planner retained by Plaintiff Highway Materials, Inc. to provide land planning services in connection with the land development of Quarry Hole #1.

18. Jack Thrower is an architect retained by Highway Materials, Inc. to provide architectural services in connection with Quarry Hole #1.

19. Robert E. Blue is an engineer retained by Highway Materials, Inc. to provide engineering services for Quarry Holes #2 and #3.

20. Lynn DeSimone is an employee of Woodrow & Associates.

21. Richard Orth is a traffic engineer retained by Highway Materials, Inc. to provide traffic engineering services regarding Quarry Hole #1.

22. Each of the foregoing individuals listed in paragraphs 14 through 19 are independent contractors retained by the DePaul Group and/or Highway Materials, Inc. to assist in various aspects of the land development of Quarry Hole #1.

23. Highway Materials, Inc.'s attorney during the land development process was James Garrity, Esquire of the law firm of Wisler, Pearlstine, Talone, Craig, Garrity & Potash, LLP in Blue Bell, Pennsylvania.

24. Peter DePaul, Leonard Poncia and Robert Raquet were the three principal individuals at the DePaul Company/Highway Materials, Inc. who consulted with their counsel, James Garrity, during the land development process.

25. Robert Jordan, Timothy Woodrow, E. Van Rieker, Jack Thrower and Lynn DeSimone are not officers, managers or even employees of the DePaul Group/Highway Materials, Inc. or any other related DePaul company and are not employed by Wisler, Pearlstine, Talone, Craig, Garrity & Potash, LLP.

26. A review of the privilege log reflects that for each of the items listed in paragraph 11 above, each document was authored by a third party, sent to one or more third parties or copied to one or more third parties.

27. As a result of the foregoing, Plaintiff has either failed to establish an attorney-client privilege or has waived the attorney-client privilege with regard to any communications in those documents.

28. With regard to the redacted attorney invoices listed in paragraph 10 above, defense counsel has not received those documents to date.

29. With regard to the handwritten notes in paragraph 11 above, Plaintiff, in the first instance, has not established that such documents are subject either to the attorney-client privilege and/or the work product privilege.

WHEREFORE, Defendants Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. DeRosa, William P. Rimel, Peter P. Cornog, Michael A. Zeock and Thomas F. Zarko pray that this Honorable Court enter an Order in the form attached compelling Plaintiff to provide copies of the documents requested by this Motion.

DEASEY, MAHONEY & BENDER, LTD.


BY:_____
    HARRY G. MAHONEY, ESQUIRE
    MICHAEL L. BARBIERO, ESQUIRE
    CRAIG M. STRAW, ESQUIRE
    Attorneys for Defendants, Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. Derosa, William P. Rimel, Peter P. Cornog and Michael A. Zeock
    Attorney I.D. Nos. 19609/82933/78212
    Suite 1300
    1800 John F. Kennedy Boulevard
    Philadelphia, PA 19103-2978
    (215) 587-9400

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC. : | |
| : | CIVIL ACTION NO. 02-cv-3212 |
| v.   : | |
| : | |
| WHITEMARSH TOWNSHIP, MONTGOMERY : | |
| COUNTY, PA, et al. : | |

BRIEF IN SUPPORT OF
DEFENDANTS MOTION TO COMPEL

I. FACTS

The facts are adequately set forth in the accompanying Motion to Compel and need not be repeated here.

II. ARGUMENT

    A. The documents withheld by Plaintiff, even if subject to the attorney-client privilege, are discoverable because Plaintiff has waived the privilege

Federal Rule of Evidence 501 specifies that state law applies on the issue of whether a privilege is applicable in any given instance. It is axiomatic, under Pennsylvania law, that the application of the attorney-client privilege requires "confidential" communications made in connection with providing legal services. Commonwealth v. duPont, 720 A.2d 970 (Pa.Super. 1999) (emphasis added), petition for allowance of appeal denied, 561 Pa. 669, 749 A.2d 466 (2000).

Once the attorney-client communication has been disclosed to a third party, the privilege is deemed waived. Commonwealth v. Chmiel, 558 Pa. 478, 738 A.2d 406 (1999), Joe v. Prison Health Services, Inc., et al., (Cmwlth. Ct.) 782 A2d 24 (2001).

The party asserting the privilege has the initial burden to prove it is properly invoked and the party seeking to overcome the privilege has the burden to prove an applicable exception to the

privilege. <u>Joyner v. Southeastern Pennsylvania Transportation Authority</u>, 736 A.2d 35 (Pa.Cmwlth. 1899); <u>Joe v. Prison Health Services, Inc., et al.</u> supra.

The privilege logs demonstrate very readily that the documents identified in paragraph 11 of the Motion fall into three categories:

1. Communications from third parties to Plaintiff's counsel

   (P-1, P-3, P-4, P-12, P-16, P-17, P-18, P-19, P-20, P-21, P23, P-26, P-28; 36, 37, 38, 73, 93, 100, 123, 170)

2. Communications from Plaintiff's counsel to third parties.

   (P-2, P-10, P-13, P-14, P-15, P-22, P-24, P-25, P-27, P-29, P-30, 97, 98, 102, 103, 106, 107, 115, 124, 158)

3. Communications between Plaintiff's counsel and the client which have been disclosed to third parties.

   (P-5, P-6, P-8, 101, 116, 132, 169)

With regard to categories 1 and 2 above, such communications are clearly not between the attorney and his client. Therefore, the privilege does not apply. The documents under category 3 are discoverable because, even if they are privileged attorney-client communications, the privilege has been waived by their disclosure to third parties. <u>Chmiel</u>, supra, <u>Joe</u>, supra. The engineers for Highway Materials, Inc. (Woodrow & Associates, Timothy Woodrow, Robert Jordan and Lynn DeSimone; Robert Blue), its land use planner (E. Van Rieker), its architect (Jack Thrower) and its traffic engineer (Richard Orth) are not employees, managing agents or officers of the Plaintiff. Indeed, they are independent contractors, each of whom entered into written agreements to provide non-legal services to the Plaintiff. Accordingly, if those individuals sent memoranda,

correspondence or documents to or received memoranda, correspondence or documents from Mr. Garrity, Plaintiff's counsel, such communications are discoverable because they are communications to a third party. In addition, any communications between Mr. Garrity and his clients (Peter DePaul, Leonard Poncia, Robert Raquet) which have been disclosed to the third parties are also discoverable.

The six month delay in delivering the privilege logs to Defense counsel, on the eve of the expiration of the discovery deadline is, at best, suspicious. Defendants believe the late delivery was an effort to avoid disclosure of these documents which may very well demonstrate fatal flaws in Plaintiff's case or support the defense of Plaintiff's claims.

In light of the foregoing analysis, it is clear that the documents identified in the Motion should be promptly provided to Defendants.

B.  The Work Product Privilege Has Been Improperly Asserted

The work product doctrine is codified in Fed. R. Civ. Pr. 26(b)(3), which protects material "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent)." *See* DVI Financial Services, Inc. v. Florida Heart, LLC, 2003 WL 21961977 *2 (E.D. Pa. 2003); Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir.2000). The burden is on the party asserting the privilege to show that they are entitled to the protection of this rule. Id. Furthermore, to satisfy that burden, the party must establish that the material is a document or tangible thing and prepared in anticipation of litigation for that party. A mere allegation that the work product doctrine is applicable is insufficient. Novartis Pharmaceuticals Corp. v. Abbott Laboratories, 203 F.R.D. 159, 163 (D. De. 2001).

Documents are prepared in anticipation of litigation when "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." In re Grand Jury, 604 F.2d 798, 803 (3d Cir.1979). The preparer's anticipation of litigation must be objectively reasonable. Martin v. Bally's Park Place Hotel & Casino, 983 F.2d 1252, 1260 (3d Cir.1993). Generally, a reasonable anticipation of litigation requires existence of an identifiable specific claim or impending litigation at the time the materials were prepared. Montgomery County v. Microvote, 175 F.3d 296, 305 (C.A.3d Pa. 1999). "Advising a client about matters which may or even likely will ultimately come to litigation does not satisfy the 'in anticipation of' standard. The threat of litigation must be more real and imminent than that." Cedrone v. Unity Savings Ass'n., 103 F.R.D. 423, 426 (D.C. Pa. 1984) (quoting In re Grand Jury Investigation (Sturgis), 412 F.Supp. 943, 948 (E.D.Pa.1976)).

Mere inclusion of the terminology "in anticipation of litigation" in the privilege log is not sufficient to establish the applicability of the work product privilege. For example, P-16 in the Woodrow log is identified as a March 7, 2002 memo from Tim Woodrow to James J. Garrity, Esquire, Robert Raquet and File concerning "design process for project, prepared at the direction of counsel in anticipation of litigation". On March 7, 2002, the Plaintiff's application for preliminary plan approval had not even been scheduled for consideration by the Board of Supervisors. Therefore, to claim, as Plaintiff's counsel has, that this was done "in anticipation of litigation" is disingenuous at best.

Plaintiff is obviously playing "fast and loose" with the privilege, which unfortunately taints all of Plaintiff's claimed "work product" privileges. Defendants respectfully request that Plaintiff

be directed to produce copies of those documents or present those documents listed in paragraph 12 of the Motion for an "in camera" review.

  C. <u>Redacted Invoices</u>

With regard to the invoices, although Plaintiff states in its Privilege Log that the redacted invoices were forwarded to the Defendants, those invoices have never been received.

  D. <u>Handwritten Notes by Unidentified Authors</u>

With regard to the handwritten notes, Plaintiff's counsel has the obligation, in a privilege log, to identify, with particularity, the basis for asserting the privilege. <u>Joyner</u>, supra. Without identifying the author of the handwritten notes, it is impossible to assert any privilege. Accordingly, on that basis alone, Plaintiff should be required to provide copies of those listed documents or demonstrate valid reasons why any privilege is applicable.

III.    CONCLUSION

Defendants respectfully request that the Court enter an Order in the form attached requiring Plaintiff to provide copies of the requested documents in the privilege logs.

          DEASEY, MAHONEY & BENDER, LTD.


BY:_____
    HARRY G. MAHONEY, ESQUIRE
    MICHAEL L. BARBIERO, ESQUIRE
    CRAIG M. STRAW, ESQUIRE
    Attorneys for Defendants, Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. Derosa, William P. Rimel, Peter P. Cornog and Michael A. Zeock

    Attorney I.D. Nos. 19609/82933/78212
    Suite 1300
    1800 John F. Kennedy Boulevard
    Philadelphia, PA 19103-2978
    (215) 587-9400

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC. : | |
| : | CIVIL ACTION NO. 02-cv-3212 |
| v. : | |
| : | |
| WHITEMARSH TOWNSHIP, MONTGOMERY : | |
| COUNTY, PA, et al. : | |

### CERTIFICATION OF GOOD FAITH

Pursuant to L.R.C.P. 26.1(f), the undersigned, counsel for moving Defendants, hereby certifies and attests that he has communicated with counsel for Plaintiff regarding the discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute at issue, and further, despite all counsels' good faith attempts to resolve the dispute, he has been unable to do so.

CERTIFIED TO THE COURT BY:

_____
HARRY G. MAHONEY, ESQUIRE

DATE:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC. :
: CIVIL ACTION NO. 02-cv-3212
v. :
:
WHITEMARSH TOWNSHIP, MONTGOMERY :
COUNTY, PA, et al. :

CERTIFICATE OF SERVICE

I, Harry G. Mahoney, Esquire, hereby certify that Defendants Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. Derosa, William P. Rimel, Peter P. Cornog, Michael A. Zeock and Thomas F. Zarko's Motion to Compel Production of Documents was served this date on all counsel of record addressed as follows in the manner indicated::

BY HAND DELIVERY

Arleigh P. Helfer, III, Esquire
Ballard, Spahr, Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

BY FIRST CLASS MAIL

Kevan F. Hirsch, Esquire
Kaplin, Stewart, Meloff, Reiter & Stein, P.C.
350 Sentry Parkway
Building 640
Blue Bell, PA 19422

Date: _____

_____
HARRY G. MAHONEY, ESQUIRE