IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC., :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO. 02-3212
:
WHITEMARSH TOWNSHIP *et al*, :
:
    Defendants. :
:

**REPLY MEMORANDUM OF PLAINTIFF HIGHWAY MATERIALS, INC.
IN SUPPORT OF ITS MOTION TO COMPEL AND IN OPPOSITION
TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

    Defendants' response to HMI's motion to compel is nothing short of outrageous. First, defendants attempted to conceal a key document in this case -- Mr. Gregan's August 7, 2001 memorandum to the Supervisors (the "Gregan Memorandum") -- under a bogus claim of privilege. Indeed, this claim of privilege is belied by defendants' own action in producing the document to counsel for HMI as part of a very small document production in a related matter two years ago. Second, defendants' counsel sat by silently in deposition after deposition in which the defendant Supervisors testified in a manner directly contradicted by the document he did not produce. Perhaps defendants' counsel believed the testimony was "safe" because he had not produced the very document that put the lie to the testimony.

    Given this background, the notion that defendants' counsel could call into question the ethics of two of HMI's lawyers would be laughable if not for the seriousness of the charge. After all, all HMI did was attempt to ask questions of the author of a very relevant document that had been produced by <u>defendants</u> two years ago. The mere fact that defendants now claim the

document is privileged -- which it is not -- obviously does not turn routine deposition questioning into improper conduct.

HMI will not stoop to meet defendants' tactics in personalizing this dispute. A few points must be made, however, in response to defendants' papers:

- The Gregan Memorandum is not privileged (*see* HMI's opening brief, pp. 7-8), and in any event any privilege has long ago been waived (*see* HMI's opening brief, pp. 15-21). The mere fact that defendants placed it on their privilege log in this matter does not somehow make the document privileged.

- Defendants' full frontal attack on the ethics of HMI's lawyers is based on the untenable premise that the Gregan Memorandum is clearly privileged and that therefore HMI's lawyers had some duty to return it. However, because the document is not privileged, much less clearly so -- <u>a fact that defendants' own conduct in producing the document proves</u> -- there was nothing improper in asking questions about the document.

- Defendants repeatedly claim that there was something improper about waiting until Mr. Gregan's deposition to ask questions about the Gregan Memorandum. (Defendants' memorandum, pp. 4, 7, 12). But waiting to question the author of a document is hardly unusual, and it is certainly not improper or unethical. A lawyer is not required to ask every witness about every document. In any event, we fail to see how the number of witnesses who were asked about the document or when they were asked has any relevance herein.

- Defendants make the ludicrous argument that <u>HMI</u> should have produced the Gregan Memorandum to <u>defendants</u>. (Defendants' memorandum, pp. 12-13.)

Suffice it to say, a party is under no duty to re-produce a document back to the opposing party that provided the document to the party in the first place. Likewise, the fact that the document was not specifically identified in HMI's self-executing disclosures is neither here nor there; counsel for HMI in this action was not even aware of the document at that point and HMI generally identified documents relating to its property in any event.

- Defendants assert that HMI should have "attacked" defendants' placement of the Gregan Memorandum on the privilege log. (Defendants' memorandum, p. 7.) However, counsel for HMI obtained the Gregan Memorandum in a manner that did not remotely suggest that defendants considered the document privileged. After all, defendants produced the Gregan Memorandum to counsel for HMI in a zoning challenge more than two years ago, and never asked for it back. Moreover, the document – a Memorandum from the Township Manager to the Board of Supervisors – certainly does not appear privileged on its face. Under these circumstances, there was nothing to cause counsel for HMI to even consult the privilege log, much less a duty on HMI to challenge defendants' inclusion of the document on the log.

- On December 5, 2002, defendants filed a motion to compel asserting, *inter alia*, that communications between counsel for HMI and HMI's engineer Timothy Woodrow are not privileged. Given this claim, it is noteworthy that the Gregan Memorandum was copied to Thomas Zarko, the Township's Engineer who was aiding defendants in the same capacity that Mr. Woodrow was aiding HMI. Thus,

under defendants' own view, the copying of the document to Mr. Zarko destroyed any privilege that might have existed.

- Finally, the Gregan Memorandum relates to the zoning ordinance submitted to the Township by the neighbors of HMI's property. Defendants have also produced numerous other documents relating to the rezoning ordinance, including several in the same time frame as the Gregan Memorandum among Mr. Zarko, Mr. Gregan and Mr. Weiss detailing their efforts to revise the ordinance so it could be approved by the Supervisors. (*See* Exhibit A hereto.[1]) Obviously, defendants cannot selectively produce documents on this key issue, choosing to withhold only those documents that are detrimental to their case. *See, e.g., Murray v. Gemplus Int'l, S.A.*, 217 F.R.D. 362, 367 (E.D. Pa. 2003) (holding that selective, voluntary production of privileged documents waived the attorney-client privilege with regard to all remaining documents on subject matter). This is yet another reason that the Gregan Memorandum should not be afforded any protection by the Court.

---

[1] Exhibit A consists of three additional deposition exhibits produced by defendants without any claim of privilege, all of which relate to the same "Ex-Extraction District" rezoning proposal that was the subject of the Gregan Memorandum. P-80 is a memorandum from Township Manager Gregan to Assistant Township Manager Ford, Township Solicitor Weiss, and Township Engineer Zarko; and P-83 and P-84 are faxes from Gregan to Ford, Weiss and Zarko.

PHL_A #1827947 v4

4

Despite defendants' attempt to turn this discovery question into a sideshow about ethics and duties, the issue is very straightforward. The Gregan Memorandum is not privileged, and defendants have waived the privilege in any event. Moreover, the Gregan Memorandum is a key document that refutes the deposition testimony of several of the defendants in this case. Accordingly, HMI's motion to compel should be granted.

                                                              /s/ Walt M Einhorn
                                                              _____
                                                              Michael Sklaroff (ID No. 03287)
                                                              Walter M. Einhorn, Jr. (ID No. 48733)
                                                              Lawrence D. Berger (ID No. 16028)
                                                              Arleigh P. Helfer, III (ID No. 84427)
                                                              BALLARD SPAHR ANDREWS & INGERSOLL, LLP
                                                              1735 Market Street, 51st Floor
                                                              Philadelphia, PA 19103
                                                              (215) 665-8500

                                                              Attorneys for Plaintiff
                                                              Highway Materials, Inc.

Date: December 16, 2003

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing Reply Memorandum of Plaintiff Highway Materials, Inc. in Opposition to Defendants' Motion for a Protective Order and in Further Support of Plaintiff's Motion to Compel and were served on this day upon:

### Via Hand Delivery:

Harry G. Mahoney, Esquire
Deasey Mahoney & Bender Ltd.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103-2978

### Via Facsimile:

Kevan F. Hirsch, Esquire
Kaplin Stewart Meloff Reiter & Stein, P.C.
350 Sentry Parkway, Building 640
Blue Bell, PA 19422-0765

*Lawrence D. Berger*
Lawrence D. Berger

Dated: December 16, 2003