UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HIGHWAY MATERIALS, INC. | : | |
| | : | CIVIL ACTION NO. 02-cv-3212 |
| v. | : | |
| | : | |
| WHITEMARSH TOWNSHIP, MONTGOMERY COUNTY, PA, et al. | : | |
| | : | |

<u>ORDER</u>

AND NOW, this _____ day of _____, 2004, upon consideration of Defendants' Motion, and any answer thereto, it is hereby

ORDERED

that Plaintiff Highway Materials, Inc.'s Responses to Defendants Request for Admissions Nos. 1, 2, 3, 4, 8, 9 and 11 are hereby stricken and the Requests deemed admitted.

BY THE COURT:

_____
ROBERT F. KELLY, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC.        :
                               :    CIVIL ACTION NO. 02-cv-3212
            v.                 :
                               :
WHITEMARSH TOWNSHIP, MONTGOMERY :
COUNTY, PA, et al.             :

## ALTERNATIVE ORDER

AND NOW, this          day of                    , 2004, upon consideration of Defendants' Motion, and any answer thereto, it is hereby

ORDERED

that within seven (7) days of this Order Plaintiff Highway Materials, Inc. shall provide Amended Responses to Defendants Request for Admissions Nos. 1, 2, 3, 4, 8, 9 and 11 and Defendants' Request for Production of Documents (Set II) Nos. 1, 2, 3 and 4 in which Plaintiff shall provide a list of prior land use/development applications in Whitemarsh Township which Plaintiff will rely upon in support of its Equal Protection claims.

BY THE COURT:

_____
ROBERT F. KELLY, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC. | : |
| | :   CIVIL ACTION NO. 02-cv-3212 |
| v. | : |
| | : |
| WHITEMARSH TOWNSHIP, MONTGOMERY COUNTY, PA, et al. | : |
| | : |

DEFENDANTS' MOTION TO STRIKE RESPONSES AND OBJECTIONS
OF PLAINTIFF HIGHWAY MATERIALS, INC. TO
DEFENDANTS WHITEMARSH TOWNSHIP, ANN D. YOUNGLOVE,
RONALD J. DEROSA, WILLIAM P. RIMEL, PETER P. CORNOG,
MICHAEL A. ZEOCK AND THOMAS F. ZARKO'S
REQUEST FOR ADMISSIONS AND COMPEL PRODUCTION OF DOCUMENTS

Defendants, Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. DeRosa, William P. Rimel, Peter P. Cornog , Michael A. Zeock and Thomas F. Zarko, by their attorneys, herewith move this Honorable Court to strike Plaintiff's Responses and Objections to Defendants' Request for Admissions Nos. 1, 2, 3, 4, 8, 9 and 11, deem the Requests admitted, and compel the production of documents. In support thereof, Defendants aver as follows:

**Procedural Background**

1. In this civil rights action in which Plaintiff claims Defendants violated Plaintiff's civil rights in connection with rezoning of Plaintiff's Quarry properties and denial of an application for preliminary plan approval for land development of Quarry Hole #1, the Township Defendants served Request for Admissions and Production of Documents (Set II) ("Defendants' Request") on Plaintiff's counsel on November 26, 2003. A true and correct copy of Defendants' Request for Admissions and Production of Documents (Set II) is attached hereto as Exhibit "A".

2. On December 26, 2003, Plaintiff's counsel served defense counsel with Plaintiff's Response and Objections ("Plaintiff's Responses") to Defendants' Requests. A true and correct copy of Plaintiff's Responses and Objections to Defendants' Request for Admissions and Production of Documents (Set II) is attached hereto as Exhibit "B".

3. Upon receipt of Plaintiff's Responses, Defense counsel corresponded with Plaintiff's counsel indicating that Plaintiff's Responses were not sufficient pursuant to F.R.C.P. 36 and providing Plaintiff's counsel an opportunity to serve an amended response by January 9, 2004. A true and correct copy of the correspondence dated January 2, 2004 is attached hereto as Exhibit "C".

4. By correspondence dated January 9, 2004, plaintiff's counsel provided defense counsel with an Amended Response, which also failed to comply with F.R.C.P. 36. A true and correct copy of the correspondence dated January 9, 2004 is attached hereto as Exhibit "D".

**Factual Background**

5. Defendants believe and therefore aver that Plaintiff is withholding requested information and documentation that directly supports or undermines its claims as set forth in the Complaint, in an attempt to prejudice Defendants through the delay in exchange of this information and documentation until pre-trial submissions and/or production of expert reports.

6. In April of 2003, Defendants provided Plaintiff with access to all of the Whitemarsh Township's Subdivision and Land Development files from January 1, 1996 to the present. The total number of subdivision and land development files made available to Plaintiff's counsel for their review was 115. A true and correct copy of a list of the Subdivision and Land Development files provided to Plaintiff's counsel in April, 2003 is attached hereto as Exhibit "E".

7. Following Plaintiff's counsel's review, Defendants permitted Plaintiff's counsel to copy documents from all these files.

8. Defendants' Request Nos. 1 - 4 specifically address the existence of specific examples of prior Whitemarsh Township land use/development applications and/or proposals in support of Plaintiff's equal protection claims set forth in Paragraph 86 of the Complaint. See Exhibit "A".

9. Specifically, the Requests for Admissions stated, as follows:

Request for Admission No. 1:
"Admit that Plaintiff, HMI, does not have any specific examples of prior Whitemarsh Township land use/development applications and/or proposals that it will rely upon <u>in support of its Equal Protection claim alleging that Defendants improperly rezoned the subject property and only the subject property as set forth in Paragraph 86 of the Complaint</u>.

Request for Admission No. 2:
Admit that Plaintiff, HMI, does not have any specific examples of prior Whitemarsh Township land use/development applications and/or proposals that it will rely upon <u>in support of its Equal Protection claim alleging that Defendants withheld normal cooperation with Plaintiff HMI in the planning process as set forth in Paragraph 86 of the Complaint</u>.

Request for Admission No. 3:
Admit that Plaintiff, HMI, does not have any specific examples of prior Whitemarsh Township land use/development applications and/or proposals that it will rely upon <u>in support of its Equal Protection claim alleging that Defendants rejected reasonable offers of extensions of time to complete the process as set forth in Paragraph 86 of the Complaint</u>.

Request for Admission No. 4:
Admit that Plaintiff, HMI, does not have any specific examples of prior Whitemarsh Township land use/development applications and/or proposals that it will rely upon in support of its Equal <u>Protection claim alleging that Defendants denied the Revised Preliminary Plans, after putting them "on trial," because of alleged deficiencies that were a mere pretext and/or could easily have been</u>

>   satisfied with the usual and customary cooperation provided to landowners in the Township as set forth in Paragraph 86 of the Complaint."

See Exhibit "A". (Emphasis added).

10. Each Request for Admission was followed by a Request for Production in which Defendants asked for Plaintiff to identify those prior land use/development applications in Whitemarsh Township that Plaintiff would rely upon to support its Equal Protection claims, in the event that the Request for Admission was not admitted.

11. In Plaintiff's Response to Admission No. 1 and accompanying Request for Documents, Plaintiff's counsel provided a "qualified" denial, acknowledging that "HMI will be relying on specific examples but has not yet determined which examples it will use. HMI reserves the right to identify such documents in its pre-trial submissions and/or in its expert reports." See Exhibit "B".

12. Plaintiff's counsel provided the same "qualified" denial to Defendants' Request for Admissions Nos. 2, 3 and 4 and accompanying Documents Requests. See Exhibit "B".

13. In addition to Plaintiff's "qualified" denials of Defendants' Request for Admissions Nos. 1, - 4, Plaintiff objected as "unduly burdensome" Defendants' Request for Productions Nos. 1 - 4, which requested lists of prior Whitemarsh Township land use/development applications and/or proposals that Plaintiff will rely upon in support of the claims asserted in Plaintiff's Complaint. See Exhibit "B".

14. Upon receipt of Plaintiff's Responses, Defense counsel took exception to the Plaintiff's Responses and informed Plaintiff's counsel that "Nothing in F.R.C.P. 36 permits you to refuse or fail to answer such a request for admission on the basis that you 'have not yet determined

which examples you will use.' Further, it does not permit you to delay citing the specific examples until submission of expert reports and/or pre-trial submissions." See Exhibit "C".

15. In an attempt to avoid burdening this Court with yet another discovery motion, Defense counsel provided Plaintiff's counsel with an opportunity to serve an Amended Response in compliance with F.R.C.P. 36 by January 9, 2004. See Exhibit "C".

16. In Plaintiff's Amended Response, Plaintiff generally asserts that Defendants' Request for Admissions Nos. 1 - 4 seeks Plaintiff's trial strategy, which is not an appropriate subject for discovery. Howell v. Maytag, 168 F.R.D. 502, 504 (M.D. Pa. 1996). See Exhibit "D".

17. In addition, Plaintiff's counsel generally asserts, without explanation or analysis, that Defendants' Request for Admissions "violated the work-product doctrine." See Exhibit "D".

18. The work product privilege is improperly asserted because Plaintiff is unable to demonstrate that the withheld documents, i.e. list of requested examples of prior land use/development applications, were prepared in anticipation of litigation.

19. Plaintiff's counsel provided Amended Responses to Defendants' Requests Nos. 1 - 4 as follows:

> "By way of further answer, HMI reserves the right to present evidence relating to all of the Whitemarsh Township SALDO (Subdivision and Land Development) applications and/or proposals from January 1, 1996 to the present because they demonstrate that ..." See Exhibit "D".

20. Based on the above response, it is apparent that Plaintiff's counsel has attempted to blatantly circumvent F.R.C.P. 36 and render it an ineffective and useless discovery procedure in this matter.

21. Further, Plaintiff objected to Defendants' Request Nos. 8, 9 and 11 alleging that they did "not relate to a statement or opinion of fact or of the application of law to fact." See Exhibit "B".

22. Defendants' Request for Admissions Nos. 8, 9 and 11 state, as follows:

"Request for Admission No. 8:
Admit that Whitemarsh Township's Board of Supervisors has the legal authority to amend its zoning ordinance.

Request for Admission No. 9:
Admit that Whitemarsh Township's Board of Supervisors had the legal authority to amend its zoning ordinance to create the 'EX-Extraction' District.

Request for Admission No. 11:
Admit that Whitemarsh Township has the legal authority, under the Municipalities Planning Code and the Township's Subdivision and Land Development ordinance, to approve, disapprove, or approve with conditions, an application for preliminary approval of a land development plan." See Exhibit "A".

23. Plaintiff has incorrectly characterized Defendants' Request for Admissions Nos. 8, 9 and 11 as "pure legal matters," "opinions of law" and "legal conclusions." See Exhibits "B" and "D".

24. A request for admission, which seeks admission of the truth of statements applying law to the facts of the case, are specifically sanctioned under F.R.C.P. 36. Kutner Buick, Inc. v. Crum & Foster Corp., 1995 WL 508175 *2 (E.D. Pa. 1995).

25. Clearly, Defendants' Request for Admissions Nos. 8, 9 and 11 seek the admission of the truth of statements applying Pennsylvania law to the facts in this case, i.e. Pennsylvania law permits Whitemarsh Township to amend its zoning ordinance, enact the EX-Extraction ordinance and to approve, disapprove or approve with conditions, an application for preliminary plan approval.

26. As a result of the foregoing, Plaintiff has failed to provide sufficient responses to Defendants' Request for Admissions Nos. 1, 2, 3, 4, 8, 9 and 11 in compliance with the requirements set forth in F.R.C.P. 36. Therefore, Plaintiff's Responses and Objections should be stricken and deemed approved for purposes of this case.

WHEREFORE, Defendants Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. DeRosa, William P. Rimel, Peter P. Cornog , Michael A. Zeock and Thomas F. Zarko pray that this Honorable Court enter an Order in the form attached striking Plaintiff's responses and deem admitted the Plaintiff's Responses to Defendants' Request for Admissions set forth in this Motion.

DEASEY, MAHONEY & BENDER, LTD.


BY:_____
HARRY G. MAHONEY, ESQUIRE
CRAIG M. STRAW, ESQUIRE
Attorneys for Defendants, Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. DeRosa, William P. Rimel, Peter P. Cornog and Michael A. Zeock

Attorney I.D. Nos. 19609/78212
Suite 1300
1800 John F. Kennedy Boulevard
Philadelphia, PA 19103-2978
(215) 587-9400

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC.          :
                                 :     CIVIL ACTION NO. 02-cv-3212
        v.                       :
                                 :
WHITEMARSH TOWNSHIP, MONTGOMERY  :
COUNTY, PA, et al.               :

BRIEF IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE AND DEEM ADMITTED

I.   FACTS

The facts are adequately set forth in the accompanying Motion to Strike and Deem Admitted and need not be repeated here.

II.  ARGUMENT

    A.   Plaintiff's Evasive And Qualified Responses To Defendants' Request For Admissions Nos. 1, 2, 3 And 4 Fail To Comply With F.R.C.P. 36.

Federal Rule of Civil Procedure 36 governs requests for admissions. Rule 36(a) states, as follows,

> "A party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents, described in the request....
>
> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and

> that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny....
>
> The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served." F.R.C.P. 36

The purpose of request for admissions is to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial. United States v. Lorenzo, 1990 WL 83388 *1 (E.D. Pa. 1990), *see also* Webb v. Westinghouse Elec. Corp., 81 F.R.D. 431, 436 (E.D. Pa. 1978). In addition, F.R.C.P. 36 serves two purposes, both of which are designed to reduce trial time. First, admissions are sought to facilitate proof with respect to issues that cannot be eliminated from the case. Howell v. Maytag, 168 F.R.D. 502, 504 (M.D. Pa. 1996). Secondly, admissions are sought to narrow the issues by eliminating unsupported issues in the case. Id. Further, the courts have determined that while factual matters are generally appropriate subjects for discovery, trial strategy is not. Id.

When an answering party's objections or answers to a request have been challenged, the court must consider 1) whether the denial fairly meets the substance of the request; 2) whether good faith requires that the denial be qualified; and 3) whether any "qualification" which has been supplied is a good faith qualification." Lorenzo, 1990 WL 83388 *1. The courts have provided further direction in determining the sufficiency of denials and objections to requests for admissions. Specifically, answers that appear to be non-specific, evasive, ambiguous and appear to go to the accuracy of the requested admissions rather than the "essential truth" contained therein are impermissible. Id., *see also* Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 97 (W.D. Mo. 1973). Further, the court

-2-

should not allow the answering party to make "hair-splitting distinctions" that frustrate the purpose of the request. Lorenzo, 1990 WL 83388 *1.

Through Request for Admissions Nos. 1, 2, 3 and 4, Defendants are attempting to narrow the scope of Plaintiff's allegations of Equal Protection violations set forth in Paragraph 86 of the Complaint. Paragraph 86 of the Complaint states as follows:

> "As part of defendants' unlawful discrimination, they: (i) improperly rezoned the Property and only the Property; (ii) withheld normal cooperation with HMI in the planning process; (iii) rejected reasonable offers of extensions of time to complete the process; and (iv) denied the Revised Preliminary Plains, after putting them 'on trial,' because of alleged deficiencies that were a mere pretext and/or could easily have been satisfied with the usual and customary cooperation provided to landowners in the Township.

The hallmark of such an equal protection claim is proof by the plaintiff that the defendant municipality intentionally treated plaintiff differently from others similarly situated and that there is no rational basis for the difference in treatment. The Development Group, LLC, et al. v. Franklin Township Board of Supervisors, et al., 2003 WL22358440 (E.D. Pa. 2003); Village of Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). In the context of this case, the proof necessarily first involves an identification of similarly situated properties and landowners/developers. Defendants, in an effort to "narrow down" the issues in this case, are entitled to either (1) Plaintiff's admission that it has no specific examples of prior subdivision and land development ("SLD") files in Whitemarsh Township which will support its equal protection claim (the Request for Admission) or (2) an identification of those specific SLD files which support its claim (the Request for Production of Documents). Plaintiff's "qualified" denials that Plaintiff "reserves the right to present evidence relating to all of the Whitemarsh Township SLD applications

-3-

and/or proposals from January 1, 1996 to the present..." are clear examples of non-specific and evasive responses. The Admissions requested are completely within the control and province of Plaintiff. Plaintiff's counsel has now had the prior SLD files for approximately eight (8) months. In addition, Defendants carefully worded each request to specifically address each of Plaintiff's Equal Protection claims. The "qualified" responses provided by Plaintiff to Defendants' Request for Admissions Nos. 1 - 4 are insufficient. By reserving the right to identify documents in its pre-trial submissions and/or in its expert reports and the right to present evidence relating to all of the Whitemarsh Township SLD applications and/or proposals from January 1, 1996 to the present, Plaintiff has failed to set forth a good faith qualification for its responses to Defendants' Request Nos. 1 - 4. <u>Lorenzo</u>, 1990 WL 83388 *1. Further, Defendants believe the delayed delivery of any such documents or examples is an effort to avoid disclosure, which may very well demonstrate fatal flaws in Plaintiff's case or support the defense of Plaintiff's claims. The parties are now in the "expert" phase of discovery and such information is critical to a proper and focused review of pertinent material by the experts.

Plaintiff's assertion that the production of these examples would involve the disclosure of trial strategy and are not subject to discovery pursuant to request for admissions is unfounded. Defendants are not attempting to uncover Plaintiff's plans for trial in this matter. Defendants have directed request for admissions to Plaintiff in order to ascertain whether Plaintiff has knowledge of any specific examples of prior subdivision and land development applications in Whitemarsh that support their equal protection claims asserted in Paragraph 86 of the Complaint. <u>Maytag</u>, 168 F.R.D. at 504. Specifically, Defendants are attempting to facilitate proof with respect to Plaintiff's equal protection claims that are the subject of this case. <u>Maytag</u>, 168 F.R.D. at 504.

Based on Plaintiff's response to Defendants' Request for Admissions Nos. 1 - 4, Plaintiff was directed to respond to Defendants' Request for Production Nos. 1 - 4, which seek to identify any specific examples of prior Township actions. Plaintiff's response that this request was "unduly burdensome" is entirely unfounded based on the evidence of record set forth above. In order to comply with F.R.C.P. 36, Plaintiff must provide Defendant with unqualified responses, which set forth the examples that will support their equal protection claim as set forth in Paragraph 86 of the Complaint.

In addition to Plaintiff's qualified denial based on "trial strategy", Plaintiff asserts protection under the "work product" doctrine. The work product doctrine is codified in Fed. R. Civ. Pr. 26(b)(3), which protects material "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent)." *See* DVI Financial Services, Inc. v. Florida Heart, LLC, 2003 WL 21961977 *2 (E.D. Pa. 2003); Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir.2000). The burden is on the party asserting the privilege to show that they are entitled to the protection of this rule. Id. Furthermore, to satisfy that burden, the party must establish that the material is a document or tangible thing and prepared in anticipation of litigation for that party. A mere allegation that the work product doctrine is applicable is insufficient. Novartis Pharmaceuticals Corp. v. Abbott Laboratories, 203 F.R.D. 159, 163 (D. De. 2001).

Mere inclusion of the terminology "in anticipation of litigation" in the Plaintiff's Amended Response is not sufficient to establish the applicability of the work product privilege. See Exhibit "D". Since Plaintiff has failed to produce, much less, assert any evidence in support of the allegation

that the examples are protected by the work product doctrine, any such assertion is fatally flawed. In addition, it is disingenuous, at best, for Plaintiff to make such an assertion, generally.

In light of the foregoing analysis, it is clear that Plaintiff's objections are not well-founded and its answers are insufficient. Defendants' Requests 1 through 4 should be deemed admitted, or, alternatively, Plaintiff should be directed to file appropriate responses to the Requests and provide the necessary information and documents.

> B. Defendants' Request For Admissions Nos. 8, 9 And 11 Seek The Admission Of The Truth Of Statements Applying Pennsylvania Law To The Facts Of This Case.

Plaintiff repeatedly objected to Defendants' Request for Admissions Nos. 8, 9 and 11, as inappropriate requests relating to "pure legal matters" under the Federal Rules. It is well established that a request as to a pure matter of law is not permitted. Kutner Buick, Inc. v. Crum & Foster Corp., 1995 WL 508175 *2 (E.D. Pa. 1995), *see also* Diederich v. Dept. of Army, 132 F.R.D. 614, 617 (S.D.N.Y.1990); Government Employees Ins. Co. v. Benton, 859 F.2d 1147, 1148-49 n.3 (3d Cir.1988). However, requests which seek admission of the truth of statements applying law to the facts of the case, are specifically sanctioned under the rules. SIG Swiss Industrial Co. v. Fres-Co System, 1993 WL 147241 *1-2 (E.D. Pa. 1993); *See also* 1970 Amendment to Fed.R.Civ.P. 36, Notes of Advisory Committee; 4A Moore's Federal Practice, 2nd Ed., § 36.04[4] (1994).

In the present case, Defendants seek admissions as to the authority of Whitemarsh Township pursuant to Pennsylvania law to amend its zoning ordinance, rezone property in the Township and approve, disapprove, or approve with conditions, an application for preliminary approval of a land development plan, which are the subject of Plaintiff's claims. See Exhibit "A". At the most, Defendants are seeking admissions applying Pennsylvania law to the facts of this case. Kutner, 1995

WL 508175 *2. Specifically, Defendants are attempting to narrow the issues before this Court by obtaining Plaintiff's admissions to statements applying Pennsylvania law to the facts surrounding Whitemarsh Township's authority to undertake certain courses of action relating to zoning and land use. <u>Howell v. Maytag</u>, 168 F.R.D. 502, 504 (M.D. Pa. 1996).  It is undisputed that these issues presently before the Court involve the application of Pennsylvania law to the facts as presented in this case.  Therefore, such requests are permissible, and Plaintiff's Amended Responses to Defendants' Request for Admissions Nos. 8, 9 and 11  must be stricken and deemed approved.

III.     <u>CONCLUSION</u>

Defendants respectfully request that this Honorable Court enter an Order in the form attached striking Plaintiff's responses and directing sufficient responses or order that the requests are deemed admitted.

                    DEASEY, MAHONEY & BENDER, LTD.


BY:_____
     HARRY G. MAHONEY, ESQUIRE
     CRAIG M. STRAW, ESQUIRE
     Attorneys for Defendants, Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. Derosa, William P. Rimel, Peter P. Cornog and Michael A. Zeock

     Attorney I.D. Nos. 19609/78212
     Suite 1300
     1800 John F. Kennedy Boulevard
     Philadelphia, PA 19103-2978
     (215) 587-9400

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC. : | |
| : | CIVIL ACTION NO. 02-cv-3212 |
| v. : | |
| : | |
| WHITEMARSH TOWNSHIP, MONTGOMERY : | |
| COUNTY, PA, et al. : | |

CERTIFICATION OF GOOD FAITH

Pursuant to L .R.C.P. 26.1(f), the undersigned, counsel for moving Defendants, hereby certifies and attests that he has communicated with counsel for Plaintiff regarding the discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute at issue, and further, despite all counsels' good faith attempts to resolve the dispute, he has been unable to do so.

CERTIFIED TO THE COURT BY:

_____
HARRY G. MAHONEY, ESQUIRE

DATE:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC. : | |
| : | CIVIL ACTION NO. 02-cv-3212 |
| v. : | |
| : | |
| WHITEMARSH TOWNSHIP, MONTGOMERY : | |
| COUNTY, PA, et al. : | |

CERTIFICATE OF SERVICE

I, Harry G. Mahoney, Esquire, hereby certify that Defendants Whitemarsh Township, the Board of Supervisors of Whitemarsh Township, Ann D. Younglove, Ronald J. Derosa, William P. Rimel, Peter P. Cornog, Michael A. Zeock and Thomas F. Zarko's Motion to Strike Plaintiff's Responses and Objections to Defendants' Request for Admissions and Compel Production of Documents was served this date on all counsel of record addressed as follows in the manner indicated::

BY HAND DELIVERY

Walter M. Einhorn, Jr., Esquire
Ballard, Spahr, Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

BY FIRST CLASS MAIL

Kevan F. Hirsch, Esquire
Kaplin, Stewart, Meloff, Reiter & Stein, P.C.
350 Sentry Parkway
Building 640
Blue Bell, PA 19422

Date: _____
HARRY G. MAHONEY, ESQUIRE