## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC.,               :
                                       :
    Plaintiff,                         :
                                       :
    v.                                 :    CIVIL ACTION NO. 02-3212
                                       :
WHITEMARSH TOWNSHIP *et al*,           :
                                       :
    Defendants.                        :
                                       :

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of

defendants' Motion To Strike Responses and Objections of Plaintiff to Defendants' Request for

Admissions and Compel Production of Documents, and plaintiffs' response thereto, it is hereby

ORDERED that the Motion is DENIED.

        BY THE COURT:


        _____

        Robert F. Kelly, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HIGHWAY MATERIALS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 02-3212 |
| | : | |
| WHITEMARSH TOWNSHIP *et al*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**OPPOSITION OF PLAINTIFF HIGHWAY MATERIALS, INC.**
**TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' RESPONSES AND**
**OBJECTIONS TO DEFENDANTS' REQUEST FOR ADMISSIONS AND COMPEL**
**PRODUCTION OF DOCUMENTS**

Plaintiff Highway Materials, Inc. ("HMI"), by its attorneys, hereby opposes defendants'

Motion to Strike Responses and Objections to Defendants' Request for Admissions and Compel

Production of Documents on the ground that the discovery requests which are the subject of the

motion are not permissible under the Federal Rules of Civil Procedure, and on the ground that to

the extent that any response to such discovery requests was required, the responses and amended

responses submitted by HMI are full and complete.  For further opposition to defendants'

motion, HMI respectfully incorporates herein by reference its Objections to the Requests for

Admissions and Requests for Production of Documents, and its Memorandum of Law filed

together herewith.

WHEREFORE, HMI respectfully requests that defendants' motion be DENIED.

Respectfully submitted,

_____

Michael Sklaroff (ID No. 03287)
Walter M. Einhorn, Jr. (ID No. 48733)
Lawrence D. Berger (ID No. 16028)
Arleigh P. Helfer, III (ID No. 84427)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Highway Materials, Inc.

Date:  January 30, 2004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIGHWAY MATERIALS, INC.,   :
             :
   Plaintiff,      :
             :
   v.         :   CIVIL ACTION NO. 02-3212
             :
WHITEMARSH TOWNSHIP *et al*, :
             :
   Defendants.    :
             :

**MEMORANDUM OF LAW OF PLAINTIFF HIGHWAY MATERIALS, INC.
IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
RESPONSES AND OBJECTIONS TO DEFENDANTS' REQUEST FOR ADMISSIONS
AND COMPEL PRODUCTION OF DOCUMENTS**

Michael Sklaroff (ID No. 03287)
Walter M. Einhorn, Jr. (ID No. 48733)
Lawrence D. Berger (ID No. 16028)
Arleigh P. Helfer, III (ID No. 84427)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Highway Materials, Inc.

Date:  January 30, 2004

# Table of Contents

I.      PRELIMINARY STATEMENT ........................................................................1

II.     COUNTERSTATEMENT OF THE FACTS ..................................................1

    A.      Defendants' Requests for Admissions 1 through 4. ................................1

    B.      Defendants' Requests for Admissions 8, 9 and 11. ...............................4

III.    ARGUMENT.............................................................................................5

    A.      Defendants' Demand That HMI Identify "Examples" Of Defendants'
Improper Conduct Is An Improper Attempt To Discover HMI's Trial
Strategy.  In Any Case, HMI Has Now Identified Many Such Examples,
And The Motion Is Therefore Moot. .......................................................5

    B.      Defendants' Request That HMI Admit Legal Conclusions Is Improper. ...............8

    C.      Even If This Court Were To Conclude That A Further Response Is
Necessary, There Is No Justification For Ordering That Defendants'
Requests Be Admitted.  The Appropriate Order Under Rule 36 Is That A
Further Answer Be Served.......................................................................9

IV.     CONCLUSION...........................................................................................11

## I.    PRELIMINARY STATEMENT

Defendants' motion raises two distinct groups of issues.  The first group of issues relates to Requests Nos. 1 through 4, each of which asks HMI to admit that it does not have any specific "examples" to support its Equal Protection claim.  However, HMI has answered these requests.  Moreover, these four requests were improper in any event because they ask HMI to disclose its trial strategy, not to admit facts that will narrow the issues at trial.  Finally, defendants' concern with the fact that HMI has reserved its right to supplement these answers is unfounded because HMI has not yet determined what evidence it will use at trial.  Pursuant to the Court's pre-trial procedures, this information will be forthcoming, at the latest, in HMI's pre-trial submissions.  It is telling that, in response to HMI's interrogatories and document requests asking defendants to identify defendants' fact witnesses, experts and documents to be used at trial, defendants stated that they had not yet determined their witnesses or trial documents, but would timely supplement their answers "pursuant to the Court's Scheduling Order."  Obviously, defendants cannot on the one hand seek to compel HMI to disclose its trial evidence at this point in the case while on the other hand refuse to disclose defendants' own trial evidence.

The other three requests for admissions at issue, Nos. 8, 9 and 11, all seek legal conclusions and do not relate to facts or the application of law to fact.  Accordingly, they exceed the scope of Federal Rule of Civil Procedure 36 and HMI's objections thereto are entirely proper.

## II.    COUNTERSTATEMENT OF THE FACTS

### A.    Defendants' Requests for Admissions 1 through 4.

Requests for Admissions Nos. 1 through 4 each ask HMI to admit that "HMI does <u>not</u> have any specific examples of prior Whitemarsh Township land use/development applications and/or proposals that it will rely upon" in support of various aspects of HMI's Equal Protection claim.  (Emphasis added.)  Each Request is accompanied by a "request for production" [sic] to

provide a "specific list of prior Whitemarsh Township land use/development applications and/or proposals that Plaintiff will rely upon." Initially, HMI denied each of these requests, asserted that it had not yet determined which "examples" it would use, and "reserve[d] the right to identify such documents in its pre-trial submissions and/or in its expert reports.[1]

Defendants complained in a letter dated January 2, 2004[2] that the responses to Requests Nos. 1 through 4 were not "sufficient" and gave counsel for HMI until January 9, 2004 to amend the responses. In its responding letter dated January 9, 2004, HMI disagreed with defendants' position, citing authority, and also, in an effort to avoid pointless and time-wasting motions practice, provided further responses as follows:[3]

- In response to Request No. 1 relating to HMI's claim that "Defendants improperly rezoned the subject property and only the subject property," HMI reserved the right to rely on all of the Township's Subdivision and Land Development files "because they demonstrate that, inter alia, the rezoning of HMI's property, against its wishes, pursuant to an ordinance submitted by neighbors, and from one of the least restrictive zoning applications in the Township to one of the most restrictive, was unprecedented and in violation of HMI's constitutional rights." (Emphasis added.) Of course, since the rezoning of HMI's property was unprecedented, the applicable examples are, in fact, all of the other files which demonstrate the lack of precedent.

---

[1]  *See* HMI's Responses and Objections, dated December 26, 2003 (Exhibit B to defendants' Motion).

[2]  *See* Exhibit C to defendants' Motion.

[3]  *See* Exhibit D to defendants' Motion.

- In response to Request No. 2, relating to HMI's claim that "Defendants withheld normal cooperation with Plaintiff HMI in the planning process," HMI likewise reserved the right to rely on <u>all</u> of the Township's Subdivision and Land Development files "because they demonstrate that, <u>inter alia</u>, except for HMI's plans, defendants always provide cooperation in the planning process." Moreover, unlike the case at bar where defendants abruptly rejected HMI's plans on the same day as the Township Engineer's final so-called "review letter," a simple review of <u>defendants'</u> files shows the following examples of applications <u>approved</u> after longer review, and <u>substantial</u> <u>cooperative</u> <u>correspondence</u> from the same Township Engineer:  10-96, 13-96, 21-96, 15-97, 7-98, 5-99, 8-00 and 1-02.

- In response to Request No. 3, relating to HMI's claim that "Defendants rejected reasonable offers of extensions of time to complete the process," HMI identified specific examples, namely 03-02, 16-01, 13-01 and 13-99.  In their Motion, Defendants simply ignored this response, since it did not fit into their fanciful description of HMI's refusal to identify examples.  Moreover, a simple review of <u>defendants'</u> files shows the following <u>additional</u> examples of files with three or more resolutions granting extensions of time:  3-96, 10-96, 16-96, 21-96, 12-97, 3-98, 4-98, 8-98, 4-00, 2-01, 9-01, and 12-01.

- Finally, in response to Request No. 4, relating to HMI's claim that "Defendants denied the Revised Preliminary Plans, after putting them 'on trial,' because of alleged deficiencies that were a mere pretext and/or could easily have been satisfied with the usual and customary cooperation provided to landowners," HMI

reserved the right to rely on <u>all</u> of the Township's Subdivision and Land Development files "because they demonstrate that, <u>inter alia</u>, defendants' actions in denying HMI's plans, putting the plans 'on trial,' and refusing to provide the normal, usual and customary cooperation, were unprecedented and in violation of HMI's constitutional rights. Here too, a simple review of <u>defendants'</u> files shows the following examples of applications <u>approved</u> after longer review, and <u>substantial</u> <u>cooperative</u> <u>correspondence</u> from the same Township Engineer: 10-96, 13-96, 21-96, 15-97, 7-98, 5-99, 8-00 and 1-02. The same review of defendants' files shows a total absence of any examples of any other cases where the Township put plans "on trial" at a hearing like the one that defendants convened at the Board of Supervisors meeting on March 21, 2002.

HMI's original response to the Requests for Admissions was sufficient, because as discussed below at pages 5-7, a Request for Admissions cannot be used to require a party to disclose its trial strategy by enumerating specific "examples." HMI's amended response on January 9 went further, beyond what the rules require. The additional examples listed above go further still, and HMI is delivering to defendants' counsel, together with this Memorandum, a further amended response which includes the additional examples listed above.[4]

## B.    Defendants' Requests for Admissions 8, 9 and 11.

The discovery requests in the second group, defendants' Requests for Admissions Nos. 8, 9 and 11, each ask HMI to admit that Whitemarsh Township, or its Board of Supervisors, had certain specified "legal authority." HMI objected to each of these requests on the ground that it

---

[4]    A copy of the Second Amended Responses of Plaintiff Highway Materials, Inc. to Defendants' Request for Admissions and Production of Documents (Set II), served today on defendants' counsel, marked Exhibit A, is attached hereto and incorporated herein by reference.

did not "relate to a statement or opinion of fact or of the application of law to fact," *i.e.,* that it was outside the scope of discovery.

In the same letter that took exception to the responses to Requests Nos. 1 through 4, defendants – without explanation – asserted that HMI's objections were improper.  In its responding letter, HMI stood by its objections, and cited supporting authority.

## III.    ARGUMENT

### A.    Defendants' Demand That HMI Identify "Examples" Of Defendants' Improper Conduct Is An Improper Attempt To Discover HMI's Trial Strategy.  In Any Case, HMI Has Now Identified Many Such Examples, And The Motion Is Therefore Moot.

Requests Nos. 1 through 4 are an attempt to discover HMI's trial strategy.  For the reasons stated in *Howell v. Maytag,* 168 F.R.D 502 (M.D.Pa. 1996), a case on all fours with this case, the use of Requests for Admissions for such a purpose is improper.  Moreover, despite the fact that Requests Nos. 1 through 4 are improper, HMI has sought to avoid needless motion practice by answering them in its initial responses, providing additional information in the supplemental response that HMI provided on January 9, 2004, and now providing more additional information in this Memorandum, and in a Second Amended Response that is attached hereto as Exhibit A.  Nevertheless, defendants persist with their frivolous motion.

In the *Howell* case, the plaintiffs objected to Requests for Admissions that were very similar to defendants' Requests here.  Each of the *Howell* requests asked the plaintiffs to admit that they "will not present evidence of" a specified defect in the defendants' product.[5]  Similarly, each of defendants' Requests in the case at bar asks HMI to admit that it "does not have any specific examples of" various elements of its Equal Protection claim.

---

[5]    The product was a microwave oven, and the four requests asked about manufacturing defects, design defects, assembly defects, and wiring defects.

The *Howell* Court held that the requests were improper because:

[Rule 36's] concern is with questions of fact otherwise subject to proof at trial, . . . not with <u>trial strategy</u>.

168 F.R.D. at 504 (emphasis added).

In applying this distinction to the *Howell* requests, the Court found that:

<u>Maytag's requests for admission seek to uncover Plaintiffs' plans for trial, not admissions as to facts at issue</u>. The requests ask not whether the defects in question exist, or whether Plaintiffs have knowledge of any defects, but whether evidence of such defects will be presented at trial. As the *Sig Swiss*[6] court points out, the discovery of such information would be improper for two reasons: first, compelling discovery of trial strategy would violate the work product doctrine; second, it is unreasonable to expect a party to have determined what evidence it will choose to present at trial before the close of discovery. *Id*. at *6.

*Id.* (emphasis and footnote added).

Applying the same distinction here, defendants' Motion is clearly improper. HMI has already responded that such examples do exist. The Motion does not seek to discover <u>whether</u> such facts exist, or whether HMI has knowledge of such facts, but which "examples" will be presented at trial. In short, just as in *Howell,* defendants' Motion is an improper attempt to discover HMI's trial strategy. Significantly, HMI's counsel cited *Howell* in the January 9, 2004 letter responding to defendants' letter for this very proposition, which defendants have totally ignored.[7]

As in *Howell*, the Motion also violates the work product doctrine, because it seeks to discover HMI's strategy, and not facts. Instead of attempting to address the *Howell* case,

---

[6]   *Sig Swiss Industrial Co. v. Fres-Co Systems, USA, Inc.,* 1993 WL 147241, 1993 U.S. Dist. Lexis 6388 (E.D.Pa. 1993).

[7]   Although defendants do refer to the *Howell* case in their Memorandum, they never address this point.

defendants have string-cited various irrelevant cases dealing with the work product doctrine in situations that have nothing to do with their Requests for Admissions.[8]

The *Howell* Court held that the plaintiffs were not required to respond at all to the defendants' requests, since they exceeded the scope of Rule 36. *Id.* Here, despite the impropriety of the requests, HMI has now identified specific examples for each of the four requests. (The specific examples as to Request No. 1 are all of the Subdivision and Land Development files, because there is not a single case, other than this case, in which defendants ever engaged in the kind of rezoning that occurred here. It is the absence of any such rezoning that constitute HMI's "examples" as to Request No. 1.)

In short, HMI did not have to respond at all to Requests Nos. 1 through 4. It could simply have rested on its objections. Nevertheless, HMI has now responded to all four requests. Defendants' motion should be denied outright, or in the alternative, should be denied as moot.[9]

---

[8]   None of the cases cited by defendants involve an attempt to discover an adversary's trial strategy. For example, *DVI Financial Services, Inc. v. Florida Heart, LLC,* 2003 WL 21961977, 2003 U.S. Dist. Lexis 12205 (E.D.Pa. 2003) relates to a waiver of work product protection where a party sought to ask deposition questions about documents that had been voluntarily produced to a third party. Several other cases cited by defendants merely stand for the proposition that a party asserting the protection of the work product doctrine has the burden of proof, but here, where defendants are seeking to compel HMI's counsel to declare its trial strategy, the applicability of the work product doctrine is clear as in the *Howell* case which defendants ignore.

[9]   As noted above, each of Requests Nos. 1 through 4 is also accompanied by a Request for Documents which requests that HMI "provide a specific list of all prior Whitemarsh Township land use/development applications and/or proposals that Plaintiff will rely upon. . . ." However, it is improper to utilize a Request for Documents to require a party to create a new document that is not already in existence. *See, e.g., United States v. Schoenagle's Auto Body, Inc.,* 1985 U.S. Dist. Lexis 13724 (E.D.Pa. 1985) (Pollak, J.): "Rule 34 is limited to the production of documents or tangible things already in existence." *Id.* at *4, *citing Rockwell International Corp. v. H. Wolfe Iron & Metal Co.,* 576 F.Supp. 511, 513 (W.D. Pa. 1983). In any event, HMI has now listed specific examples in its response to the Request for Admissions.

### B.     Defendants' Request That HMI Admit Legal Conclusions Is Improper.

Defendants' Requests Nos. 8, 9 and 11 request that HMI admit that the Whitemarsh Township Board of Supervisors, or Whitemarsh Township, "had the legal authority": "to amend its zoning ordinance" (Request No. 8); "to amend its zoning ordinance to create the 'EX-Extraction' District" (Request No. 9); and "to approve, disapprove, or approve with conditions, an application for preliminary approval of a land development plan" (Request No. 11).  HMI objected to each of these three requests because the requests do not "relate to a statement or opinion of <u>fact</u> or of the application of law to <u>fact</u>."  (HMI's initial Response to Requests Nos. 8, 9 and 11.)

Rule 36 of the Federal Rules of Civil Procedure does not permit requests for opinions of law or legal conclusions, but this is exactly what Requests Nos. 8, 9 and 11 do request.  In HMI's January 9, 2004 response to defendants' letter, HMI cited MOORE'S FEDERAL PRACTICE on this point as follows:

> Requests for admission may relate to the application of law to fact.  <u>Such requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule.  Nor are requests seeking legal conclusions appropriate</u> when proceeding under Rule 36.

7 MOORE'S FEDERAL PRACTICE, §36.10[8], p. 36-25 (Matthew Bender 3d ed. 2003) (emphasis added).  Defendants now respond in their motion by claiming that they are only "seeking admissions applying Pennsylvania law to the facts of this case."  The simple answer to defendants' argument is to quote defendants' own Requests for Admissions which state abstract legal propositions that are not specifically related to the facts of this case:

> 8.     Admit that Whitemarsh Township's Board of Supervisors has the legal authority to amend its zoning ordinance.

> 9.     Admit that Whitemarsh Township's Board of Supervisors had the legal authority to amend its zoning ordinance to create the "EX-Extraction" District.

* * *

    11.    Admit that Whitemarsh Township has the legal authority, under the Municipalities Planning Code and the Township's Subdivision and Land Development ordinance, to approve, disapprove, or approve with conditions, an application for preliminary approval of a land development plan.

Even the cases cited by defendants in their Motion recognize that requests for pure legal opinions, or pure legal conclusions, are not permitted by Rule 36. *See, e.g., Kutner Buick, Inc. v. Crum & Forster Corp.,* 1995 WL 508175, 1995 U.S. Dist. Lexis 12524 at *5 (E.D.Pa. 1995) ("It is well established that a request as to a pure matter of law is not permitted"). Indeed, defendants concede that requests for pure legal opinions are improper. *See* Defendants' Brief at p. 6. Although some of the cases cited by defendants determined that a particular request was permissible because it related to the "application of law to facts," none of those requests was like the pure legal opinions that defendants seek here.[10]

**C.**    **Even If This Court Were To Conclude That A Further Response Is Necessary, There Is No Justification For Ordering That Defendants' Requests Be Admitted.  The Appropriate Order Under Rule 36 Is That A Further Answer Be Served.**

Defendants have submitted two different forms of Order.  The first would order that HMI's responses are "stricken and the Requests deemed admitted."  The second would require that HMI provide Amended Responses.  Defendants do not offer any justification whatsoever for an order that the requests be admitted, which would be plainly contrary to Rule 36.

---

[10] For example, in *Kutner*, the disputed requests sought "admissions as to what the defendants' insurance policies state regarding exclusions, coverage, and other definitions."  1995 U.S. Dist. Lexis 12524 at *5.  Similarly, in *Sig Swiss Industrial Co. v. Fres Co Systems, USA, Inc.,* 1993 WL 147241, 1993 U.S. Dist. LEXIS 6388 (E.D.Pa. 1993), the disputed requests sought admissions about "authentication of documents and the accuracy of their contents."  1993 U.S. Dist. Lexis 6388 at * 4-*5.  None of these requests are even remotely similar to defendants' requests here for admissions about Whitemarsh Township's "legal authority," especially since those requests make no reference whatsoever to the facts of this case.

In a case where objections have been asserted, Rule 36(a) plainly states that, on a motion by a proponent to determine the sufficiency of objections:

> Unless the court determines that an objection is justified, <u>it shall order that an answer be served</u>.

(Emphasis added.)  HMI objected to all of defendants' Requests for Admissions on several grounds, set forth in HMI's General Admissions, including:

> **1.**    "to the extent they exceed the scope of, or impose any greater obligation than that permitted by, the Federal Rules of Civil Procedure."
>
> **2.**    "to the extent that they call for the disclosure of information and documents protected by the work-product doctrine. . . ."

Both of these general objections apply to both groups of Requests that are in issue.  As discussed above, General Objection No. 1 applies because Requests Nos. 1 through 4 improperly seek HMI's trial strategy, *see Howell, supra,* and Requests Nos. 8, 9 and 11 improperly seek legal conclusions.  General Objection No. 2 applies because all of these requests likewise seek HMI's work product.

In addition, notwithstanding its objections, HMI has submitted substantial answers to Requests Nos. 1 through 4.  Finally, HMI has also objected to Requests Nos. 8, 9 and 11 on the ground that they improperly seek legal conclusions.  If the Court overrules HMI's objections, HMI should have the opportunity to answer.  In short, there is no justification whatsoever for an Order that any of these Requests be deemed admitted.

**IV.     CONCLUSION**

For the reasons stated above, defendants' motion should be denied.

Respectfully submitted,

_____

Michael Sklaroff (ID No. 03287)
Walter M. Einhorn, Jr. (ID No. 48733)
Lawrence D. Berger (ID No. 16028)
Arleigh P. Helfer, III (ID No. 84427)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Highway Materials, Inc.

Date:  January 30, 2004

## <u>Certificate of Service</u>

I hereby certify that plaintiff's proposed Order, Opposition To Defendants' Motion To

Strike Plaintiffs' Responses And Objections To Defendants' Request For Admissions And

Compel Production Of Documents, and Memorandum of Law were served on January 30, 2004

as follows:

**<u>By hand delivery</u>**
Harry G. Mahoney, Esquire
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103-2978

Attorneys for Defendants Whitemarsh Township, Board of Supervisors of Whitemarsh
Township, Ann D. Younglove, Ronald J. DeRosa, William P. Rimel, III, Peter B. Cornog,
Michael A. Zeock, and Thomas F. Zarko

**<u>By first class mail, postage prepaid</u>**
Kevan Francis Hirsch
Kaplin Stewart Meloff Reiter & Stein PC
350 Sentry Parkway East Building 640
Blue Bell, PA  19422

Attorneys for Intervenor Defendants

_____
Lawrence D. Berger