# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC. | : |
| | : |
| | : CIVIL ACTION NO. 02-cv-3212 |
| | : |
| v. | : |
| | : Hon. Robert F. Kelly |
| | : |
| WHITEMARSH TOWNSHIP, | : |
| MONTGOMERY COUNTY, PA; et al. | : |
| | : |
| | : |

### SECOND AMENDED RESPONSES AND OBJECTIONS OF
### PLAINTIFF HIGHWAY MATERIALS, INC. TO DEFENDANTS'
### REQUEST FOR ADMISSIONS AND PRODUCTION OF DOCUMENTS (SET II)

Plaintiff Highway Materials, Inc. ("HMI"), hereby amends its Objections and Responses to the Request for Admissions and Production of Documents (Set II) of Defendants Whitemarsh Township, The Board Of Supervisors Of Whitemarsh Township, Ann D. Younglove, Ronald J Derosa, William P. Rimel, Peter P. Cornog, Michael A. Zeock and Thomas F. Zanko (collectively, the "Defendants") as follows:

### Preliminary Statement

On December 26, 2003, HMI served its "Responses And Objections Of Plaintiff Highway Materials, Inc. To Defendants Whitemarsh Township, The Board Of Supervisors Of Whitemarsh Township, Ann D. Younglove, Ronald J Derosa, William P. Rimel, Peter P. Cornog, Michael A. Zeock and Thomas F. Zarko's Request for Admissions and Production of Document (Set II) ("Initial Responses")." On January 2, 2004, defendants' counsel sent a letter to HMI's counsel requesting, *inter alia,* that HMI serve amended responses by January 9, 2004. On January 9, 2004, HMI's counsel replied to defendants' January 2, 2004 letter in a letter providing, *inter alia,* further responses to the Request for Admissions ("First Amended Responses"). Despite these further responses, on January 16, 2004, defendants filed a "Motion

to Strike Responses and Objections of Plaintiff Highway Materials, Inc. to Defendants' Request for Admissions and Compel Production of Documents," which requested, *inter alia,* that HMI provide a further response to the Request for Admissions.

HMI, by its counsel, now further amends its Initial Responses and First Amended Responses in its entirety, as follows:

## General Objections

1. HMI objects to the Request for Admissions and Production of Documents (Set II) and instructions contained therein to the extent they exceed the scope of, or impose any greater obligation than that permitted by, the Federal Rules of Civil Procedure.

2. HMI objects to the Request for Admissions and Production of Documents (Set II) to the extent that they call for the disclosure of information and documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege or protection under the Federal Rules of Civil Procedure or applicable law.

3. HMI objects to the Request for Admissions and Production of Documents (Set II) because they were not timely served so as to allow a response within the fact discovery period in this action.

4. HMI objects to the Request for Admissions and Production of Documents (Set II) as overly broad and unduly burdensome to the extent they require the production of documents already exchanged by the parties and their counsel during this litigation.

5. HMI objects to the Request for Admissions and Production of Documents (Set II) to the extent they call for the production of documents in the possession of third-parties or otherwise not in HMI's possession, custody or control.

6. HMI reserves the right to amend and/or supplement its response to any Request for Admissions and Production of Documents (Set II).

These general objections are applicable to each Request for Admissions and Production of Documents (Set II) and are hereby incorporated into each response below as if fully set forth therein.

### **Responses**

Subject to and without waiver of the foregoing general objections, HMI responds as follows:

**Request for Admission No. 1**

Admit that Plaintiff, HMI, does not have any specific examples of prior Whitemarsh Township land use/development applications and/or proposals that it will rely upon in support of its Equal Protection claim alleging that Defendants improperly rezoned the subject property and only the subject property as set forth in Paragraph 86 of the Complaint.

**RESPONSE**: Deny. HMI will be relying on specific examples but has not yet determined which examples it will use. HMI reserves the right to identify such documents in its pre-trial submissions and/or in its expert reports. By way of further answer, HMI reserves the right to present evidence relating to all of the Whitemarsh Township SALDO applications and/or proposals from January 1, 1996 to the present because they demonstrate that, *inter alia*, the rezoning of HMI's property, against its wishes, pursuant to an ordinance submitted by neighbors, while HMI's land development application was pending, and from one of the least restrictive zoning classifications in the Township to one of the most restrictive, was unprecedented and in violation of HMI's constitutional rights. Since the rezoning of HMI's property was unprecedented, the applicable examples are, in fact, all of the other files which demonstrate the lack of precedent.

**Request for Production No. 1**

If your response to Request for Admission No. 1 is anything other than an unqualified admission, please provide a specific list of prior Whitemarsh Township land use/development applications and/or proposals that Plaintiff will rely upon in support of its Equal Protection claim alleging that Defendants improperly rezoned the subject property and only the subject property as set forth in Paragraph 86 of the Complaint.

**RESPONSE**: HMI objects to this request as unduly burdensome because defendants are already in possession of all "Whitemarsh Township land use/development application and/or proposals" produced in this action. Indeed, these documents were produced by defendants. Furthermore, HMI does not possess such a list at this time but reserves the right to create and produce such a list in its pre-trial submissions and/or in its expert reports.

**Request for Admission No. 2**

Admit that Plaintiff, HMI, does not have any specific examples of prior Whitemarsh Township land use/development applications and/or proposals that it will rely upon in support of its Equal Protection claim alleging that Defendants withheld normal cooperation with Plaintiff HMI in the planning process as set forth in Paragraph 86 of the Complaint.

**RESPONSE**: Deny. HMI will be relying on specific examples but has not yet determined which examples it will use. HMI reserves the right to identify such documents in its pre-trial submissions and/or in its expert reports. By way of further answer, HMI reserves the right to present evidence relating to all of the Whitemarsh Township SALDO applications and/or proposals from January 1, 1996 to the present because they demonstrate that, inter alia, except for HMI's plans, defendants always provide cooperation in the planning process. Moreover, unlike the case at bar where defendants abruptly rejected HMI's plans on the same day as the Township Engineer's final so-called "review letter," a simple review of defendants' files shows the following examples of applications approved after longer review, and substantial cooperative correspondence from the same Township Engineer: 10-96, 13-96, 21-96, 15-97, 7-98, 5-99, 8-00 and 1-02.

**Request for Production No. 2**

If your response to Request for Admission No. 2 is anything other than an unqualified admission, please provide a specific list of all prior Whitemarsh Township land use development applications and/or proposals that Plaintiff will rely upon in support of its Equal Protection claim alleging that Defendants withheld normal cooperation with Plaintiff HMI in the planning process as set forth in Paragraph 86 of the Complaint.

**RESPONSE**: HMI objects to this request as unduly burdensome because defendants are already in possession of all "Whitemarsh Township land use/development application and/or proposals" produced in this action. Indeed, these documents were produced by defendants. Furthermore, HMI does not possess such a list at this time but reserves the right to create and produce such a list in its pre-trial submissions and/or in its expert reports.

**Request for Admission No. 3**

Admit that Plaintiff, HMI, does not have any specific examples of prior Whitemarsh Township land use/development applications and/or proposals that it will rely upon in support of its Equal Protection claim alleging that Defendants rejected reasonable offers of extensions of time to complete the process as set forth in Paragraph 86 of the Complaint.

**RESPONSE**: Deny.  Specific examples include SALDO files 03-02, 16-01, 13-01 and 13-99.  HMI may be relying on other specific examples but has not yet determined all examples it will use.  HMI reserves the right to identify any additional documents in its pre-trial submissions and/or in its expert reports.  By way of further answer, HMI reserves the right to present evidence relating to all of the Whitemarsh Township SALDO applications and/or proposals from January 1, 1996 to the present because they demonstrate that, inter alia, defendants always accept offers for extensions of time, except in HMI's case.  Moreover, a simple review of defendants' files shows the following additional examples of files with three or more resolutions granting extensions of time:  3-96, 10-96, 16-96, 21-96, 12-97, 3-98, 4-98, 8-98, 4-00, 2-01, 9-01, and 12-01.

**Request for Production No. 3**

If your response to Request for Admission No. 3 is anything other than an unqualified admission, please provide a specific list of all prior Whitemarsh Township land use/development applications and/or proposals that Plaintiff will rely upon in support of its Equal Protection claim alleging that Defendants rejected reasonable offers of extensions of time to complete the process as set forth in Paragraph 86 of the Complaint.

**RESPONSE**: HMI objects to this request as unduly burdensome because defendants are already in possession of all "Whitemarsh Township land use/development application and/or proposals" produced in this action.  Indeed, these documents were produced by defendants.  Furthermore, HMI does not possess such a list at this time but reserves the right to create and produce such a list in its pre-trial submissions and/or in its expert reports.

**Request for Admission No. 4**

Admit that Plaintiff, HMI, does not have any specific examples of prior Whitemarsh Township land use/development applications and/or proposals that it will rely upon in support of its Equal Protection claim alleging that Defendants denied the Revised Preliminary Plans, after

putting them "on trial," because of alleged deficiencies that were a mere pretext and/or could easily have been satisfied with the usual and customary cooperation provided to landowners in the Township as set forth in Paragraph 86 of the Complaint.

**RESPONSE**: Deny. HMI will be relying on specific examples but has not yet determined which examples it will use. HMI reserves the right to identify such documents in its pre-trial submissions and/or in its expert reports. A review of defendants' files shows the following examples of applications approved after longer review, and substantial cooperative correspondence from the same Township Engineer: 10-96, 13-96, 21-96, 15-97, 7-98, 5-99, 8-00 and 1-02. The same review of defendants' files shows a total absence of any examples of any other cases where the Township put plans "on trial" at a hearing like the one that defendants convened at the Board of Supervisors meeting on March 21, 2002.

**Request for Production No. 4**

If your response to Request for Admission No. 4 is anything other than an unqualified admission, please provide a specific list of all prior Whitemarsh Township land use/development applications and/or proposals that Plaintiffs will rely upon in support of its Equal Protection claim alleging that Defendants denied the Revised Preliminary Plans, after putting them "on trial," because of alleged deficiencies that were a mere pretext and/or could easily have been satisfied with the usual and customary cooperation provided to landowners in the Township as set forth in Paragraph 86 of the Complaint.

**RESPONSE**: HMI objects to this request as unduly burdensome because defendants are already in possession of all "Whitemarsh Township land use/development application and/or proposals" produced in this action. Indeed, these documents were produced by defendants. Furthermore, HMI does not possess such a list at this time but reserves the right to create and produce such a list in its pre-trial submissions and/or in its expert reports.

**Request for Admission No. 5**

Admit that the second revised preliminary plans submitted to Whitemarsh Township on March 19, 2002 did not comply, in all respects, with the Whitemarsh Township Zoning Code.

**RESPONSE**: Deny. The plans did comply in all respects.

**Request for Admission No. 6**

Admit that the second revised preliminary plans submitted to Whitemarsh Township on March 19, 2002 did not comply, in all respects, with the Whitemarsh Township Subdivision and Land Development Ordinance.

**RESPONSE**: Deny. The plans did comply with the preliminary plan requirements of the SALDO, and at the least were approvable with conditions. To the extent that defendants are correct in their assertion that the plans did not comply, such failure to comply was the direct result of defendants' failure to cooperate with plaintiff in the land development process.

**Request for Admission No. 7**

Admit that the second revised preliminary plans submitted to Whitemarsh Township on March 19, 2002 contained non-compliances with the Whitemarsh Township Subdivision and Land Development Ordinance which were not minor.

**RESPONSE**: Deny for the reasons set forth in response to request for admission number 6.

**Request for Admission No. 8**

Admit that Whitemarsh Township's Board of Supervisors has the legal authority to amend its zoning ordinance.

**RESPONSE**: HMI objects to this request because it does not relate to a statement or opinion of fact or of the application of law to fact.

**Request for Admission No. 9**

Admit that Whitemarsh Township's Board of Supervisors had the legal authority to amend its zoning ordinance to create the "EX-Extraction" District.

**RESPONSE**: HMI objects to this request because it does not relate to a statement or opinion of fact or of the application of law to fact.

**Request for Admission No. 10**

Admit that Whitemarsh Township's Board of Supervisors had the legal authority to rezone Plaintiff's property from HVY-X to EX-Extraction.

**RESPONSE**: Deny. The action of defendants was illegal and unconstitutional because the rezoning was done to squelch development, without regard to proper planning purposes, in contravention of the then-existing Township comprehensive plan and draft comprehensive plan, and because it constituted unlawful spot zoning.

**Request for Admission No. 11**

Admit that Whitemarsh Township has the legal authority, under the Municipalities Planning Code and the Township's Subdivision and Land Development ordinance, to approve, disapprove, or approve with conditions, an application for preliminary approval of a land development plan.

**RESPONSE**: HMI objects to this request because it does not relate to a statement or opinion of fact or of the application of law to fact.

**Request for Admission No. 12**

Admit that after the rezoning of the quarry hole property (Quarry Hole #1, Quarry Hole #2 and Quarry Hole #3) to EX-Extraction that those properties could be developed for single family residences.

**RESPONSE**: Admit only that the ordinance permits single family residences. After reasonable inquiry, HMI cannot admit or deny that such a development would be feasible.

**Request for Admission No. 13**

Admit that Plaintiff knew, before submission of the second revised plans on March 19, 2002, that if the application for approval of the plans was denied by the Whitemarsh Township Board of Supervisors, that Quarry Hole #1 would be subject to the new zoning classification, EX-Extraction.

**RESPONSE**: Admit.

**Request for Admission No. 14**

Admit that Peter DePaul knew, before submission of the second revised plans on March 19, 2002, that if the application for approval of the plans was denied by the Whitemarsh

Township Board of Supervisors, that Quarry Hole #1 would be subject to the new zoning classification, EX-Extraction.

**RESPONSE**:  Admit.

**Request for Admission No. 15**

Admit that Timothy Woodrow, Plaintiff's consulting engineer, knew, before submission of the second revised plans on March 19, 2002, that if the application for approval of the plans was denied by the Whitemarsh Township Board of Supervisors, that Quarry Hole #I would be subject to the new zoning classification, EX-Extraction.

**RESPONSE**:  Admit.

**Request for Admission No. 16**

Admit that Plaintiff, from September 10, 2001 until March 21, 2002, never filed with the Zoning Hearing Board of Whitemarsh Township, an application for a variance from sections 116-35 and 116-48 of the zoning ordinance in connection with Plaintiff's Application for land development.

**RESPONSE**:  Admit.

**Request for Admission No. 17**

Admit that Plaintiff, from September 10, 2001 until March 21, 2002, never filed with the Zoning Hearing Board of Whitemarsh Township, a request for an interpretation of sections 116-35 and 116-48 of the zoning ordinance in connection with Plaintiff's application for land development.

**RESPONSE**:  Admit.

**Request for Admission No. 18**

Admit that Plaintiff, from September 10, 2001 until March 21, 2002, never filed with the Zoning Hearing Board of Whitemarsh Township, an application for a variance from sections

116-152 A.4 of the zoning ordinance in connection with Plaintiff's Application for land development.

**RESPONSE**:  Admit.

**Request for Admission No. 19**

Admit that Plaintiff, from September 10, 2001 until March 21, 2002, never filed with the Zoning Hearing Board of Whitemarsh Township, a request for an interpretation of sections 116-152 A.4 of the zoning ordinance in connection with Plaintiff's application for land development.

**RESPONSE**:  Admit.

**Request for Admission No. 20**

Admit that Plaintiff, from September 10, 2001 until March 21, 2002, never filed with the Zoning Hearing Board of Whitemarsh Township, an application for a variance from sections 116-156 B and C of the zoning ordinance in connection with Plaintiff's Application for land development.

**RESPONSE**:  Admit.

**Request for Admission No. 21**

Admit that Plaintiff, from September 10, 2001 until March 21, 2002, never filed with the Zoning Hearing Board of Whitemarsh Township, a request for an interpretation of sections 116-156 B and C of the zoning ordinance in connection with Plaintiff's application for land development.

**RESPONSE**:  Admit.

**Request for Admission No. 22**

Admit that Plaintiff, from September 10, 2001 until March 21, 2002, never filed with the Zoning Hearing Board of Whitemarsh Township, an application for a variance from sections

116-148.B.2 of the zoning ordinance in connection with Plaintiff's Application for land development.

**RESPONSE**:  Admit.

**Request for Admission No. 23**

Admit that Plaintiff, from September 10, 2001 until March 21, 2002, never filed with the Zoning Hearing Board of Whitemarsh Township, a request for an interpretation of sections 116-148.B.2 of the zoning ordinance in connection with Plaintiff's application for land development.

**RESPONSE**:  Admit.

**Request for Admission No. 24**

Admit that Plaintiff, from September 10, 2001 until March 21, 2002, never filed with the Zoning Hearing Board of Whitemarsh Township, an application for a variance from sections 116-28 of the zoning ordinance in connection with Plaintiff's Application for land development.

**RESPONSE**:  Admit.

**Request for Admission No. 25**

Admit that Plaintiff, from September 10, 2001 until March 21, 2002, never filed with the Zoning Hearing Board of Whitemarsh Township, a request for an interpretation of sections 116-28 of the zoning ordinance in connection with Plaintiff's application for land development.

**RESPONSE**:  Admit.

**Request for Admission No. 26**

Admit that St. Thomas Development, Inc., a DePaul Group Company, hired a court reporter to record the November 5, 2003 public meeting of the Board of Supervisors of St. Thomas Township, Butler County, Pennsylvania, at which meeting that Board considered St. Thomas Development, Inc.'s application for land development of a quarry and cement and asphalt plants in St. Thomas Township.

**RESPONSE**: HMI objects to this request because it is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of this objection, HMI denies this request. HMI states that on November 19, 2003 (not November 5, 2003), a court reporter was present at a public meeting of the Board of Supervisors of St. Thomas Township, Franklin (not Butler) County at which the Board considered St. Thomas Development, Inc.'s application for land development of a quarry and concrete (not cement) and asphalt plants. The court reporter that transcribed that meeting was hired by a neighborhood group (not St. Thomas Development, Inc.), although counsel for St. Thomas Development, Inc. did request a copy of a portion of the transcript. Counsel for St. Thomas Development, Inc. had contemplated using his own court reporter to transcribe the meeting, but decided not to use the reporter.

_____
Michael Sklaroff
Walter M. Einhorn, Jr.
Lawrence D. Berger
Arleigh P. Helfer III
Corey Field
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Highway Materials, Inc.

Dated: January 30, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated I served copies of the foregoing Responses And Objections Of Plaintiff Highway Materials, Inc. To Defendants Whitemarsh Township, The Board Of Supervisors Of Whitemarsh Township, Ann D. Younglove, Ronald J Derosa, William P. Rimel, Peter P. Cornog, Michael A. Zeock and Thomas F. Zarko's Request for Admissions and Production of Document (Set II) upon the following individuals via the manner indicated:

**By first class mail, postage prepaid**

Harry G. Mahoney, Esquire
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103-2978

Kevan F. Hirsch, Esquire
Kaplin Stewart Meloff Reiter & Stein PC
350 Sentry Parkway East Building 640
Blue Bell, PA  19422

_____
Lawrence D. Berger

Date:  January 30, 2004