IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHWAY MATERIALS, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 02-3212 |
| : | |
| WHITEMARSH TOWNSHIP, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**SUR-REPLY BRIEF OF PLAINTIFF
HIGHWAY MATERIALS, INC. IN
OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

In their reply brief, defendants claim for the first time that in deciding their motion for summary judgment the Court should disregard the expert report of Marc D. Jonas, Esquire because it "amounts to nothing more than legal conclusions." (Defendants' Reply Brief, p. 10.) Defendants are wrong.

First, Mr. Jonas does not attempt to interpret the law, for instance by opining about the meaning, scope or applicability of a statute or regulation disputed by the parties. To the contrary, the only arguable "legal conclusion" stated by Mr. Jonas is that defendants' conduct "shocks the conscience." (Jonas Report, p. 12.) But all parties agree that the Court must apply the "shocks the conscience" standard in this matter, so Mr. Jonas's use of it is hardly controversial nor would it, as defendants claim, "usurp the Court's function of being the sole provider of the law." (Defendants' Reply Brief, p. 12.) This distinction alone distinguishes Mr. Jonas's report from the excluded testimony in many of the cases cited by defendants. For instance, in Adalman v. Baker, Watts & Co., 807 F.2d 359 (4th Cir. 1986), the principal case upon which defendants rely, the Court stated:

> The proffer of expert opinion in many cases raises problems difficult of resolution by the trial court, where the line must be drawn between proper expert evidence as to facts, the inferences to be drawn from those facts, and the opinions of the expert, on the one hand, <u>and testimony as to the meaning and applicability of the appropriate law, on the other hand</u>. While sometimes difficult to discern that line, especially in the heat of trial, it nonetheless must be drawn.

<u>Id.</u> at 366 (emphasis added). <u>See</u> <u>also</u> <u>Zuchel v. The City and County of Denver, Colorado</u>, 997 F.2d 730, 742 (10th Cir. 1993) (allowing expert testimony and stating that "[t]here is a significant difference between an attorney who states his belief of what law should govern the case and any other expert witness" and that an expert "may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible"). Here, Mr. Jonas clearly does not opine upon the "meaning and applicability of the appropriate law" or "what law should govern the case", and defendants point to no instance in which he does so.

Second, while defendants focus upon Mr. Jonas's opinion that defendants' conduct "shocks the conscience," they fail to address the bulk of Mr. Jonas's report, which explains the usual land development standards applied in general and by Whitemarsh Township, and how defendants' actions with respect to HMI departed from these standards. This type of testimony, especially to a jury presumably not well versed in these matters, would be hugely helpful.[1] Thus, contrary to defendants' position, Mr. Jonas's report satisfies the requirements of

---

[1] It is worth noting that this testimony is not only relevant to plaintiff's substantive due process claim, but also to its equal protection claim, which is <u>not</u> governed by a "shocks the conscience" standard.

Federal Rule of Evidence 702. See F.R.E. 702 (testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue").[2]

Indeed, Mr. Jonas's report is strikingly similar to the testimony in Samples v. City of Atlanta, 916 F.2d 1548 (11th Cir. 1990), a case not cited by defendants. There, the Court of Appeals affirmed the trial court's admission of expert testimony that it was reasonable for a police officer to discharge his weapon. Id. at 1551. The court looked to the context of the statement, in particular that it was preceded by testimony about industry standards on the appropriate use of force and followed by more testimony explaining the expert's view that the officer's conduct was reasonable. Id. This is precisely what Mr. Jonas's report does, first explaining the normal land development process, (Jonas Report, pp. 8-9, 10-12), and then explaining in detail the reasons for his opinion that defendants acted wrongfully. (Jonas Report,

---

[2] At trial, if the Court decides that the "shocks the conscience" portion of Mr. Jonas's report is improper, it could nonetheless allow testimony by Mr. Jonas on the other issues addressed in his report.

pp. 12-13.)  Simply stated, and especially at the summary judgment stage of the proceeding when the Court merely has Mr. Jonas's report and is not hearing his testimony at trial, Mr. Jonas's report should not be disregarded by the Court.

                                        Michael Sklaroff (ID No. 03287)
                                        Walter M. Einhorn, Jr. (ID No. 48733)
Lawrence D. Berger (ID No. 16028)
Arleigh P. Helfer, III (ID No. 84427)
Corey Field (ID No. 88650)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Highway Materials, Inc.

Date:  September 17, 2004