IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HIGHWAY MATERIALS, INC. | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| WHITEMARSH TOWNSHIP, | : | NO. 02-3212 |
| MONTGOMERY COUNTY, et al. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                              **JULY 20, 2011**

This matter is before the Court on Plaintiff's Motion for Review of the District Court Clerk's Taxation of Costs. Plaintiff, Highway Materials, Inc. (HMI), brought the present lawsuit against Defendants, Whitemarsh Township, The Board of Supervisors of Whitemarsh Township, Supervisors Ann D. Younglove, Ronald J. DeRosa, William P. Rimel, III, Peter B. Cornog, Michael A. Zeock, and Township Engineer Thomas F. Zarko, hereinafter ("Township Defendants") pursuant to 28 U.S.C. § 1983, claiming that its due process and equal protection rights were violated when the Township's Board of Supervisors denied Plaintiff's application for preliminary approval of a land development plan.[1] After lengthy discovery which included the exchange of thousands of documents and the taking of 33 depositions the Township Defendants filed a motion for summary judgment which this Court granted on October 4, 2004. Plaintiffs appealed that judgment to the United States Court of Appeals for the Third Circuit. That Court affirmed this Court's decision on July 29, 2010.

---

[1] Donald Cohan intervened in this case on September 13, 2002. He has not filed an answer to the current motion, however, the general objection to the bills of costs involve common issues as to the Township Defendants and Cohan and will be dealt with as one.

Township Defendants and Cohan filed a Bill of Costs with the District Court Clerk on August 12, 2010 to which the Plaintiff filed objections. Thereafter, the District Court Clerk, Michael E. Kunz, entered the Taxation of Costs and a Judgment in an amount of $43,042.05 in favor of the Township Defendants and $5,018.63 in favor of Cohan. The Plaintiff now seeks review of the Taxation of Costs by this Court.

STANDARD OF REVIEW

Fed. R. Civ. P. 54(d)(1) provides for the Taxation of Costs other than attorneys fees in favor of the prevailing party or parties and against the non-prevailing party or parties. The costs referenced in Rule 54(d)(1) are specified in 28 U.S.C. § 1920. The costs that pertain to this case are the following:

> (2) Fees for printing or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees for . . . witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case.

In reviewing a Bill of Costs the District Court applies the standards and limitations set forth in Rule 54(d). The only costs sought by the Township Defendants in this case are deposition transcript fees, witness fees and photocopying costs.

DISCUSSION

HMI first argues that the costs in question were necessary for use in two separate legal actions with opposite prevailing parties and those costs should either be denied in their entirety as beyond the scope of 18 U.S.C. § 1920 or equitably allocated between the two cases.

The rationale for Plaintiff's position I believe goes something like this: Under 28 U.S.C. § 1920 and its case law deposition transcript fees and copying costs are limited to those

costs "necessarily obtained for use <u>in the case</u>". In HMI's view the Clerk's Taxation of Costs decision imposed costs on HMI that each incurred for use <u>in another case</u>, i.e., <u>HMI vs. Whitemarsh Township</u>, in the Court of Common Pleas in Montgomery County, in which HMI was the prevailing party.[2] (Under Pennsylvania law HMI cannot recover its own costs in the State Court action even though it was a prevailing party.)

   HMI goes on to argue that even if its costs in the federal action are properly taxable we should refuse to award them to the Township and Cohan on equitable grounds.

   The Township Defendants argue that while the State land use appeal and the federal action arise out of the same set of operative facts, the outcome of the State land use appeal is irrelevant to the issue of whether the Township Defendants and Cohan, as the prevailing parties, are entitled to taxable costs in the federal action. The Township Defendants support their position by arguing that the State Court action was a land use appeal to the Court of Common Pleas of Montgomery County. That the federal action was a 1983 Civil Rights action claiming that Plaintiff's procedural due process, substantive due process and equal protection rights were violated by the Township Defendants. In the State land use appeal, HMI sought a reversal of the Board of Supervisor's decision to deny HMI's application for land development. In the Federal Court action HMI sought compensatory and punitive damages for the claimed violation of its civil rights. This action was brought pursuant to 42 U.S.C. § 1983.

   The Township Defendants further distinguish the two actions by pointing out that in the state land use appeal the only Defendant was Whitemarsh Township. In the federal action, however, HMI sued not only the Township, but its Board of Supervisors, five individual

---

[2] Donald Cohan was also an Intervenor in this case.

supervisors and the Township engineer. HMI sued the supervisors and the Township engineer in both their official and individual capacities. By filing against the supervisors in their individual capacities, HMI sought punitive damages against those individuals which would otherwise not be available against the Township or Township officials in their official capacities. Therefore, the Township argues, the stakes for the individual defendants were extremely high. The Township Defendants argue also that the claim for punitive damages was clearly intended to increase the pressure on those individuals because their personal assets were at risk in the event of a punitive damage award.

        The Township Defendants further distinguish the state and federal cases by pointing out that the burden of proof on HMI in the state land use appeal was significantly less than the burden of proof on HMI in the federal civil rights case. In a state land use appeal the scope of review is whether the Township Board abused its discretion or committed an error of law in arriving at its decision. As the Township Defendants point out, the Court of Common Pleas received additional evidence which allowed the Court to decide the case de novo. In a federal civil rights action involving a land use decision, the burden of proving a due process claim is significantly different. In a substantive due process case involving executive action, such as the decision to deny HMI's Land Development Plan, the standard is whether the actions by the municipality are so egregious and outrageous that they "shock the conscience". United Artists Theater Circuit, Inc. vs. Township of Warrington, 316 F.3d 392 (3d Cir. 2003).

        The differences between the two actions are significant for two reasons: (1) the fact that HMI is the prevailing party in the State Court action should have no impact in the taxing of costs in the federal case and (2) the difference in the relief sought, the named defendants and the

burden of proof required lead one to believe that the cases are not as similar as they appear at first blush. This would also indicate that the discovery strategy would not necessarily be the same in each case.

HMI brought and won the State Court Land Use Appeal in which it could not collect its court costs and fees. HMI should not be able to improve its situation by bringing and <u>losing</u> the second Federal Court action. The fact that the parties were able to use some or all of the Federal Court discovery in the State Court appeal benefitted both parties and was an exercise in common sense. That does not change how the Federal Court taxes its costs.

We therefore find that the deposition transcript fees taxed by the Clerk do come within the scope of 28 U.S.C. § 1920 and are costs "necessarily obtained for use <u>in the case</u>".

<u>EQUITABLE CONSIDERATIONS</u>

As to HMI's second theory that equitable considerations should move the Court to adjust the impact of costs we do not agree. In the Court's view HMI chose to bring the second action knowing the very high burden of proof they had to sustain in order to be successful. They also brought this second action knowing the added pressure and expense they were placing on the individual Township Defendants. Under those circumstances this Court should not use its equitable powers to come to HMI's aid.

<u>COPYING COSTS</u>

HMI contends that the Township Defendants and Cohan failed to provide the detail required to establish that their copying costs were necessary for use in this case. HMI argues that "aside from counsel's naked averment that all copies were 'necessary to defend against' HMI's § 1983 action the Township merely attaches to its Bill of Costs 32 separate invoices from an outside

service vendor." (HMI's Motion Doc. 98 p.9.)

HMI also contends that Cohan's request for copying costs is supported by nothing more than an invoice generated by the Township's counsel which HMI and Cohan agreed to split.

It is not disputed that this was a case involving lengthy discovery, including the exchange of thousands of documents and the taking of 33 depositions. The Township Defendants provided as exhibits the actual bills and work orders showing the various copying costs. The Township Defendants also provided a copy of the lists of exhibits attached to its Motion for Summary Judgment. As pointed out in its brief (Doc. 99), the Township Defendants copied thousands of pages of exhibits for use at trial as required by the Court's Pretrial Order. In addition counsel signed a Declaration that the costs are correct and were necessarily incurred in this action. All of these circumstances are enough to carry the day for the Township Defendants and Cohan. It is simply not practical to require more of the Defendants under these circumstances. At this stage of the case HMI must do more than merely accuse the Defendants of not providing enough detail. If HMI believes that there was overreaching on this claim they should at the very least make specific objections in order that the Defendants could respond.

For these reasons HMI's general objection to the detail provided for the costs of copying as to both the Township Defendants and Cohan will be denied.

HMI does specifically object that three invoices submitted by the Township Defendants for copies of deposition transcripts are improper. It would not have been too great a burden on the Township Defendants to further justify the expenditures for the copying of the three transcripts but they have failed to do so. This objection will be granted. The Judgment in favor of the Township Defendants will be reduced by the amount of $1,172.21.

Finally, HMI complains that the Township Defendants seek taxation of costs for two depositions that were not used in support of its summary judgment motion at a cost of $457.25 for the deposition of Leonard Poncio and $558.60 for the deposition of Robert Raquet. As to this we find that it would not have been too great a burden on the Township to give further justification for these specific expenditures, but they have failed to do so and these specific objections are also granted.

We will therefore enter the following Order..